# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

JOHN W. WHITE
EVAN R. CHESLER
RICHARD W. CLARY
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED

RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA

DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II
D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART

AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN
NICHOLAS A. DORSEY
ANDREW C. ELKEN
JENNY HOCHENBERG
VANESSA A. LAVELY
G.J. LIGELIS JR.
MICHAEL E. MARIANI

———

SPECIAL COUNSEL
SAMUEL C. BUTLER

———

OF COUNSEL
MICHAEL L. SCHLER

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1934

WRITER'S EMAIL ADDRESS
rskaistis@cravath.com

June 1, 2018

<u>EIG Energy Fund XIV, L.P., et al., v. Keppel Offshore & Marine Ltd.</u>
Case No. 1:18-cv-01047 (PGG)

Dear Judge Gardephe:

Pursuant to the Court's Order dated May 7, 2018 (Dkt. 19) in the above-referenced action, we write on behalf of Defendant Keppel Offshore & Marine Ltd. ("Keppel") to request permission to file a motion to dismiss the First Amended Complaint ("FAC", Dkt. 17). The grounds for the motion are set forth below, as well as in Keppel's March 30 pre-motion conference letter ("March 30 Letter", Dkt. 14) attached here as Appendix A.

A.  **Introductory Statement.**

The FAC is Plaintiffs' third attempt to state a claim against Keppel in connection with Plaintiffs' purported investment losses in Sete Brasil Participações, S.A. ("Sete"). As described in the March 30 Letter, Plaintiffs contend that Sete, a company that specializes in management of assets related to the offshore oil and gas sector, and Petróleo Brasileiro S.A. ("Petrobras"), a Brazilian state-controlled oil company, prepared and disseminated false and misleading investor materials fraudulently to raise capital from investors such as Plaintiffs.

Plaintiffs initially brought a claim for conspiracy to defraud in the United States District Court for the District of Columbia. That claim was dismissed as to Keppel for failure to state a claim of civil conspiracy and lack of personal jurisdiction. <u>EIG Energy Fund XIV, L.P. v. Petroleo Brasileiro S.A.</u>, 246 F. Supp. 3d 52, 91 (D.D.C. 2017). Plaintiffs then filed this action alleging a Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy against Keppel for purportedly conspiring with Petrobras, Sete and the Workers' Party of Brazil to defraud Sete investors. (<u>See</u> Compl., Dkt. 1) ("Complaint"). On March 30, Keppel submitted its letter identifying numerous deficiencies in the Complaint, and one month later, Plaintiffs filed the FAC.

The FAC does not (because it cannot) plead any new facts to cure the defects identified in the March 30 Letter;[1] instead, it attempts to avoid addressing those defects by adding a new claim for aiding and abetting fraud. For the reasons set forth below, the new claim is also legally insufficient and should be dismissed, with prejudice, together with the RICO claim.

### B.     The FAC fails to plead a claim for aiding and abetting fraud.

A claim for aiding and abetting fraud is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and requires "(1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission". Krys v. Piggott, 749 F.3d 117, 127, 129 (2d Cir. 2014) (internal quotation marks and citations omitted) (alteration in original).[2] The FAC fails to meet these requirements.

First, the FAC does not adequately plead an underlying claim of fraud by Sete and Petrobras. (FAC ¶ 127.) While Plaintiffs allege they received certain purportedly fraudulent materials, the FAC fails to identify, let alone with the required specificity, the material misrepresentations Plaintiffs are complaining about, or that Plaintiffs reasonably relied on these or any other statements by Petrobras and Sete when making their investment.

Second, and more fundamentally, the FAC fails to plead that Keppel had actual knowledge of the alleged fraud. Allegations of constructive knowledge are insufficient as a matter of law; actual knowledge is required. Krys, 749 F.3d at 127 ("A failure to allege sufficient facts to support the inference that the alleged aider and abettor had actual knowledge of the fraudulent scheme warrants dismissal of the aiding and abetting claim at the pleading stage.").

Plaintiffs' allegations that "Keppel was aware of . . . the bribery and kickback scheme involving Sete and knew that a necessary component of that scheme was the solicitation of private investment funds through fraudulent means" (FAC ¶ 128) are entirely conclusory. Among other things, the FAC does not allege that Keppel was aware that Sete and Petrobras were sending allegedly misleading investor materials that Plaintiffs purportedly received, or that Keppel had actual knowledge of the contents of any of those materials. (See also March 30 Letter at 2-3.)[3]

---

[1] The Statement of Facts in the FAC contains only two additional paragraphs (¶¶ 7, 89), neither of which alleges new facts.

[2] Plaintiffs do not identify what law governs the aiding and abetting fraud claim. Without conceding what law should govern the aiding and abetting fraud claim, we use New York law based on the allegation that "acts in furtherance of the RICO conspiracy and the underlying fraud scheme" were "committed" in New York. (FAC ¶ 29.)

[3] The FAC fails plausibly to allege that Keppel even knew that Plaintiffs were investors in Sete. The only supposed support pleaded for such knowledge is a press release. However, that press release refers to "International finance investors"; nowhere

<u>Third</u>, the FAC fails to plead sufficient factual content to show Keppel substantially assisted the alleged fraud. "Substantial assistance occurs when a defendant affirmatively assists, helps conceal or fails to act when required to do so, thereby enabling the [fraud or breach of fiduciary duty] to occur." <u>Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC</u>, 479 F. Supp. 2d 349, 370 (S.D.N.Y. 2007) (internal quotation marks omitted). "[T]he mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff." <u>Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.</u>, 888 F. Supp. 2d 431, 446 (S.D.N.Y. 2012) (internal quotation marks omitted). In addition, substantial assistance requires a "nexus between the primary fraud, [the alleged aider and abettor's] knowledge of the fraud, and what [the alleged aider and abettor] did with the intention of advancing the fraud's commission." <u>Krys</u>, 749 F.3d at 127 (internal quotation marks and citations omitted) (alterations in original).

The allegations here fall far short of pleading the required nexus for substantial assistance. The FAC explicitly acknowledges that the alleged "power point presentations" Keppel drafted related to "Keppel's shipbuilding business", not the contents of any Sete investment materials. (FAC ¶ 129.) Likewise, "a tour of the Keppel Shipyard" and "exchang[ing] emails . . . for the purpose of allowing the agent to film the Keppel Shipyard" (<u>id.</u>) do not establish that Keppel had actual knowledge of the allegedly misleading investment materials, nor an intention to further a fraud on Plaintiffs through misleading investment materials. There is no allegation in the FAC that anything said or shown during the tour—or even in the finished video—was fraudulent.

Finally, the allegation that Keppel did not "disclose to plaintiffs' representative" that Keppel was "paying bribes and kickbacks to procure Sete Contracts" (FAC ¶ 79) fails to allege substantial assistance because the FAC does not allege Keppel had any duty to make this disclosure to Plaintiffs in the first instance. <u>See</u> <u>EIG Energy Fund XIV, L.P.</u>, 246 F. Supp. 3d at 91 (stating there are "any number of reasons why [Keppel] did not disclose the bribe scheme, including most obviously that [it] did not want to implicate [itself] in criminal wrongdoing").

### C.     **<u>Both claims are barred by res judicata and issue preclusion.</u>**

Both the RICO and aiding and abetting fraud claims are barred by res judicata and issue preclusion based on the dismissal by the United States District Court for the District of Columbia of Plaintiffs' claim against Keppel for failure to state a claim for civil conspiracy to defraud. <u>EIG Energy Fund XIV, L.P.</u>, 246 F. Supp. 3d at 91.

---

does it mention EIG or Plaintiffs. (FAC ¶ 78.) Similarly, the allegation that Keppel "had a clear motive to assist in the fraud and colluded in the efforts to defraud plaintiffs" (FAC ¶ 128) is without factual support as the FAC, like Plaintiffs' prior pleading attempts, "contains no facts establishing that . . . investor money [was used] to underwrite the bribe scheme" that Keppel allegedly participated in. <u>EIG Energy Fund XIV, L.P.</u>, 246 F. Supp. 3d at 90-91.

The doctrine of res judicata "is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." Soules v. Conn. Dep't of Emergency Servs & Pub Prot., 882 F.3d 52, 55 (2d Cir. 2018) (internal quotations and citations omitted).  Res judicata applies when "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs . . . ; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Id. (internal quotations and citations omitted).  Issue preclusion prohibits "successive litigation of an issue or fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." W & D Imports, Inc. v. Lia, 563 F. App'x 19, 22 (2d Cir. 2014) (internal quotation marks and citations omitted).  The requirements for issue preclusion are: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously litigated were necessary to support a valid and final judgment on the merits." Id. at 22 n.4 (internal quotation marks and citation omitted).  All the requirements of both doctrines are met here.

Among other things, Plaintiffs' civil conspiracy claim was dismissed for failure to state a claim, and "dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects". Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009).  And Plaintiffs indisputably were plaintiffs in the prior matter.

There also is no question that the claims in the FAC concern "the same claim—or nucleus of operative facts—as the first suit." Soules, 882 F.3d at 55 (internal quotation marks and citations omitted).  The prior action and the FAC involve exactly the same alleged underlying conduct:  the receipt of kickbacks on Sete contracts and the alleged failure to disclose the kickbacks in Sete investor materials that were prepared and distributed by Petrobras and Sete.  Compare EIG Energy Fund XIV, L.P., 246 F. Supp. 3d at 90 (describing the scope of the alleged conspiracy) with FAC ¶¶ 117, 128.  Accordingly, the alleged conduct in both actions is "related in time, space, origin, [and] motivation". Soules, 882 F.3d at 55.  In fact, Plaintiffs brought an aiding and abetting fraud claim against Petrobras in the prior action.  See EIG Energy Fund XIV, L.P., 246 F. Supp. 3d at 88-89 (quoting complaint, ¶¶ 47, 57, 60); see also FAC ¶¶ 62, 93, 96 (corresponding FAC paragraphs).

Similarly, the civil conspiracy claim in the prior action required Plaintiffs to allege facts to support Keppel's knowing participation, or agreement to participate, in the alleged defrauding of Sete investors, including Plaintiffs, through misleading investment materials.  Keppel's knowing participation, or agreement to participate, in the alleged fraud, is likewise a requirement for Plaintiffs to maintain the instant RICO and aiding and abetting fraud claims.  Moreover, in dismissing Plaintiffs' civil conspiracy claim, the D.C. District Court found that Plaintiffs alleged "no facts from which the court can infer that [Keppel] agreed to defraud Sete's investors, generally, let alone its investors in Washington, D.C.", EIG Energy Fund XIV, L.P., 246 F. Supp. 3d at 91, a finding that was necessary to the court's conclusion that Plaintiffs failed to state a claim for civil conspiracy.

5

### D. The FAC fails to state a civil RICO conspiracy claim.

As mentioned above, the FAC fails to cure the deficiencies in Plaintiffs' RICO claim that were identified in the March 30 Letter. Keppel therefore intends to move to dismiss the RICO claim on the additional grounds stated in the March 30 Letter.[4]

### E. Conclusion.

Based on the foregoing, we respectfully request that the Court grant Keppel's request to file a motion to dismiss the FAC with prejudice.

Respectfully,

Rachel G. Skaistis

Hon. Paul G. Gardephe
   United States District Judge
      Southern District of New York
         40 Foley Square
           New York, NY 10007

BY ECF AND HAND DELIVERY


Copy to:

Daniel B. Goldman
Kerri Ann Law
Claudia Pak
   Kramer Levin Naftalis & Frankel LLP
      1177 Avenue of the Americas
         New York, NY 10036
           (212) 715-9100
              dgoldman@kramerlevin.com
              klaw@kramerlevin.com
              cpak@kramerlevin.com

BY ECF AND EMAIL

---

[4] The Court should decline to exercise supplemental jurisdiction over the state law aiding and abetting fraud claim if the Court dismisses the RICO claim. Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).