# Kramer Levin

Daniel B. Goldman
Partner
T 212-715-9162
F 212-715-8162
DGoldman@KRAMERLEVIN.com

1177 Avenue of the Americas
New York, NY 10036
T 212.715.9100
F 212.715.8000

June 15, 2018

VIA ECF and Hand Delivery

The Honorable Paul G. Gardephe
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *EIG Energy Fund XIV, L.P., et al. v. Keppel Offshore & Marine LTD.*,
Case No. 18-cv-01047 (PGG)

Dear Judge Gardephe:

Pursuant to the Court's May 7, 2018 Order (Dkt. 19), we write on behalf of Plaintiffs EIG Energy Fund XIV, L.P., *et al.* (the "Funds") to oppose the request of Defendant Keppel Offshore & Marine LTD. ("Keppel") to file a motion to dismiss the First Amended Complaint (Dkt. 17) ("FAC"). For the reasons set forth in the Funds' April 4, 2018 letter (Dkt. 16) ("April 4 Letter"), attached as Exhibit A, and for the additional reasons stated herein, the proposed motion is futile.

I. **Background**

The Funds bring this action to obtain redress for the loss of their entire investment of $221 million in Sete Brasil Participações, S.A. ("Sete"). Keppel does not dispute that it was a participant in the bribery and kickback scheme that caused the Funds' losses. Nor could it; Keppel entered into a Deferred Prosecution Agreement ("DPA") with the Department of Justice in which it admitted to violating the Foreign Corrupt Practices Act through its conduct in connection with the scheme alleged in the FAC. Nevertheless, Keppel argues that the Funds have failed to plead a proper RICO claim and a claim for aiding and abetting in the FAC. In the April 4 Letter, the Funds explained that Keppel's proposed motion to dismiss the RICO count is baseless. Likewise, Keppel's proposed motion to dismiss the Funds' aiding and abetting fraud claim, as set forth in Keppel's June 1, 2018 letter (Dkt. 20), has no merit.

As pled in the FAC, Keppel knew that a critical component of the illegal bribery and kickback scheme was to raise money fraudulently for Sete from investors, including the Funds, by concealing the fact that Sete would serve as a conduit for millions of dollars of illegal bribes and kickbacks. Keppel provided substantial assistance to Petrobras and Sete by facilitating their efforts to procure the Funds' investment and by further concealing the existence of the bribery scheme from the plaintiffs. Because the FAC alleges all of the elements of an aiding and abetting fraud claim with the requisite particularity, any motion to dismiss such a claim would be groundless.

The Honorable Paul G. Gardephe
June 15, 2018



Nor can Keppel prevail on its argument, raised for the first time in its second submission (Dkt. 20), that the entirety of the FAC is barred by *res judicata* and issue preclusion. Keppel's arguments are based on a decision by the District Court for the District of Columbia in *EIG Energy Fund XIV, L.P. v. Petroleo Brasileiro, S.A.*, 246 F. Supp. 3d 52 (D.D.C. 2017). ("The DC Action"). Because the DC Action was dismissed as against Keppel on jurisdictional grounds, those doctrines do not preclude this action.

## II. The FAC Adequately Pleads an Aiding and Abetting Fraud Claim

The law is well established that when evaluating a motion to dismiss, the Court must accept the factual allegations in the FAC as true and must draw all inferences in the Funds' favor. *See Heard v. Statue Cruises LLC*, No. 16-cv-01079 (ALC), 2017 WL 2779710, at *2 (S.D.N.Y. June 26, 2017) ("In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor."). To state a claim for aiding and abetting fraud, a plaintiff must allege: (1) the existence of a fraud; (2) the defendant's actual knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission. *Thomas H. Lee Equity Fund V, L.P. v. Grant Thornton LLP*, 586 F. Supp. 2d 119, 131 (S.D.N.Y 2008); *JP Morgan Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 252-53 (S.D.N.Y. 2005). Because the FAC pleads each of these elements with the requisite specificity, Keppel cannot prevail on a motion to dismiss the aiding and abetting claim.

### A. The FAC Adequately Alleges the Existence of a Primary Fraud Violation

Allegations of fraud require "a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury." *Phifer v. Home Savers Consulting Corp.*, No. 06 CV 3841 (JG), 2007 WL 295605, at *4 (E.D.N.Y. Jan. 30, 2007) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006)). In order to plead fraud with particularity, "a complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Dreieck Finanz AG v. Sun*, No. 89 Civ. 4347 (MBM), 1990 WL 11537, at *2 (S.D.N.Y. Feb. 9, 1990) (quoting *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d. Cir. 1989)). The Funds' allegations of fraud against Petrobras and Sete are supported by specific facts, circumstances, dates, and identities in the FAC. *See, e.g.*, FAC ¶¶ 54-69. The FAC specifically refers to the misrepresentations Petrobras and Sete made as well as the omissions that induced the Funds to invest in Sete. *See id.* These detailed allegations easily satisfy Rule 9(b).

### B. The FAC Adequately Alleges Keppel's Knowledge of the Fraud

Contrary to what Keppel suggests, Rule 9(b)'s requirement, that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," does not extend to the second element of knowledge, which may be pleaded generally. *Wight v. BankAmerica Corp.*, 219 F.3d 79, 91-92 (2d Cir. 2000) (applying "the more general standard to scienter for the simple reason that a plaintiff realistically cannot be expected to plead a

The Honorable Paul G. Gardephe
June 15, 2018



defendant's actual state of mind") (internal quotations and citation omitted). "[A] plaintiff alleging an aiding-and-abetting fraud claim may plead actual knowledge generally, particularly at the prediscovery stage, so long as fraudulent intent may be inferred from the surrounding circumstances." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs. LLC*, No. 12-cv-3723 (RJS), 2016 WL 5719749, at *5 (S.D.N.Y. Sept. 29, 2016) (internal quotations and citation omitted).

The FAC easily meets this prediscovery standard. Among other things, the FAC alleges that in exchange for six lucrative contracts with Sete worth billions of dollars, Keppel agreed to kick back one percent of the value of the contracts to Petrobras, Sete and the Workers Party of Brazil in the form of bribes. FAC ¶¶ 96, 117. Keppel also knew that Sete was a start-up company that needed to raise capital in order to fund the scheme, and that the capital would be used to perpetuate kickbacks and bribes. *Id.* ¶ 70. Obviously, as Keppel well knew, Petrobras and Sete could not possibly disclose to potential investors that they would be using Sete as a conduit for massive corruption, otherwise no investor, including the Funds, would inject capital into Sete. *Id.* ¶¶ 5, 117, 128. Keppel further knew the identities of Sete's potential investors, including the Funds, and had the opportunity to participate in the scheme by aiding Petrobras and Sete's efforts to procure the Funds' investment and to conceal the scheme. *Id.* The FAC alleges that executives of Keppel met with the Funds' representative in person at least two times. *Id.* ¶¶ 70-74. Keppel provided a presentation and a tour of its Brazilian shipyard to plaintiffs' representative and assisted plaintiffs' agent in filming an informational video on Keppel's shipyard, all for the purpose of inducing the Funds' investment in Sete. *Id.* And Keppel issued a press release on August 7, 2012 – immediately following the plaintiffs' first investment in Sete – that identified, for the first time, the fact that Sete was being funded by "international finance investors." *Id.* ¶ 78. Keppel's previous press release regarding Sete, issued just four months earlier, had referred exclusively to "Brazilian finance investors." *Id.* ¶ 77. Keppel's newly added reference to "international" investors was a direct reference to the Funds who, as Keppel knew, had just become investors in Sete. *Id.* ¶ 78.

The FAC contains adequate allegations of "surrounding circumstances" which give rise to an inference of Keppel's actual knowledge of the underlying fraud scheme.

    C.    <u>The FAC Adequately Alleges that Keppel Provided Substantial Assistance</u>

Keppel's claim that the FAC does not sufficiently plead substantial assistance is equally meritless. A defendant provides substantial assistance if it "affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables [the fraud] to proceed." *JP Morgan Chase Bank v. Winnick*, 406 F. Supp. 2d 247, 256 (S.D.N.Y. 2005) (internal quotations and citation omitted). "Substantial assistance can take many forms … executing transactions, even ordinary course transactions can constitute substantial assistance …." *Id.* at 257. "Whether the assistance is substantial or not is measured, in turn, by whether the action of the aider and abettor proximately caused the harm on which the primary liability is predicated." *Id.* (internal quotations and citation omitted). Contrary to Keppel's claim, "[e]ven in the absence of a duty to act or disclose information, inaction on the alleged aider and abettor's part can provide a basis

The Honorable Paul G. Gardephe
June 15, 2018



for liability where the inaction was designed intentionally to aid the primary fraud," as was the case here. *In re Allou Distribs.*, 446 B.R. 32, 56 (Bankr. E.D.N.Y. 2011) (quoting *Nisselon v. Ford Motor Co. (In re Monahan Ford Corp. of Flushing)*, 340 B.R. 1, 34 (Bankr. E.D.N.Y. 2006)) (internal quotation marks omitted); *see Phifer*, 2007 WL 295605, at *5 ("aiding and abetting liability touches everyone who offers substantial assistance in the fraud – not just those participants who speak falsely").

The FAC alleges with sufficient particularity that Keppel provided substantial assistance to advance the fraud's commission. As described above (at p. 2), Keppel met with the Funds' representative in person in Brazil about Sete, provided a presentation about its business and a tour of its Brazilian shipyard. FAC ¶ 71. Keppel assisted an agent of the Funds in filming an informational video of Keppel's shipyard to induce the Funds' investment in Sete. *Id.* ¶¶ 72-74. Because Keppel had already agreed at that point to pay bribes in exchange for the lucrative drilling contracts (*id.* ¶ 75), these activities advanced the overall objective of the underlying fraud scheme, and can reasonably be construed as a proximate cause leading to the Funds' investment and injury. *See Winnick*, 406 F. Supp. 2d at 257 (concluding that defendant's acts, while not themselves necessarily fraudulent, were alleged to have been carried out for the sole purpose of advancing the fraud and thus, "could reasonably be understood as a proximate cause leading foreseeably to defrauding the Banks").

In addition, Keppel helped Petrobras and Sete conceal the bribery scheme while the Funds continued to make rolling investments in Sete. FAC ¶ 76. Keppel admitted in the DPA that it offered and paid bribes on the Sete contracts, and laundered the bribe money through shell accounts. *Id.* ¶¶ 80-89. The FAC alleges that the concealment of the bribes was an integral part of the fraudulent scheme because they caused the plaintiffs to make additional investments in Sete. *Id.* ¶ 89. By concealing the movement of their funds, and continuing to offer and pay bribes, Keppel directly assisted Petrobras and Sete in concealing and thus, inducing further investments in Sete from the Funds. *See Eastman Kodak Co. v. Camarata*, No. 05-CV-6384L, 2006 WL 3538944, at *2, 13 (W.D.N.Y. Dec. 6, 2006) (the defendant's "efforts to further" the fraudulent scheme through money laundering satisfied the substantial assistance element); *Dreieck Finanz AG*, 1990 WL 11537, at *5 (the defendant provided substantial assistance to the fraud while it was "ongoing" by assisting in the concealment of the conspiracy).

### III.     The Funds' Claims Are Not Barred by Res Judicata or Issue Preclusion

In its June 1 Letter, Keppel also raises for the first time that both claims in the FAC are barred by *res judicata* and issue preclusion. Keppel claims that these doctrines apply "based on the dismissal by the United States District Court for the District of Columbia of Plaintiffs' claim against Keppel for failure to state a claim for civil conspiracy to defraud." (Dkt. 20 at 3). This argument should be rejected.

As Keppel admits, the doctrines of *res judicata* and issue preclusion only apply where there was a final judgment on the merits. *Id.* at 4. In the DC Action, the Funds' claims against Keppel were dismissed on jurisdictional grounds. *EIG Energy Fund XIV, L.P. v. Petroleo Brasileiro, S.A.*, 246 F. Supp. 3d 52, 62 (D.D.C. 2017). ("Fifth, this court lacks personal jurisdiction over the

The Honorable Paul G. Gardephe
June 15, 2018



Shipyard Defendants [which included Keppel], both under the District of Columbia long-arm statute and the Due Process Clause of the United States Constitution."). The law is well established that a dismissal for lack of personal jurisdiction is not a final judgment on the merits to warrant a bar under either the doctrine of *res judicata* or issue preclusion. *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 370 (2d Cir. 1997) ("Even where a second action arises from some of the same factual circumstances that gave rise to a prior action, *res judicata* is inapplicable if formal jurisdictional or statutory barriers precluded the plaintiff from asserting its claims in the first action."); *Barrett v. Tema Dev. (1988), Inc.*, 463 F. Supp. 2d 423, 427 (S.D.N.Y. 2006), *aff'd on other grounds*, 251 F. App'x 698 (2d Cir. 2007) (holding that claim was "not barred by res judicata because a dismissal for lack of personal jurisdiction is not a final judgment on the merits"); *Four Star Capital Corp. v. Nynex Corp.*, No. 93 Civ. 3706 (LMM), 1993 WL 350016, at *2 (S.D.N.Y. Sept. 9, 1993) (holding that issue preclusion should not be applied because the former decision, "that personal jurisdiction was lacking [,] [did] not constitute 'a valid and final judgment on the merits.'"). Where the court lacks jurisdiction, "the initial forum did not have the power to award the full measure of relief sought in the later litigation." *Comput. Assocs. Int'l., Inc.*, 126 F.3d at 370 (internal quotations and citation omitted).

Under these circumstances, Keppel simply cannot satisfy its burden of invoking *res judicata* or issue preclusion to bar this action. *See Comput. Assocs. Int'l., Inc.*, 126 F.3d 365 at 369 ("The burden is on the party seeking to invoke *res judicata* to prove that the doctrine bars the second action.").

\* \* \*

For the reasons set forth herein, and in the Fund's April 4 Letter, any proposed motion to dismiss the FAC would be futile.

Respectfully,

Daniel B. Goldman

DBG:nh

cc:   All Counsel of Record (via ECF and email)