# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1-212-474-1058

WRITER'S EMAIL ADDRESS
pbarbur@cravath.com

November 9, 2021

EIG Energy Fund XIV, L.P., et al. v. Keppel Offshore & Marine Ltd.,
Case No. 1:18-cv-01047 (PGG) (SDNY)

Dear Judge Gardephe:

We write on behalf of Defendant Keppel Offshore & Marine Ltd. ("Keppel") in the above-referenced action. We respectfully submit this letter, pursuant to Part II of Your Honor's Individual Rules of Practice, to request permission to file under seal certain supporting materials to Keppel's Motion for Summary Judgment ("Keppel's Motion") and EIG's Motion for Summary Judgment ("EIG's Motion") for the reasons outlined below.[1] To comply with Part II(B) of Your Honor's Individual Rules of Practice ("Your Honor's Rules"), copies of the documents with proposed redactions are being publicly filed and unredacted documents with the redactions highlighted are being electronically filed under seal. Keppel is also submitting one set of courtesy copies to chambers in accordance with Part VI(D) of Your Honor's Rules. The parties met and conferred for approximately one hour in total in early November to discuss the scope of this motion, and EIG has informed Keppel that it consents to this motion.

Keppel seeks only to file under seal certain personal identifying information of employees and agents of Keppel and its affiliated entities, including names, titles, email addresses, contact information and banking details. (See Ex. A for a list of affected materials.) This request is made in accordance with Part II(B) of Your Honor's Rules, which states that "any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justified the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents."

---

[1] In response to requests from EIG during the parties' meet and confers, Keppel has redacted and filed under seal certain documents and information concerning EIG. Keppel does not object to EIG's requests and refers to EIG's November 9, 2021 letter motion for the reasons underlying EIG's requests.

The Second Circuit applies a three-part test to determine whether to place documents under seal. First, a court must determine whether the document is a "judicial document" to which there is a presumption of access. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). Second, if there is a presumption of access, the court must weigh the presumption in light of "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts". Id. Third, the court must balance the weight of the presumption of access against competing considerations such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure". Id. Finally, judicial documents submitted in support of or opposition to a motion for summary judgment "may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest". Id. at 120-21.

In this case, the Second Circuit's three-part test weighs in favor of granting Keppel's narrowly tailored motion to seal, in order to protect the privacy interests of individuals described in the parties' summary judgment papers.

Although the materials filed in support or opposition to a motion for summary judgment are "judicial documents" to which the presumption of public access applies,[2] an analysis of the material at issue and its resultant value to those monitoring the federal courts weighs in favor of granting Keppel's request to seal personal identifying information. The personal identifying information Keppel seeks to redact is not necessary for the Court or the public to evaluate the underlying allegations, which relate to Keppel, irrespective of the personal identities of specific individuals. Therefore, the public interest in access to this information is minimal, while the privacy interests of the individuals named are substantial. See Cohen v. Gerson Lehman Grp. Inc., No. 09-CV-4352, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (observing that "individual contact information . . . is not at issue in this dispute and the individuals have a countervailing privacy interest in their non-disclosure".); see also Thompson v. Spota, No. CV 14-2473, 2018 WL 4039316, at *3 (E.D.N.Y. Aug. 23, 2018) ("One benchmark for judging the importance of privacy right is 'the degree to which the subject matter is traditionally considered private rather than public'" (quoting In re Savitt/Adler Litig., No 95-CV-1842, 1997 WL 797511, at *2 (N.D.N.Y. Dec. 23, 1997)).).

Under the applicable case law, a court must "balance competing considerations, including "the privacy interests of those resisting disclosure", against [the presumption of access]". Lugosch, 435 F.3d at 120 (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)). Courts have repeatedly recognized that "identifying information such as names, addresses, and other personal information" falls "within the ambit of privacy concerns". Burgess v. Town of Wallingford, No. 11-CV-1129, 2012 WL 4344194, at *10 (D. Conn. Sept. 21, 2012) (quoting Associated Press v. U.S. Dep't of Def., 554 F.3d 274, 284 (2d Cir. 2009)); see also Lexington Furniture Indus., Inc. v. Lexington Co., AB, No. 19- CV-6239, 2021 WL 1143694, at *3 (S.D.N.Y. Mar. 24, 2021) (directing the parties to submit an exhibit that redacted an "individual's personal identifying information"). The Second Circuit has observed that the

---

[2] Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process". Lugosch, 435 F.3d at 119. "[D]ocuments submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents." Id. at 126.

privacy interests of third parties and defendants "should weigh heavily in a court's balancing equation in determining what . . . should remain sealed or should be redacted". United States v. Biaggi (In re New York Times Co.), 828 F.2d 110, 116 (2d Cir. 1987).

    Documents submitted in connection with the parties' motions for summary judgment reference the identities and other personal identifying information of employees and agents of Keppel and its affiliates.  Disclosure of this personal identifying information poses a privacy concern to the individuals named in certain judicial documents.[3]  For example, "when placed on the Internet", personal identifying information "might provide a means for unwanted access to those individuals named".  Burgess, 2012 WL 4344194, at *11.  Moreover, the proposed redactions are narrowly tailored to protect only information reasonably likely to pose privacy concerns if revealed:  names, position titles, email addresses, contact information and banking information.

    *  *  *

    For the forgoing reasons, Keppel respectfully requests that the Court grant permission to file under seal the portions of documents reflecting personal identifying information as described above that, if revealed, would harm the privacy interests of nonparties.

Respectfully,

*/s/ Peter Barbur*
Peter T. Barbur

Hon. Paul G. Gardephe
 United States District Judge
  Southern District of New York
   40 Foley Square

---

[3] Courts have recognized that parties' expectations of privacy, founded on statutory protections, are relevant to the balancing equation.  See In re Savitt/Adler Litig., No. 95-CV-1842, 1997 WL 797511, at * 4 (N.D.N.Y. Dec. 23, 1997) (observing that while a state law "statutory guarantee of privacy does not trump the public's First Amendment right of access", it is significant that the law creates an "expectation of privacy" in the covered records).  The individuals whose information Keppel seeks to protect similarly have a heightened privacy interest because of the privacy protections available in their home country.  Singapore's Personal Data Collection Act imposes limits on the ability of private organizations to produce or reveal personal and employee data.  See Personal Data Protection Act (No. 26 of 2012) s 13(a)-(b).  Although the law recognizes an exception that permits disclosure in the context of litigation, Singapore does not involve expansive discovery comparable to civil litigation in the United States, and as such, the individuals whose information Keppel seeks to protect have a heightened privacy interest by virtue of their heightened expectation of privacy under Singapore law.

3

New York, NY 10007

VIA ECF

Copy to:

Daniel B. Goldman
Kerri Ann Law
Claudia Pak
   Kramer Levin Naftalis & Frankel LLP
     1177 Avenue of the Americas
       New York, NY 10036
         (212) 715-9100
           dgoldman@kramerlevin.com
           klaw@kramerlevin.com
           cpak@kramerlevin.com

VIA ECF AND EMAIL

# Exhibit A

| |
|---|
| **EIG's Summary Judgment Papers** |
| Plaintiff's Memorandum of Law |
| Appendix to Plaintiff's Rule 56.1 Statement |
| Plaintiff's Rule 56.1 Statement |
| Plaintiffs' Memorandum in Opposition to Keppel Motion for Summary Judgment |
| Plaintiffs' Appendix of Additional Exhibits in Opposition to Keppel Motion for Summary Judgment |
| Plaintiffs' Response to Defendant's Rule 56.1 Statement and Additional Facts |
| Reply Memorandum in Further Support of Plaintiffs' Motion |
| Appendix to Plaintiffs' Reply to Keppel Counterstatement of Facts |
| Plaintiffs' Reply to Keppel Counterstatement of Facts |
| Goldman Declaration Exhibit A - KEPPEL00013178 |
| **Keppel's Summary Judgment Papers** |
| Defendant's Memorandum of Law In Support of Summary Judgment |
| Defendant's Appendix of Exhibits |
| Defendant's Rule 56.1 Statement |
| Declaration of D. Kumagai |
| Keppel's Opp'n to EIG Mot. for SJ |
| Keppel's Appendix of Opposition Exhibits |
| Keppel's Response to EIG Rule 56.1 Statement |
| Keppel's Reply Brief |
| Keppel's Reply 56.1 |
| **EIG's Moving Exhibits** |
| EIG Exhibit 4 |
| EIG Exhibit 7 |
| EIG Exhibit 8 |
| EIG Exhibit 9 |
| EIG Exhibit 11 |
| EIG Exhibit 15 |
| EIG Exhibit 21 |
| EIG Exhibit 22 |
| EIG Exhibit 23 |
| EIG Exhibit 24 |
| EIG Exhibit 25 |
| EIG Exhibit 26 |
| EIG Exhibit 27 |
| EIG Exhibit 28 |
| EIG Exhibit 29 |
| EIG Exhibit 35 |
| EIG Exhibit 36 |
| EIG Exhibit 38 |
| EIG Exhibit 37 |
| EIG Exhibit 39 |
| EIG Exhibit 41 |

| |
|---|
| EIG Exhibit 42 |
| EIG Exhibit 43 |
| EIG Exhibit 44 |
| EIG Exhibit 45 |
| EIG Exhibit 46 |
| EIG Exhibit 47 |
| EIG Exhibit 48 |
| EIG Exhibit 49 |
| EIG Exhibit 50 |
| EIG Exhibit 51 |
| EIG Exhibit 52 |
| EIG Exhibit 53 |
| EIG Exhibit 54 |
| EIG Exhibit 55 |
| EIG Exhibit 56 |
| EIG Exhibit 57 |
| EIG Exhibit 58 |
| EIG Exhibit 59 |
| EIG Exhibit 60 |
| EIG Exhibit 65 |
| EIG Exhibit 66 |
| EIG Exhibit 68 |
| EIG Exhibit 69 |
| EIG Exhibit 70 |
| EIG Exhibit 71 |
| EIG Exhibit 72 |
| EIG Exhibit 73 |
| EIG Exhibit 76 |
| EIG Exhibit 82 |
| EIG Exhibit 83 |
| EIG Exhibit 84 |
| EIG Exhibit 85 |
| EIG Exhibit 86 |
| EIG Exhibit 87 |
| EIG Exhibit 89 |
| EIG Exhibit 90 |
| EIG Exhibit 92 |
| EIG Exhibit 93 |
| EIG Exhibit 94 |
| EIG Exhibit 95 |
| EIG Exhibit 113 |
| EIG Exhibit 114 |
| EIG Exhibit 120 |

| |
|---|
| EIG Exhibit 121 |
| EIG Exhibit 124 |
| EIG Exhibit 126 |
| EIG Exhibit 127 |
| EIG Exhibit 130 |
| EIG Exhibit 133 |
| EIG Exhibit 136 |
| **Keppel's Moving Exhibits** |
| Keppel Exhibit 4 |
| Keppel Exhibit 5 |
| Keppel Exhibit 9 |
| Keppel Exhibit 10 |
| Keppel Exhibit 11 |
| Keppel Exhibit 12 |
| Keppel Exhibit 13 |
| Keppel Exhibit 14 |
| Keppel Exhibit 33 |
| Keppel Exhibit 35 |
| Keppel Exhibit 36 |
| Keppel Exhibit 37 |
| Keppel Exhibit 38 |
| Keppel Exhibit 39 |
| Keppel Exhibit 40 |
| Keppel Exhibit 41 |
| Keppel Exhibit 42 |
| Keppel Exhibit 43 |
| Keppel Exhibit 44 |
| Keppel Exhibit 45 |
| Keppel Exhibit 48 |
| Keppel Exhibit 63 |
| Keppel Exhibit 64 |
| Keppel Exhibit 65 |
| Keppel Exhibit 66 |
| Keppel Exhibit 67 |
| Keppel Exhibit 68 |
| Keppel Exhibit 69 |
| Keppel Exhibit 70 |
| Keppel Exhibit 71 |
| Keppel Exhibit 72 |
| Keppel Exhibit 73 |
| Keppel Exhibit 74 |
| **EIG's Opposition Exhibits** |
| EIG Exhibit 137 |

| |
|---|
| EIG Exhibit 138 |
| EIG Exhibit 139 |
| EIG Exhibit 140 |
| EIG Exhibit 142 |
| EIG Exhibit 143 |
| EIG Exhibit 144 |
| EIG Exhibit 146 |
| **Keppel's Opposition Exhibits** |
| Keppel Opp'n Exhibit 2 |
| Keppel Opp'n Exhibit 44 |
| Keppel Opp'n Exhibit 45 |
| Keppel Opp'n Exhibit 46 |
| Keppel Opp'n Exhibit 47 |
| Keppel Opp'n Exhibit 49 |
| Keppel Opp'n Exhibit 52 |
| Keppel Opp'n Exhibit 53 |
| Keppel Opp'n Exhibit 83 |
| Keppel Opp'n Exhibit 84 |
| Keppel Opp'n Exhibit 85 |
| Keppel Opp'n Exhibit 86 |
| Keppel Opp'n Exhibit 87 |
| Keppel Opp'n Exhibit 88 |
| Keppel Opp'n Exhibit 89 |
| Keppel Opp'n Exhibit 90 |
| Keppel Opp'n Exhibit 91 |
| Keppel Opp'n Exhibit 92 |
| Keppel Opp'n Exhibit 93 |
| Keppel Opp'n Exhibit 96 |
| Keppel Opp'n Exhibit 97 |
| Keppel Opp'n Exhibit 100 |
| Keppel Opp'n Exhibit 133 |
| Keppel Opp'n Exhibit 134 |
| Keppel Opp'n Exhibit 135 |
| Keppel Opp'n Exhibit 136 |
| Keppel Opp'n Exhibit 137 |
| Keppel Opp'n Exhibit 138 |
| Keppel Opp'n Exhibit 139 |
| Keppel Opp'n Exhibit 140 |
| Keppel Opp'n Exhibit 141 |
| Keppel Opp'n Exhibit 142 |
| Keppel Opp'n Exhibit 143 |
| Keppel Opp'n Exhibit 144 |
| Keppel Opp'n Exhibit 145 |

| |
|---|
| Keppel Opp'n Exhibit 146 |
| Keppel Opp'n Exhibit 147 |
| Keppel Opp'n Exhibit 148 |
| Keppel Opp'n Exhibit 149 |
| Keppel Opp'n Exhibit 150 |
| **EIG's Reply Exhibits** |
| EIG Reply Exhibit 152 |

**MEMO ENDORSED:** The parties have moved to seal their summary judgment papers and file redacted versions on the public docket. (Dkt. Nos. 96, 103) Plaintiffs state that they wish to redact "(i) confidential business information related to the operation of Sete Brasil Participações, S.A. ("Sete") that EIG is under a contractual obligation to keep confidential pursuant to confidentiality provisions of agreements entered into as part of the Sete investment; and (ii) EIG's proprietary information limited to the identification of, or discussions concerning, EIG's clients and confidential deals, including its analysis and strategy with respect to investment opportunities." (Pltf. Mot. (Dkt. No. 96) at 1-2) Defendant states that it "seeks only to file under seal certain personal identifying information of employees and agents of Keppel and its affiliated entities, including names, titles, email addresses, contact information and banking details." (Def. Mot. (Dkt. No. 103) at 1) The proposed redactions in the parties' submissions are extensive, and include the names of officers and directors of the parties, language that merely indicates that documents exist and their titles, and what appear to be material representations about and narrative descriptions of the investment at issue in this case. The vast majority of the proposed redactions do not appear to contain any sensitive or proprietary information, the disclosure of which would cause competitive harm to the parties. As the parties' proposed redactions are not consistent with the standard for sealing set forth in <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119 (2d Cir. 2006), both motions are denied without prejudice.

Should the parties wish to submit renewed motions to seal that are more narrowly tailored to the <u>Lugosch</u> standard, they must present the proposed redactions in a format that is practical for the Court to review. If the parties again propose redacting material on many pages of numerous documents, they should include either (1) an index with pin cites to the pages containing redactions; or (2) composite documents compiling the pages with proposed redactions.

The Clerk of Court is directed to terminate the motions at Dkt. Nos. 96 and 103.

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge
Dated: February 9, 2023