# EXHIBIT 62



STATE OF NEW YORK

)
)
)
COUNTY OF NEW YORK                    )        ss

## **CERTIFICATION**

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from Portuguese into English of the attached document with Bates number range EIG_KEP_00044772 to

EIG_KEP_00044793.


_____
Edward J. Jacob
Divergent Language Solutions, LLC


State of New York

County of New York

Subscribed to and sworn before me this 23rd day of June, 2021,

by Edward J. Jacob.

_____
Notary Public

MATTHEW C. ZELAK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ZE6350239
Qualified in Kings County
Commission Expires   November 7, 2024

183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street, 11th Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com

# INVESTMENT COMMITMENT

Through this private instrument, the Parties:

**FUNDO DE INVESTIMENTO EM PARTICIPAÇÕES SONDAS**, registered under Federal Tax/Ministry of Finance ID [CNPJ/MF] No. 12.396.426/0001-95 ("Fund"), represented herein by its administrator, Caixa Econômica Federal, a financial institution in the form of a public company, governed by the articles of association approved by Decree No. 6.473 dated June 5, 2008, authorized by the Brazilian Securities Commission ("CVM"), to administer investment funds and securities portfolios, having its registered office in Brasilia, Federal District, Setor Bancário Sul, Quadra 4, Lotes 3 e 4, 21° andar, Asa Sul, through the office of its Vice President for Third Party Asset Management, located in the city of São Paulo, State of São Paulo, at Avenida Paulista, n° 2300, 11° andar, CEP 01310-300, registered under CNPJ/MF No. 00.360.305/0001-04 ("Administrator");

and

**Banco BTG Pactual S.A.,** a financial institution with registered office in the City of Rio de Janeiro, Rio de Janeiro, at Praia de Botafogo, 501, Torre Corcovado, 5° andar, CEP 22250-040, registered under CNPJ/MF No. 30.306.294/0001-45, represented herein in conformity with its articles of association, hereinafter referred to simply as "BTG Pactual";

**Santander Participações S.A.,** a corporation with registered office at Avenida Presidente Juscelino Kubitschek, No. 2041 and 2235 – Bloco A (parte), 16° andar, CEP 04543-011, City and State of São Paulo, registered under CNPJ No. 04.270.778/0001-71, represented herein by its legal representatives as provided under its charter documents, hereinafter referred to simply as "Santander";

**Fundação dos Economiários Federais – FUNCEF,** a privately held supplementary pension fund, with legal status under private law, domiciled at Setor Comercial Norte Quadra 02, Bloco "A", Ed. Corporate Financial Center, 12th and 13° andares, in the City of Brasilia, Federal District, CEP 70712-900, registered under CNPJ/MF No. 00.436.923/0001-90, represented herein in conformity with its articles of association, hereinafter referred to simply as "Funcef";

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecília Pizzutti
LEGAL DEPARTMENT

[stamp:] IVJ164/7/23   [stamp:] VIEIRA   [stamp:] GEJUR   [initials]   [stamp:] PETROS   [stamp:]   [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP   REZENDE BARBOSA   FUNCEF [initials]   [initials] JUR/CS   AUTHORIZED   LEGAL CONSULTING –
BAR ASSOCIATION   E. GUERRERO   [initials]   Mario Cortezzi   [initials] LEGAL   INVESTMENTS
156.619   [signature]
Lucia Elena A. F. Bastos   Attorney
[initials]

EIG00019109
EIG_KEP_00044772

**Fundação Petrobras de Seguridade Social – PETROS**, a privately held supplementary pension entity, domiciled at Rua de Ouvidor, n°98, Centro, CEP 20040-030, in the City and State of Rio de Janeiro, registered under CNPJ/MF No. 34.053.942/0001-50, represented herein in conformity with its articles of association, hereinafter referred to simply as "Petros";

**Fundação Vale do Rio Doce de Seguridade Social – Valia**, a privately held supplementary pension entity, with its registered office at Av. das Américas, n° 4430, 3° andar, Barra da Tijuca, City of Rio de Janeiro, State of Rio de Janeiro, CEP: 22640-102, registered under CNPJ/MF No. 42.271.429/0001-63, represented herein by its legal representatives as provided under its charter documents, hereinafter referred to simply as "Valia";

**Petróleo Brasileiro S.A. – Petrobras**, a mixed economy company, with registered office at Avenida República do Chile, 65, CEP 20031-912, City of Rio de Janeiro, State of Rio de Janeiro, Federative Republic of Brazil, registered under CNPJ/MF No. 33.000.167/0001-01, represented herein by its legal representatives as provided under its charter documents, hereinafter referred to simply as "Petrobras";

**Lakeshore Financial Partners Participações Ltda.**, a limited company domiciled at Rua do Rocio, 291, 7° andar, CEP 04552-000, in the City and State of São Paulo, registered under CNPJ/MF No. 13.040.317/0001-01, represented herein in conformity with its articles of association, hereinafter referred to simply as "Lakeshore";

**Luce Venture Capital – Drilling Series**, a company with registered office at 500 Stanton Christina Road, Newark, Delaware, 19713-2107, United States of America, represented herein in conformity with its articles of association, referred to hereinafter simply as "LuceDrilling"; and

**EIG Sete Holdings Sàrl**, a company with registered office at 2, boulevard Konrad Adenauer, L-1115, Luxembourg, represented herein in conformity with its articles of association, hereinafter referred to simply as "EIG."

BTG Pactual, Santander, Funcef, Petros, Valia, Petrobras, Lakeshore, LuceDrilling, and EIG are hereinafter collectively referred to as the "Investors."

[stamp:] NJ164/23 CAIXA/CEAJU SP BAR ASSOCIATION 156.619 Lucie Elena A. F. Bastos [initials]

[stamp:] VIEIRA REZENDE BARBOSA E. GUERRERO [signature] Attorney

[stamp:] GEJUR FUNCEF [initials]

[initials]

[stamp:] PETROS [initials] JUR/CS Mario Cortezzi

[stamp:] AUTHORIZED [initials] LEGAL

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF [initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A [initials]
Cecilia Pizzzutti
LEGAL DEPARTMENT

[stamp:] VALIA-ASLIS [initials] LEGAL CONSULTING – INVESTMENTS

EIG00019110
EIG_KEP_00044773

*WHEREAS*

(i)     The Fund was established on August 4, 2010, in the form of a closed-end fund, pursuant to CVM Instruction No. 391 of July 16, 2003, as amended ("CVM Instruction No. 391"), having been duly registered with the CVM on January 7, 2011;

(ii)    The Investors are qualified investors, pursuant to CVM Instruction No. 409, of August 18, 2004, as amended ("CVM Instruction No. 409"), and CVM Instruction No. 476 of January 16, 2009 ("CVM Instruction 476");

(iii)   The Investors are interested in subscribing and paying for quotas to be issued by the Fund;

(iv)    The subscription of Fund quotas is contingent on executing the Investment Commitment, as established in Article 7 of the Fund bylaws ("Bylaws");

(v)     On this same date, the quotaholders' agreement ("Quotaholders' Agreement") shall be amended and consolidated between the Investors, then quotaholders of the Fund, with the support and consent of the Administrator.

The parties are entering into this Investment Commitment ("Investment Commitment"), which shall be governed by the following clauses and conditions:

**Clause One – Purpose of the Investment Commitment**

1.1 With this Investment Commitment, the Investors irrevocably and irreversibly promise, up to the limit of their respective committed capital, to subscribe and pay for the quotas issued by the Fund identified below ("Quotas"), having a unit value at issuance of R$1.00 (one real), as well as to pay the respective Entry Fees, as applicable pursuant to Article 44 of the Bylaws, totaling R$5,427,889,807.00 (five billion, four hundred and twenty-seven million, eight hundred and eighty-nine thousand, eight hundred and seven reais) ("Committed Capital"):

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials:]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecilia Pizzzatti
LEGAL DEPARTMENT

[stamp:] NJ1647/23      [stamp:] VIEIRA      [stamp:] GEJUR      [initials]      [stamp:] PETROS      [stamp:]      [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP      REZENDE BARBOSA      FUNCEF [initials]            [initials:] JUR/CS      AUTHORIZED      LEGAL CONSULTING –
BAR ASSOCIATION      E. GUERRERO                  [initials]      Maria Cortezzi      [initials] LEGAL      INVESTMENTS
556.619      [signature]
Lucia Elena A. F. Bastos      Attorney
[initials]

| Investor | Number of Quotas | Amount (R$) – Entry Fee | Amount (R$) Committed Capital |
|---|---|---|---|
| BTG Pactual | 1,902,246,719 | 35,072,620 | 1,937,319,339 |
| Santander | 248,015,873 | 1,984,127 | 250,000,000 |
| Funcef | 1,028,046,846 | 8,224,375 | 1,036,271,221 |
| Petrobras | 267,602,063 | 2,140,817 | 269,742,880 |
| Petros | 1,028,046,846 | 8,224,375 | 1,036,271,221 |
| Valia | 100,000,000 | 800,000 | 100,800,000 |
| Lakeshore | 3,000,000 | 25,066 | 3,025,066 |
| LuceDrilling | 278,048,780 | 6,951,220 | 285,000,000 |
| EIG | 497,034,137 | 12,425,853.41 | 509,459,990 |
| Total | 5,352,041,265 | 75,848,452 | 5,427,889,718 |

1.1.1   Quotas must be subscribed for in compliance with the strict terms and conditions approved by the Quotaholders at the 19th General Meeting of Fund Quotaholders ("19th General Meeting of Quotaholders" [*"AGQ"*]), on July 31, 2012. Subscription will be divided into two stages in the following proportions: (i) the first subscription shall occur on this date; and (ii) the second subscription shall occur (a) within five (5) business days of approval by the Administrative Council for Economic Defense ("CADE"), in relation to all Quotaholders who, in accordance with the chart below, have an obligation to subscribe for Quotas in the second subscription, or furthermore, (b) in relation to the Supplementary Quotas (as determined at the 19th General Meeting of Quotaholders) of Funcef, Petros, and Petrobras, within five (5) business days of the reallocation of the Excess Quotas (as determined at the 19th General Meeting of Quotaholders), in the event that the aforementioned authority does not approve the subscription in relation to the Quotaholders. The Quotaholders irrevocably and irreversibly commit to carrying out any and all acts needed to effectively subscribe for Quotas in a timely manner, in the proportions mentioned below, upon the occurrence of the events noted in this Item 1.1.1.

| Investor | Number of Quotas 1st Subscription | Quantity of Quotas 2nd Subscription |
|---|---|---|
| BTG Pactual | 406,207,552 | 1,496,039,167 |
| Santander | 248,015,873 | 0 |
| Funcef | 520,179,318 | 507,867,528 |
| Petrobras | 135,403,420 | 132,198,643 |
| Petros | 520,179,318 | 507,867,528 |
| Valia | 100,000,000 | 0 |
| Lakeshore | 3,000,000 | 0 |
| LuceDrilling | 278,048,780 | 0 |
| EIG | 497,034,137 | 0 |
| Total | 2,708,068,398 | 2,643,972,867 |

[stamp:] NJ1647/23 CAIXA/CEAJU SP BAR ASSOCIATION 156.619 Lucie Elena A. F. Bastos [initials]

[stamp:] VIEIRA REZENDE BARBOSA E. GUERRERO [signature] Attorney

[stamp:] GEJUR FUNCEF [initials]

[initials]

[stamp:] PETROS [initials] JURICS Mario Cortezzi

[stamp:] AUTHORIZED [initials] LEGAL

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF [initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A [initials]
Cecilia Pizzutti
LEGAL DEPARTMENT

[stamp:] VALIA-ASLIS [initials] LEGAL CONSULTING – INVESTMENTS

1.1.2   At the time of the Quota subscription, the Administrator will issue a subscription receipt for each Investor in the form set forth in Appendix I to this Investment Commitment ("Subscription Form"), which must be executed by the respective investor.

1.1.3   Without prejudice to any obligation to pay certain liabilities of the Target Company that have been allotted to the Fund, each Quotaholder's liability is limited to the equivalent amount of its investment in the respective Committed Capital.

1.1.4   Under no circumstance will the Quotaholders be responsible for paying the liabilities of the Fund and/or of the Target Company that have been attributed to the Fund due to the Administrator's fault or negligence in performing their duties.

1.1.5   Investors are not jointly and severally liable for each other's liability to subscribe for and pay up its Committed Capital, pursuant to Clause 1.1.

1.2   The amount of Committed Capital paid up by Investors may only be used by the Fund to subscribe for and pay up the shares issued by the Target Company and to pay Fund costs and fees, as prescribed in the Bylaws.

1.3   CVM Instruction No. 391 as well as the terms of the Bylaws apply to this Investment Commitment. If there is any inconsistency between this Investment Commitment and the Bylaws, the Bylaws shall prevail.

1.4   With respect to investors established as privately held supplementary pension entities, the terms of Supplementary Law No. 108/2001, Supplementary Law No. 109/2001, and CMN [National Monetary Council] Resolution No. 3.792/2009 apply to this Investment Commitment.

1.5   Pursuant to Item 2.3 of the Quotaholders' Agreement, in order to be accepted as Fund Quotaholders, Investors who are not yet Fund Quotaholders must execute (i) a joinder to the Quotaholders' Agreement; (ii) a joinder to the Fund Bylaws; (iii) a joinder to the Investment Agreement; and (iv) a joinder to the Financial Business Agreement.

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecília Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ1647/23          [stamp:] VIEIRA          [stamp:] GEJUR          [initials]          [stamp:] PETROS          [stamp:]          [stamp:] VALLA-ASLIS [initials]
CAIXA/CEAJU SP          REZENDE BARBOSA          FUNCEF [initials]                              [initials] JURCK          AUTHORIZED          LEGAL CONSULTING –
BAR ASSOCIATION          E. GUERRERO                              [initials]          Maria Cortezzi          [initials] LEGAL          INVESTMENTS
156.619          [signature]
Lucie Elena A. F. Bastos          Attorney
[initials]

**Clause Two – Subscription and Payment of Quotas**

2.1 The Committed Capital, including the applicable Entry Fees, must be paid up insofar as the Fund requires resources to implement its objectives, through capital calls to be made by the Administrator, within the term of the Fund, as prescribed in the Bylaws ("Capital Call").

2.1.1   The Administrator shall only request capital calls as necessary for the Company to comply with its Business Plan, approved in conformity with the terms of the Company's Shareholder Agreement, and/or for it to pay the Fund's costs and expenses.

2.1.2   The funds from the capital contributions made by Investors, as a result of capital calls, must be used by the Fund to pay up shares issued by the Company, within up to three (3) business days of the date they were contributed to the Fund, except as prescribed in Clause 2.1.3 below.

2.1.3   Notwithstanding the terms of Clauses 2.1.1 and 2.1.2 above, a portion of the funds contributed by the Investors may be withheld by the Administrator as a reserve for the Fund's costs and expenses, as prescribed in the Bylaws, in an amount not exceeding (i) one half of one percent (0.5%) of the Fund's committed capital or (ii) the provision of expenses for the next six (6) months, whichever is less.

2.1.4   The timeline for contributions shall be revised by the Parties if there is an increase in the Fund's committed capital, pursuant to Clause 5.3 of the Investment Agreement. If new shareholders invest in the Company's share capital, the Parties shall consider, when revising the contribution timeline, the capital contributions made on a priority basis by such new shareholders, until the ratio between committed capital and capital subscribed and paid-up by the Fund, Petrobras, and the new shareholders is equivalent and reflects each of their proportional investment in the Company's subscribed capital.

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecília Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ3647/23        [stamp:] VIEIRA        [stamp:] GEJUR        [initials]        [stamp:] PETROS        [stamp:]        [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP        REZENDE BARBOSA        FUNCEF [initials]                        [initials] JUR/CK        AUTHORIZED        LEGAL CONSULTING –
BAR ASSOCIATION        E. GUERRERO                        [initials]        Maria Cortezzi        [initials] LEGAL        INVESTMENTS
156.619        [signature]
Lucie Elena A. F. Bastos        Attorney
[initials]

EIG00019114
EIG_KEP_00044777

2.2 The number of Quotas to be paid up by each Investor for each Capital Call shall be determined proportionally among all of the Fund's investors, taking into account the proportion of each Investor's Committed Capital, indicated in Clause 1.1. Nevertheless, the Parties hereby agree that the Administrator is authorized to make Capital Calls that provide for priority payments of quotas, plus the respective Entry Fee, by new Investors or original Investors of the Fund who have increased their stake, until the ratio between subscribed capital and paid-up capital of all Investors is equivalent.

2.3 Notwithstanding the above, once the second subscription has occurred pursuant to Item 1.1.1 above, the Quotaholders shall, in the capital calls immediately following the date of the aforementioned subscription, and to the extent that the Fund needs resources to implement its goals, pay up all amounts needed to balance out the respective proportions between subscribed and paid-up capital of the Fund's other Quotaholders.

2.4. The Administrator shall provide written notice to the Investor regarding any Capital Calls and the respective payments of Committed Capital, which must be made by the Investor ("Payment Notification").

2.4.1   The Payment Notification must indicate: (a) the form of payment of the Committed Capital, which must be made to the Fund's checking account, (b) the amount, (c) the method of payment, which will be through a system operated by CETIP S.A. – Central Depository ("CETIP"), and (d) the documentation to be used to formalize this payment.

2.4.2   The Payment Notification must be sent to the Investor as indicated in Clause 6.9 of this Investment Commitment.

2.4.3   The Committed Capital will be paid, complying with the terms of Article 41 of the Bylaws: *(a)* by the Santander, BTG Pactual, Petrobras, Lakeshore, LuceDrilling, and EIG Investors within seven (7) business days from the date of receipt of the Notice of Payment; and *(b)* by the Petros, Valia, and Funcef Investors, within eight (8) business days from the date of receipt of the Notice of Payment.

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecilia Pinzutti
LEGAL DEPARTMENT

[stamp:] N/1647/23          [stamp:] VIEIRA          [stamp:] GEJUR          [initials]                    [stamp:] PETROS          [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP          REZENDE BARBOSA   FUNCEF [initials]                                 [initials] HUB/CS         LEGAL CONSULTING –
BAR ASSOCIATION        E. GUERRERO                                      [initials]                    Mario Corizzti          INVESTMENTS
156.619                         [signature]                                                                        [stamp:]
Lucie Elena A. F. Bastos   Attorney                                                                          AUTHORIZED
[initials]                                                                                                             [initials] LEGAL

2.4.4   As an exception, the first full payment of the Committed Capital made by Investors after executing this Investment Commitment must be done within two (2) business days of the date of receiving the Payment Notification.

2.5 If, during the process of the Company's Initial Public Offering, Company Management indicates that it is possible to cancel some of the committed capital that was not paid up by the Quotaholders, including following any contributions provided for under Clauses 6.4.4 and 6.4.5 of the Quotaholders' Agreement, and if the scenario provided for in Clauses 6.4.4 and 6.4.5 of the Quotaholder Agreement were to occur, when at the time of the last Capital Call before the Company goes public, the parties agree that the Quotaholder may opt to not make the contributions, in conformity with a position ratified at an Investment Committee meeting, they shall have their Committed Capital limited to the amount contributed up to that date, without any other additional penalty or obligation as of the date of the last Capital Call. A Quotaholder who meets these provisions will not have to contribute new funds and shall not be considered noncompliant, in accordance with the terms of this Commitment.

2.6 Taking into account the limitation of the framework imposed on privately held supplementary pension entities ("EFPC") relating to the percentage share in a single equity investment fund, per National Monetary Board Resolution No. 3.792 of September 24, 2009, it is agreed that, if the Administrator were to verify, when closing each Capital Call, that due to the non-performance of one or more Investors, any other Investor would be outside the percentage limits for subscribed investment applicable to such Investor, the Administrator, through the Fund Custodian, shall cancel, on the same date, the portion of the amounts paid up for the Investor(s) outside the limits to the extent necessary to keep these Investors' equity interests within the percentage limits on subscribed investment applicable to each such Investor.

2.6.1   The Administrator may ask that the payment of non-EFPC Investors be made by 11 a.m. on the deadline for payment of the funds, and that of EFPC Investors be made by 1 p.m. on the deadline.

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecília Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ2647/23          [stamp:] VIEIRA          [stamp:] GEJUR          [initials]          [stamp:] PETROS          [stamp:]          [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP          REZENDE BARBOSA          FUNCEF [initials]                    [initials] JURCS          AUTHORIZED          LEGAL CONSULTING –
BAR ASSOCIATION          E. GUERRERO                              [initials]          Mario Cortezzi          [initials] LEGAL          INVESTMENTS
156.619          [signature]
Lucia Elena A. F. Bastos          Attorney
[initials]

**Clause Three – Effective Term**

3.1 This Investment Commitment takes effect on this date and shall remain in effect until the Fund is liquidated, in which case the terms of Chapter XIII of the Fund Bylaws and of Chapter VI of the Fund Quotaholders' Agreement shall apply, or until all of the Committed Capital has been duly paid up by the Investors, in accordance with the amounts indicated in Clause One, whichever happens first.

**Clause Four – Penalties**

4.1 The Investor promises to comply with the terms of Article 45 of the Bylaws and with this Investment Commitment, and shall be liable for any damages to the Fund resulting from the non-performance of its obligations, in accordance with the terms of Clause One above.

4.2 If any Investor fails to partially or fully comply with the obligation to contribute capital to the Fund, pursuant to the Bylaws and this Investment Committee, by the date specified in each Payment Notification, it shall be subject to the following penalties:

4.2.1   A defaulting Investor shall be in default by operation of law, being required to pay its debt, which is updated from the date specified for payment in each Payment Notification up to the date the debt is settled, by the percent cumulative change in the IPCA, plus 13.6% interest (thirteen point six percent) per year, *pro rata temporis* until the date of its effective payment, in addition to a daily fine equivalent to 0.5% (zero point five percent) of the adjusted late debt, which amount shall be charged daily and paid to the Fund.

4.2.2   In the event that the defaulting Investor's delay persists for a period of more than thirty (30) days from the date the obligation is due, the Administrator shall call a General Meeting of Quotaholders to evaluate and approve the application of other measures, such as: (a) to collect the amounts due, (b) to offer the quotas of the defaulting Investor, pursuant to the Preferential Right provided in the Bylaws, and without prejudice to the defaulting Investor's responsibility to provide compensation for the damage it caused, as well as to bear all costs and expenses, including attorneys' fees that arise from the offer; (c) to accelerate the contributions of the other Investors to comply with the obligations assumed by the Fund, limited to each party's Committed Capital, including the respective Entry Fees.

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials:]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecília Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ1647/22        [stamp:] VIEIRA        [stamp:] GEJUR        [initials]                        [stamp:] PETROS        [stamp:]        [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP        REZENDE BARBOSA        FUNCEF [initials]                                [initials] JUR/CS        AUTHORIZED        LEGAL CONSULTING –
BAR ASSOCIATION        E. GUERRERO                                [initials]                        Maria Cretezzzi        [initials] LEGAL        INVESTMENTS
156.619        [signature]
Lucie Elena A. F. Bastos   Attorney
[initials]

EIG00019117
EIG_KEP_00044780

4.2.3.   Additionally, if the Fund is prevented from complying with any obligation that has been validly assumed due to the non-performance of one or more Investors, the defaulting Investor shall be obligated to provide compensation for damages to the Fund, despite the other penalties imposed in the Bylaws, the Subscription Form, and in the applicable law; the Fund may also collect supplementary indemnification from the defaulting Investor until reaching the effective amount of damage suffered by the Fund or the Target Company, as provided in Article 416 of the Brazilian Civil Code.

4.2.4.   A defaulting Investor shall be subject to the following provisions: (a) it may not exercise its voting right at meetings of the General Meeting of Quotaholders, nor can its representative take part in the Investment Committee, (b) any redemption payments, dividends, and interest on equity to which the defaulting Investor is entitled shall be used to offset the debts existing with the Fund, up to the limit of its debts.

4.2.5   If the defaulting Investor ultimately meets its obligations after its rights have been suspended but prior to the sale of its quotas, as established above, such defaulting Investor shall have its right to vote restored and may again receive profits and income from the Fund relating to the quotas it holds; and the process of selling its quotas, if it has begun, shall be halted.

4.2.6.   If the amount assessed in the sale of the quotas held by the defaulting Investor is less than the amount needed to settle its debt with the Fund, the defaulting Investor shall continue to be obligated to the Fund to pay the remaining debt, plus any accrued interest and the fine established in Item 4.2.1 above. In this case, the Administrator shall commence a lawsuit against the defaulting Investor to collect the amounts due.

**Clause Five – Administrator's Team**

5.1 The members of the Administrator's key team shall be bound to the National Management on the Development of Structured Funds, a division of the Administrator with registered office in the city of São Paulo, and must have: (i) an unblemished reputation; (ii) graduated from a higher education program at an officially recognized institution in the country or abroad; (iii) professional

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecilia Pizzutti
LEGAL DEPARTMENT

[stamp:] NT1647/13          [stamp:] VIEIRA          [stamp:] GEJUR          [initials]          [stamp:] PETROS          [stamp:]          [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP          REZENDE BARBOSA          FUNCEF [initials]                         [initials] JUR/CS          AUTHORIZED          LEGAL CONSULTING –
BAR ASSOCIATION          E. GUERRERO                              [initials]          Maria Cortezzi          [initials] LEGAL          INVESTMENTS
156.619          [signature]
Lucie Elena A. F. Bastos          Attorney
[initials]

experience in activities related to investment fund administration and management; and (iv) availability and time to carry out the activities needed to manage and administer the Fund.

**Clause Six – General Provisions**

6.1 <u>Declaration.</u> Each Investor represents and warrants to the Administrator that it agrees with the terms and conditions expressed in this Investment Commitment, and that it has received free of charge, herein, and has read and understood the full content of the Fund Bylaws, fully agrees to their terms and conditions, and declares its irrevocable and irreversible consent to the aforementioned Bylaws.

6.2 <u>Succession.</u> This Investment Commitment is irrevocably and irreversibly executed; and is binding on the parties hereto and their respective successors and assignees for all purposes.

6.3 <u>Waiver.</u> A failure to exercise any right, advantage, or option prescribed in this Investment Commitment shall not imply a waiver of the aforementioned right, advantage, or option, and shall not impact their subsequent exercise, at any time.

6.4 <u>Costs.</u> The costs provided in or related to this instrument, such as any costs of remittances or telecommunications, and/or any other costs, must be paid by each investor individually and in proportion to its respective stake in the committed capital of the Fund. Should the Administrator decide, in order to make the timely payment of these costs viable, to make payment of these costs prior to the amounts needed for such purpose having been advanced by the Investor, the Investor must proceed to provide compensation to them in proportion to its respective stake in the Fund's committed capital, as long as the costs are duly proven by the Administrator, within a maximum of seven (7) business days from receipt of the respective proof of payment.

6.5 <u>Amendment.</u> This Investment Commitment may only be amended in writing by signature of the Parties.

6.6. <u>Independence.</u> In the event that any provision of this Investment Commitment becomes invalid or unable to be performed, and/or contrary to the applicable legislation in effect, or that is in effect in the future, the validity of the other contractual provisions contained therein

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecilia Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ1647/23        [stamp:] VIEIRA        [stamp:] GEJUR        [initials]
CAIXA/CEAJU SP     REZENDE BARBOSA  FUNCEF [initials]
BAR ASSOCIATION   E. GUERRERO                              [initials]
156.619                    [signature]
Lucie Elena A. F. Bastos  Attorney
[initials]

[stamp:] PETROS     [stamp:]          [stamp:] VALLA-ASLIS [initials]
[initials] JUR/CS   AUTHORIZED        LEGAL CONSULTING –
Mário Cortizzzi    [initials] LEGAL   INVESTMENTS

shall not be impacted, remaining fully in effect. The parties must agree, in good faith, to amend this Investment Commitment, and/or to enter into other agreements and contracts that are necessary or desirable in order to approximate, as much as possible, the terms and definitions of an economic, legal, administrative, operational, or other nature agreed to between the parties and sought by them in this instrument.

6.7 <u>Definitions.</u> Capitalized terms in this Investment Commitment that have not been otherwise defined herein have the same meanings that were attributed to them in the Bylaws.

6.8. <u>Specific Performance.</u> For all legal purposes and effects, the parties attribute this Investment Commitment as having the status of an extrajudicial executive instrument, pursuant to and for the purposes of Article 585, subsection II of the Code of Civil Procedure, hereby recognizing the liquidity and certainty of any pecuniary obligations provided for under this Investment Commitment that come to be charged through the process of executing an order for a certain amount against a solvent debtor.

6.9 <u>Notifications.</u> The communications to be sent pursuant to this Investment Commitment, if done by fax or email, shall be considered received on the date they are sent, provided that their receipt is confirmed with supporting documentation (receipt issued from the machine used by the sender); the respective originals must be sent up to five (5) business days following the date the message is sent. If sent by mail, the communications shall be considered delivered when they are received under the respective protocol or with "confirmation of receipt" issued by mail or by telegram, at the addresses stated in the details below, unless the recipient Party indicates another address to the other Party in writing up to five (5) business days in advance:

<u>For the Administrator</u>
Av. Paulista, 2300 - 11° andar
01310-300 – São Paulo, SP
Fax: (11) 3555-6378
Att.: National Management for Development of Structured Funds
Email: gedef@caixa.gov.br

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecília Pissutti
LEGAL DEPARTMENT

[stamp:] NJ1647/23        [stamp:] VIEIRA        [stamp:] GEJUR          [initials]        [stamp:] PETROS        [stamp:]        [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP       REZENDE BARBOSA    FUNCEF [initials]                         [initials] JUR/CS      AUTHORIZED      LEGAL CONSULTING –
BAR ASSOCIATION     E. GUERRERO                                 [initials]      Mario Cortezzi    [initials] LEGAL   INVESTMENTS
156.619                         [signature]
Lucie Elena A. F. Bastos   Attorney
[initials]

For Banco BTG:
Praia de Botafogo, 501, Torre Corcovado, 5° andar
City and State of Rio de Janeiro
CEP 22250-040
Legal Department
Telephone: +55(11) 3383-2000
Fax: +55(11) 3383-2001
Att.: Mr. Bruno Duque, Mr. Oderval Duarte, and Mr. Lucas Martinelli
Email: bruno.duque@btgpactual.com; oderval.duarte@btgpactual.com; and
lucas.martinelli@btgpactual.com

For Banco Santander Participações:
Av. Presidente Juscelino Kubitschek, 2.041/2.235, Bloco A, 16° andar
CEP: 04543-011 São Paulo – SP
Fax No.: (11) 3553-2999
Att.: Mr. Marcelo Hudik Furtado de Albuquerque
Email: mhalbuquerque@santander.com.br

For Funcef:
Setor Comercial Norte Quadra 02, Bloco "A," Ed. Corporate Financial Center, 12° e 13°
andares, Brasilia, FD
CEP: 70712-900
Tel.: (61) 3532-1772
Fax: (61) 3532-1767
Manager: Investment Department
Email: dipar@funcef.com.br; humberto@funcef.com.br; leonardosansivieri@funcef.com.br

For Petros:
Rua do Ouvidor, n° 98, Centro, Rio de Janeiro, RJ
CEP: 20040-030
Telephone: (21) 2506-0514
Manager: Manuela Marçal, Executive Manager of Movable Securities
Email: manuelam@petros.com.br

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecília Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ1647/23          [stamp:] VIEIRA          [stamp:] GEJUR          [initials]     [stamp:] PETROS     [stamp:]          [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP          REZENDE BARBOSA     FUNCEF [initials]                    [initials] JURCS     AUTHORIZED     LEGAL CONSULTING –
BAR ASSOCIATION     E. GUERRERO                                              [initials]          Maria Cortezzi     [initials] LEGAL     INVESTMENTS
156.619                          [signature]
Lucia Elena A. F. Bastos     Attorney                                              [initials]
[initials]

For Petrobras:
Av. República do Chile, 65/1004
City and State of Rio de Janeiro
CEP 20031-912
Att.: Fábio Barreto Lourenço
Telephone: +55 (21) 3224-3067
Fax: +55 (21) 3224-0860
Email: fabiolourenco@petrobras.com.br

For Valia:
Av. das Américas, n° 4430, 3° andar, Barra da Tijuca
CEP: 22640-102 – Rio de Janeiro – RJ
Fax: +55 (21) 3385 2227
Att.: Mr. Eustáquio Coelho Lott
Email: eustaquio.lott@vale.com

For Lakeshore:
Rua do Rocio, 291 – 7° andar, Vila Olímpia, São Paulo, SP
CEP.: 04552-000
Tel.: (21) 8151-6309
Att.: Luiz Fontoura de Oliveira Reis Filho
Email: luizreis@globo.com

For Luce Drilling:
Praia de Botafogo, 228, Ala A – sala 601, Botafogo
Rio de Janeiro, 22250-040
Fax: +55 21 25541071
Tel.: +55 21 2553-4303
Att.: Mr. Aldo Floris
Email: aldofloris@flbinv.com.br

For EIG:
1700 Pennsylvania Ave, NW
Washington, DC 20006 USA
Tel: (202) 600-3306
Fax: (202) 600-3406
Email: kevin.corrigan@eigpartners.com and blair.thomas@eigpartners.com

[stamp:] NJ1647/23
CAIXA/CEAJU SP
BAR ASSOCIATION
156.619
Lucie Elena A. F. Bastos
[initials]

[stamp:] VIEIRA
REZENDE BARBOSA
E. GUERRERO
[signature]
Attorney

[stamp:] GEJUR
FUNCEF [initials]

[initials]

[initials]

[stamp:] PETROS
[initials] JUR/CS
Maria Corlezzi

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecilia Pizzutti
LEGAL DEPARTMENT

[stamp:]
AUTHORIZED
[initials] LEGAL

[stamp:] VALIA-ASLIS [initials]
LEGAL CONSULTING –
INVESTMENTS

**Clause Seven – Dispute Resolution**

7.1.    If any Conflicts should arise (as defined below), the Investors and the Administrator shall make every effort to resolve the Conflict amicably. To that end, any Investor and/or Administrator may notify the other of its intention to commence the procedure described in this clause, whereby the Investors and/or the Administrator shall meet to try and resolve such conflict through amicable discussion and in good faith.

7.1.1   In the event that the Investors and the Administrator do not reach a consensus, in conformity with the main section of this Clause 7.1, within thirty (30) days counted from the time notice is received from any Investor and/or from the Administrator, the Conflict must be resolved through arbitration, as described in Clause 7.2 below.

7.2    Any controversies, disputes, uncertainties, disagreements, conflicts, issues, or discrepancies of any kind that arise from or relate to this Investment Commitment ("Conflict"), which involve any of the Investors and/or the Administrator ("Involved Parties"), shall be resolved through arbitration, to be conducted before and managed by the Arbitration and Mediation Center of the Brazil-Canada Chamber of Commerce ("Chamber").

7.3    The arbitration shall be conducted in accordance with the Chamber's procedural rules in effect at the time of arbitration ("Chamber Regulations").

7.4    The arbitration shall be assigned to an arbitral tribunal comprised of three arbiters, preferably registered with the Brazilian Bar Association ("Arbitral Tribunal").

7.5    Each Involved Party shall appoint an arbitrator. If there is more than one claimant, they shall together appoint a single arbitrator by mutual agreement; if there is more than one respondent, they shall together appoint a single arbitrator by mutual agreement. A third arbitrator, who shall preside over the Arbitral Tribunal, shall be selected by mutual agreement by the arbitrators appointed by the Involved Parties.

7.5.1   Any omissions, refusals, disputes, uncertainties, or lack of agreement by the Involved Parties as to appointing the arbitrators or regarding the selection of the third arbitrator shall be settled by the Chamber.

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecília Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ1647/23
CAIXA/CEAJU SP
BAR ASSOCIATION
156.619
Lucie Elena A. F. Bastos
[initials]

[stamp:] VIEIRA
REZENDE BARBOSA
E. GUERRERO
[signature]
Attorney

[stamp:] GEJUR
FUNCEF [initials]

[initials]

[initials]

[stamp:] PETROS
[initials] JUR/CS
Mario Cortezzi

[stamp:]
AUTHORIZED
[initials] LEGAL

[stamp:] VALIA-ASLIS [initials]
LEGAL CONSULTING –
INVESTMENTS

7.5.2   The procedures provided for under Clause 7.5 shall also apply to cases concerning the substitution of an arbitrator.

7.6      The arbitration shall be held in the Municipality of Rio de Janeiro, State of Rio de Janeiro. The Arbitral Tribunal may with due grounds designate that specific acts be carried out in other locations.

7.7      The arbitration shall be conducted in Portuguese.

7.8      The arbitration shall be de jure, applying the rules and principles of the legal system of the Federative Republic of Brazil.

7.9      The arbitration shall be concluded within six (6) months of the date of executing the arbitration agreement, which the Arbitral Tribunal may extend with due justification.

7.10     The arbitration shall be confidential.

7.11     The Arbitral Tribunal shall allot between the parties, according to the criteria concerning the losing party, reasonability, and proportionality, the payment and reimbursement (i) of the fees and other amounts owed, paid, or reimbursed to the Chamber, (ii) the fees and other amounts owed, paid, or reimbursed to the arbitrators, (iii) the fees and other amounts owed, paid, or reimbursed to the experts, translators, interpreters, stenographers, and any other assistants that may be appointed by the Arbitral Tribunal, (iv) the attorney fees for the losing party set by the Arbitral Tribunal, and (v) any indemnification due to bad faith litigation. The Arbitral Tribunal shall not order any of the Involved Parties to pay or reimburse (i) contractual fees or any other amount owed, paid, or reimbursed by the opposing party to their attorneys, technical assistants, translators, interpreters, or other assistants, and (ii) any other amount owed, paid, or reimbursed by the opposing party in relation to the arbitration, for example, for the costs of photocopies, certifications, consular validations, and travel.

7.12     The arbitration decisions shall be final and definitive, not requiring judicial ratification, and not being subject to any appeals, except for requests for correction and clarifications to the Arbitral Tribunal as prescribed in Art. 30 of Law No. 9.307/96, and any action for nullification based on Art. 32 of Law No. 9.307/96.

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecília Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ1647/23          [stamp:] VIEIRA      [stamp:] GEJUR                [initials]      [stamp:] PETROS      [stamp:]          [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP             REZENDE BARBOSA   FUNCEF [initials]                            [initials] JUR/CS     AUTHORIZED        LEGAL CONSULTING –
BAR ASSOCIATION           E. GUERRERO                                 [initials]        Maria Cortezzi       [initials] LEGAL     INVESTMENTS
156.619                   [signature]
Lucia Elena A. F. Bastos  Attorney
[initials]

7.13    Prior to the Arbitral Tribunal being established, any of the Involved Parties may request emergency measures from the Judiciary, noting that any request for emergency measure to the Judiciary shall not affect the existence, validity, and efficacy of the arbitration agreement, nor will it represent a dispensation from the need to submit the Conflict to arbitration. After the Arbitral Tribunal has been formed, requests for emergency measures will have to be sent to the Arbitral Tribunal, after it has been established [sic].

7.14    For (i) [emergency] measures prior to the establishment of the Arbitral Tribunal, (ii) the execution of the Arbitral Tribunal's decisions, including the final judgment and any partial judgment, (iii) any action for nullification based on Art. 32 of Law No. 9.307/96, and (iv) Conflicts that by virtue of Brazilian legislation may not be submitted to arbitration, the courts of the Judicial District of Rio de Janeiro, State of Rio de Janeiro, are elected as having sole jurisdiction, waiving all others, however special or privileged they may be.

In witness whereof, the parties execute this Investment Commitment in ten (10) copies, before two (2) witnesses, herein signed below.

Rio de Janeiro, July 31, 2012

*[The remainder of the page has been intentionally left blank; signature page follows]*

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecilia Pizzatti
LEGAL DEPARTMENT

[stamp:] NZ1647/12          [stamp:] VIEIRA          [stamp:] GEJUR          [initials]          [stamp:] PETROS          [stamp:]          [stamp:] VALLA-ASLIS [initials]
CAIXA/CEAJU SP          REZENDE BARBOSA     FUNCEF [initials]                                 [initials] JUR/CS          AUTHORIZED          LEGAL CONSULTING –
BAR ASSOCIATION     E. GUERRERO                                    [initials]          Maria Cortezzi          [initials] LEGAL          INVESTMENTS
156.619                    [signature]
Lucia Elena A. F. Bastos  Attorney
[initials]

*Signature page of the Investment Commitment for Fundo de Investimento en Participações Sondas, entered on July 31, 2012*

**Caixa Econômica Federal, as administrator of Fundo de Investimento en Participações Sondas**

By:\_\_\_\_[signature]_____    By:\_\_\_\_\_[signature]_____
Name:                                          Name:  [stamp:] YOSHIO MARCOS HASHIMOTO
      [stamp:] REBECA CORREA BALIAN              National Manager
      EXECUTIVE MANAGER                          Reg. 028.253-0
Position:   REG. 067 287-0                 Position: GN Desenv. Fundos Estruturados
      GEDEF/MZ/SP                                CAIXA ECONÔMICA FEDERAL
      CAIXA ECONÔMICA FEDERAL

**Banco BTG Pactual S.A.**

By:\_\_\_\_\_[signature]_____    By:\_\_\_\_\_[signature]_____
Name:  [stamp:] CAMILLA BARROS DONATI    Name:  [stamp:] FERNANDA GAMA
                                  MOREIRA JORGE
   ATTORNEY                                    ATTORNEY
Position:                                      Position:

**Santander Participações S.A.**

By:\_\_\_\_\_[signature]_____    By:\_\_\_\_\_[signature]_____
Name:  [stamp:] Luiz Cantidio Jr.          Name:  [stamp:] Marcel Hudik F. de
                                  Albuquerque
Position: Director                         Position: [signature]

**Funcef – Fundação dos Economiários Federais**

By:\_\_\_\_\_[signature]_____    By:_____
Name:  [stamp:] Carlos Alberto Caser       Name:
Position: Director-President               Position
      FUNCEF

*[Continuation of signature page follows]*

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
Cecília Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ1647/23        [stamp:] VIEIRA        [stamp:] GEJUR        [initials]        [stamp:] PETROS        [stamp:]        [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP            REZENDE BARBOSA        FUNCEF [initials]                       [initials] JUR/CX     AUTHORIZED     LEGAL CONSULTING –
BAR ASSOCIATION          E. GUERRERO                                   [initials]        Maria Cortezzi       [initials] LEGAL   INVESTMENTS
156.619                  [signature]
Lucie Elena A. F. Bastos  Attorney
[initials]

*Continuation of signature page of the Investment Commitment for Fundo de Investimento en Participações Sondas, entered on July 31, 2012*

**Fundação Petrobras de Seguridade Social - Petros**

By: ____[signature]____          By: _____
Name:                            Name:
Position:                        Position:

**Fundação Vale do Rio Doce de Seguridade Social – Valia**

By: ____[signature]____          By: ____[signature]____
Name:                            Name:
Position:                        Position:

**Petróleo Brasileiro S.A.**

By: ____[signature]____          By: _____
Name:                            Name:
Position:                        Position:

**Lakeshore Financial Partners Participações Ltda.**

By: ____[signature]____          By: _____
Name:                            Name:
Position:                        Position

Luce Venture Capital – Drilling Series

By: ____[signature]____          By: _____
Name:                            Name:
Position:                        Position

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecília Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ1647/12        [stamp:] VIEIRA        [stamp:] GEJUR      [initials]      [stamp:] PETROS      [stamp:]               [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP            REZENDE BARBOSA        FUNCEF [initials]                   [initials] JUR/CS   AUTHORIZED             LEGAL CONSULTING –
BAR ASSOCIATION          E. GUERRERO                              [initials]        Mario Cortezzi      [initials] LEGAL       INVESTMENTS
156.619                  [signature]
Lucie Elena A. F. Bastos  Attorney
[initials]

EIG00019127
EIG_KEP_00044790

**EIG Sete Holdings Sàrl**

By: _____[signature]_____          By: _____[signature]_____

Name: *Maria Virginia* [illegible] *do*          Name:
                              *A. Mesquita*

Position: *Attorney*          Position:


Witnesses:

1.    [signature]_____          2. [signature]_____
Name: [stamp:] Maria Celma Misslas da Cruz          Name: [stamp:] Andréa Ribeira
Reg.: [illegible]18 373.229-7          Reg.: 23.126.528-1 [illegible]
       [illegible]          Individual Tax ID [CPF] No. 149.218.078-50

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecilia Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ1647/23    [stamp:] VIEIRA    [stamp:] GEJUR    [initials]    [stamp:] PETROS    [stamp:]    [stamp:] VALLA-ASLIS [initials]
CAIXA/CEAJU SP    REZENDE BARBOSA    FUNCEF [initials]    [initials] JUR/CS    AUTHORIZED    LEGAL CONSULTING –
BAR ASSOCIATION    E. GUERRERO    [initials]    Maria Cortezzi    [initials] LEGAL    INVESTMENTS
156.619    [signature]
Lucia Elena A. F. Bastos    Attorney
[initials]

EIG00019128
EIG_KEP_00044791

**Appendix I – Subscription Form**
**Subscription Form**

| Asset ISIN Code | Issuer |
|---|---|
| | Fundo de Investimento em Participações Sondas – CNPJ: 12.396.426/0001-95 |

| Subscription Form | Subscription Date |
|---|---|
| [redacted] | |

| Administrator | CNPJ/MF |
|---|---|
| Caixa Econômica Federal | 00.360.305/0001-04 |

| Administrator Address | City | State |
|---|---|---|
| Avenida Paulista n° 2.300, 11°andar | São Paulo | SP |

ISSUE DETAILS

| Name/Trade Name of the Subscriber | CPF/MF/CNPJ/MF |
|---|---|
| [redacted] | [redacted] |

| Subscriber Address (if legal entity or address of registered office) |
|---|
| [redacted] |

| District | City | State | CEP |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |

| Name of Attorney/Legal Representative | CPF | Identification Document | Issuing Body |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |

| Telephone | Email |
|---|---|
| [redacted] | [redacted] |

| Quota subscription price | Number of quotas subscribed for | Total amount of subscription |
|---|---|---|
| R$1.00 | [redacted] | [redacted] |

| Amount of applicable Entry Fee |
|---|
| [redacted] |

| Form of Payment and receipt of Funds | | | |
|---|---|---|---|
| CETIP | Account No. [redacted] | Custodian: [redacted] | Contact: [redacted] |

| Payment term |
|---|
| |

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF [initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A [initials]
Cecília Pizzutti
LEGAL DEPARTMENT

[stamp:] NJ1647/13 CAIXA/CEAJU SP BAR ASSOCIATION 156.619 Lucie Elena A. F. Bastos [initials]   [stamp:] VIEIRA REZENDE BARBOSA E. GUERRERO [signature] Attorney   [stamp:] GEJUR FUNCEF [initials]   [initials]   [initials]   [stamp:] PETROS [initials] JUROX Maria Cortezzi   [stamp:] AUTHORIZED [initials] LEGAL   [stamp:] VALIA-ASLIS [initials] LEGAL CONSULTING – INVESTMENTS

EIG00019129
EIG_KEP_00044792

| Distributor |
| --- |
|  |
|  |

| Declarations of the Subscriber/Investor |
| --- |
| I declare for all legal purposes that I agree to the conditions indicated in this Subscription Form and that: (i) I received free of charge, in this instrument, and have read and understood the entire content of the Fund Bylaws, and fully agree to its terms, clauses, and conditions, declaring my irrevocable and irretractable adherence to said bylaws; (ii) I received a brief description and I am aware of the qualification and professional experience of the members of the Administrator's technical team; (iii) I agree with the rules on amortization, redemption, and liquidation of the Fund, as well as with the other procedures provided for under the Fund Bylaws; (iv) I am a qualified investor, pursuant to the current regulations, and I will promptly inform the Fund Administrator if I should lose such status; and (v) I am also aware of *(a)* the objective and investment policy of the Fund, *(b)* the risks involved in investing in the Fund, which are consistent with my financial position, my risk profile, and my investment strategy, *(c)* of the possibility that there will be changes in the Fund's net assets and total loss of capital invested in the Fund, (d) the amount of the administration fee charged by the Fund, as well as the composition of the portfolio provided for under the Fund Bylaws, (e) the Fund's information disclosure policy adopted by the Administrator, *(f)* that the Fund's profitability or performance, and/or that of other investment funds do not guarantee future results; *(g)* that the applications made in the Fund and/or in investment funds in which the Fund may invest do not have a guarantee from its administrator, its manager, or any company belonging to its financial conglomerate, of any insurance mechanism and/or mechanism of the Credit Guarantee Fund [Fundo Garantidor de Créditos – FGC], and *(h)* that the Administrator, under no circumstance, except for those occurrences resulting from proven fraud or bad faith on its part, shall be liable for any depreciation in the fund's assets, or for any damage in the event of fund liquidation and/or redemption of quotas, *(i)* that the funds that will be used to pay for the Fund quotas and to pay the respective Entry Fees shall not arise from any practices that could be considered crimes under the legislation relating to the policy on preventing and combating money laundering; *(j)* that the quotas now subscribed shall not be listed or registered for public trading on any organized over-the-counter market or stock exchange, and any public negotiation shall require that a period of ninety (90) days have elapsed from this date, as well as that the listing or registration for trading of quotas have been authorized and completed, pursuant to the Fund Bylaws; and (k) the existence of a limitation applicable to privately held supplementary pension entities as concerns their investment in the Fund, which may not exceed the amount of 25% of the Fund's net assets, as provided under the National Monetary Council Resolution No. 3.792/09, Article 42, subsection IV, letter "b." Additionally, [the Subscriber/Investor] is responsible for the truthfulness of the declarations made herein, as well as for compensating the Administrator for any harm, including damages arising from the falsity, inaccuracy, or imprecision of the aforementioned statements. I furthermore declare to be aware that the Fund's quotas shall be distributed using restricted means, pursuant to CVM Instruction 476 of January 16, 2009, such that: (i) the offering of the Fund's quotas was not registered with the Brazilian Securities Commission [CVM]; and (ii) consequently, the Fund's quotas are subject to the trading restrictions provided for in the aforementioned instruction. |

Rio de Janeiro, July 31, 2012

_____
Subscriber or Legal Representative

_____
Subscriber or Legal Representative

Witnesses:

_____
Name:
Reg:
CPF:

_____
Name:
Reg.
CPF:

[stamp:] NJJ647/22   [stamp:] VIEIRA   [stamp:] GEJUR   [initials]   [stamp:] PETROS   [stamp:] [stamp:] VALIA-ASLIS [initials]
CAIXA/CEAJU SP   REZENDE BARBOSA   FUNCEF [initials]   [initials] RURCS   AUTHORIZED   LEGAL CONSULTING –
BAR ASSOCIATION   E. GUERRERO   [initials]   Mario Corteri   [initials] LEGAL   INVESTMENTS
156.649   [signature]
Lucie Elena A. F. Bastos   Attorney

[stamp:] DIPEC/GEOCOR/COCIN FUNCEF
[initials]
[stamp:] BANCO SANTANDER (BRASIL) S/A
[initials]
Cecília Pizzutti
LEGAL DEPARTMENT

EIG00019130
EIG_KEP_00044793

## INSTRUMENTO PARTICULAR DE COMPROMISSO DE INVESTIMENTO

Pelo presente instrumento particular, as Partes a saber:

de um lado,

**FUNDO DE INVESTIMENTO EM PARTICIPAÇÕES SONDAS**, inscrito no CNPJ/MF sob o nº 12.396.426/0001-95 ("Fundo"), neste ato representado por sua administradora, a **Caixa Econômica Federal**, instituição financeira sob a forma de empresa pública, regendo-se pelo estatuto aprovado pelo Decreto nº 6.473, de 5 de junho de 2008, autorizada pela Comissão de Valores Mobiliários ("CVM") a administrar fundos de investimento e carteiras de valores mobiliários, com sede em Brasília, Distrito Federal, no Setor Bancário Sul, Quadra 4, Lotes 3 e 4, 21º andar, Asa Sul, por meio de sua Vice-Presidência de Gestão de Ativos de Terceiros, situada na Cidade de São Paulo, Estado de São Paulo, na Avenida Paulista, n.º 2300, 11º andar, CEP 01310-300, inscrita no CNPJ/MF sob o nº 00.360.305/0001-04 ("Administradora");

e, de outro lado,

**Banco BTG Pactual S.A.**, instituição financeira, com sede na Cidade do Rio de Janeiro, Rio de Janeiro, na Praia de Botafogo, 501, Torre Corcovado, 5º andar, CEP 22250-040, inscrita no CNPJ/MF sob o nº 30.306.294/0001-45, neste ato representada em conformidade com seu estatuto social, doravante denominada simplesmente "BTG Pactual";

**Santander Participações S.A.**, sociedade anônima com sede na Avenida Presidente Juscelino Kubitschek, nº 2041 e 2235 – Bloco A (parte), 16º andar, CEP 04543-011, Cidade e Estado de São Paulo, inscrito no CNPJ sob o nº 04.270.778/0001-71, neste ato representado por seus representantes legais na forma prevista em seus atos constitutivos, doravante denominada simplesmente "Santander";

**Fundação dos Economiários Federais – FUNCEF**, entidade fechada de previdência complementar com personalidade jurídica de direito privado domiciliada no Setor Comercial Norte Quadra 02, Bloco "A", Ed. Corporate Financial Center, 12º e 13º andares, na Cidade de Brasília, Distrito Federal, CEP 70712-900, inscrita no CNPJ/MF sob o nº 00.436.923/0001-90, neste ato representada em conformidade com seu estatuto, doravante denominada simplesmente "Funcef";







EIG00019109

EIG_KEP_00044772

**Fundação Petrobras de Seguridade Social - PETROS**, entidade fechada de previdência complementar, domiciliada na Rua do Ouvidor, n° 98, Centro, CEP 20040-030, na Cidade e Estado do Rio de Janeiro, inscrita no CNPJ/MF sob o n° 34.053.942/0001-50, neste ato representada em conformidade com seu estatuto, doravante denominada simplesmente "Petros";

**Fundação Vale do Rio Doce de Seguridade Social – Valia**, entidade fechada de previdência complementar, com sede na Av. das Américas, n° 4430, 3° andar, Barra da Tijuca, Cidade do Rio de Janeiro, Estado do Rio de Janeiro, CEP: 22640-102, inscrita no CNPJ/MF sob o n° 42.271.429/0001-63, neste ato representada por seus representantes legais na forma prevista em seus atos constitutivos, doravante denominada simplesmente "Valia";

**Petróleo Brasileiro S.A. – Petrobras**, sociedade de economia mista, com sede na Avenida República do Chile, 65, CEP 20031-912, Cidade do Rio de Janeiro, Estado do Rio de Janeiro, República Federativa do Brasil, inscrita no CNPJ/MF, sob o n° 33.000.167/0001-01, neste ato representada por seus representantes legais na forma prevista em seus atos constitutivos, doravante denominada simplesmente "Petrobras";

**Lakeshore Financial Partners Participações Ltda.**, sociedade limitada domiciliada na Rua do Rocio, 291, 7° andar, CEP 04552-000, na Cidade e Estado de São Paulo, inscrita no CNPJ/MF sob o n° 13.040.317/0001-01, neste ato representada em conformidade com seu contrato social, doravante denominada simplesmente "Lakeshore";

**Luce Venture Capital – Drilling Series**, empresa com sede em 500 Stanton Christina Road, Newark, Delaware, 19713-2107, Estados Unidos da América, neste ato representada em conformidade com seu contrato social, doravante denominada simplesmente "LuceDrilling"; e



**EIG Sete Holdings SàRL**, sociedade com sede em 2, boulevard Konrad Adenauer, L-1115, Luxemburgo, neste ato representada em conformidade com seu contrato social, doravante denominada simplesmente "EIG".

BTG Pactual, Santander, Funcef, Petros, Valia, Petrobras, Lakeshore, LuceDrilling e EIG em conjunto são doravante denominados "Investidores".









Confidential

*CONSIDERANDO*

(i) que o Fundo foi constituído em 04 de agosto de 2010, sob a forma de condomínio fechado, nos termos da Instrução CVM nº 391, de 16 de julho de 2003, conforme alterada ("Instrução CVM nº 391"), tendo sido devidamente registrado na CVM em 07 de janeiro de 2011;

(ii) que os Investidores são investidores qualificados, nos termos da Instrução CVM nº 409, de 18 de agosto de 2004, conforme alterada ("Instrução CVM nº 409") e da Instrução CVM nº 476, de 16 de janeiro de 2009 ("Instrução CVM 476");

(iii) que os Investidores têm interesse em subscrever e integralizar quotas a serem emitidas pelo Fundo;

(iv) que a subscrição de quotas do Fundo está condicionada à celebração de Instrumento Particular de Compromisso de Investimento, conforme estabelecido no Artigo 7º do regulamento do Fundo ("Regulamento");

(v) que, nesta mesma data, será aditado e consolidado o acordo de Quotistas ("Acordo de Quotistas") entre os Investidores, então quotistas do Fundo, com a interveniência e anuência da Administradora;



**RESOLVEM** as partes firmar o presente Instrumento Particular de Compromisso de Investimento ("Compromisso de Investimento"), o qual será regido pelas seguintes cláusulas e condições:

**Cláusula Primeira - Objeto do Compromisso de Investimento**



1.1 Pelo presente Compromisso de Investimento, os Investidores se comprometem, de forma irrevogável e irretratável e até o limite de seu respectivo capital comprometido, a subscrever e integralizar as quotas de emissão do Fundo abaixo identificadas ("Quotas"), com valor unitário de emissão de R$ 1,00 (um real), bem como pagar as respectivas Taxas de Ingresso, conforme aplicável, nos termos do Artigo 44 do Regulamento, perfazendo o montante total de R$ 5.427.889.807,00 (cinco bilhões, quatrocentos e vinte e sete milhões, oitocentos e oitenta e nove mil, oitocentos e sete reais) ("Capital Comprometido"):





Confidential

| Investidor | Quantidade de Quotas | Valor (R$) – Taxa de Ingresso | Valor (R$) – Capital Comprometido |
|---|---|---|---|
| BTG Pactual | 1.902.246.719 | 35.072.620 | 1.937.319.339 |
| Santander | 248.015.873 | 1.984.127 | 250.000.000 |
| Funcef | 1.028.046.846 | 8.224.375 | 1.036.271.221 |
| Petrobras | 267.602.063 | 2.140.817 | 269.742.880 |
| Petros | 1.028.046.846 | 8.224.375 | 1.036.271.221 |
| Valia | 100.000.000 | 800.000 | 100.800.000 |
| Lakeshore | 3.000.000 | 25.066 | 3.025.066 |
| LuceDrilling | 278.048.780 | 6.951.220 | 285.000.000 |
| EIG | 497.034.137 | 12.425.853,41 | 509.459.990 |
| **Total** | **5.352.041.265** | **75.848.452** | **5.427.889.718** |

1.1.1   A subscrição das Quotas deverá observar os estritos termos e condições aprovados pelos Quotistas na 19ª Assembleia Geral de Quotistas do Fundo ("19ª AGQ"), datada de 31 de julho de 2012, sendo dividida em duas etapas nas proporções previstas abaixo: (i) a primeira subscrição deverá ocorrer nesta data; e (ii) a segunda subscrição deverá ocorrer (a) em até 5 (cinco) dias úteis contados da aprovação pelo Conselho Administrativo de Defesa da Concorrência ("CADE"), em relação à todos os Quotistas que de acordo com a tabela abaixo possuam obrigação de subscrever Quotas na segunda subscrição, ou ainda, (b) em relação às Quotas Complementares (conforme definição contida na 19ª AGQ) da Funcef, Petros e Petrobras, em até 5 (cinco) dias úteis contados da realocação das Quotas Excedentes (conforme definição contida na 19ª AGQ), no caso de não aprovação da subscrição por referida autoridade em relação aos Quotistas. Os Quotistas assumem o compromisso irrevogável e irretratável de praticar tempestivamente todos e quaisquer atos que sejam necessários para a efetiva subscrição das Quotas, nas proporções mencionadas abaixo, mediante a ocorrência dos eventos mencionados neste item 1.1.1.



| Investidor | Quantidade de Quotas 1ª Subscrição | Quantidade de Quotas 2ª Subscrição |
|---|---|---|
| BTG Pactual | 406.207.552 | 1.496.039.167 |
| Santander | 248.015.873 | 0 |
| Funcef | 520.179.318 | 507.867.528 |
| Petrobras | 135.403.420 | 132.198.643 |
| Petros | 520.179.318 | 507.867.528 |
| Valia | 100.000.000 | 0 |
| Lakeshore | 3.000.000 | 0 |
| LuceDrilling | 278.048.780 | 0 |
| EIG | 497.034.137 | 0 |
| Total | 2.708.068.398 | 2.643.972.867 |

4

Confidential

EIG00019112

EIG_KEP_00044775

1.1.2   Quando da subscrição das Quotas, a Administradora emitirá um boletim de subscrição para cada Investidor nos termos do modelo constante do Anexo I deste Compromisso de Investimento ("Boletim de Subscrição"), o qual deverá ser assinado pelo respectivo Investidor.

1.1.3   Sem prejuízo de eventual obrigação de pagamento de determinados passivos da Companhia Alvo atribuídos ao Fundo, a responsabilidade de cada Quotista limita-se ao montante equivalente a sua participação no respectivo Capital Comprometido.

1.1.4   Em nenhum caso os Quotistas serão responsáveis pelo pagamento de passivos do Fundo e/ou da Companhia Alvo atribuídos ao Fundo decorrentes de culpa ou negligência da Administradora no exercício das suas funções.

1.1.5   Não há solidariedade entre os Investidores em relação à obrigação de subscrição e integralização do Capital Comprometido correspondente a cada Investidor, nos termos da Cláusula 1.1.

1.2   O valor do Capital Comprometido integralizado pelos Investidores somente poderá ser utilizado pelo Fundo para subscrição e integralização de ações de emissão da Companhia Alvo e pagamento dos encargos e despesas do Fundo, conforme previsto no Regulamento.

1.3   Aplicam-se a este Compromisso de Investimento a Instrução CVM n° 391 e o disposto no Regulamento. Havendo qualquer inconsistência entre este Compromisso de Investimento e o Regulamento, o Regulamento deverá prevalecer.



1.4   Em relação aos investidores constituídos como entidades fechadas de previdência complementar, aplicam-se a este Compromisso de Investimento o constante na Lei Complementar n°. 108/2001, na Lei Complementar n°. 109/2001 e na Resolução CMN n° 3.792/2009.

1.5   Nos termos do item 2.3 do Acordo de Quotistas, para que sejam admitidos como Quotistas do Fundo, os Investidores que ainda não seja Quotistas do Fundo deverão celebrar (i) termo de adesão ao Acordo de Quotistas; (ii) termo de adesão ao Regulamento do Fundo; (iii) termo de adesão ao Acordo de Investimentos; e (iv) termo de adesão ao Acordo para Realização de Negócios Financeiros.













EIG00019113
EIG_KEP_00044776

**Cláusula Segunda – Subscrição e Integralização das Quotas**

2.1    O Capital Comprometido, incluindo as Taxas de Ingresso aplicáveis, deverá ser integralizado à medida que o Fundo necessite de recursos para a implementação dos seus objetivos, mediante chamadas de capital a serem realizadas pela Administradora, no prazo de duração do Fundo, conforme previsto no Regulamento ("Chamada de Capital").

2.1.1    A Administradora somente solicitará chamadas de capital na medida do necessário para fazer com que a Companhia dê cumprimento ao seu Plano de Negócios, aprovado conforme o disposto no Acordo de Acionistas da Companhia, e/ou ao pagamento de despesas e encargos do Fundo.

2.1.2    Os recursos provenientes dos aportes de capital realizados pelos Investidores, em decorrência das chamadas de capital, deverão ser utilizados para a integralização, pelo Fundo, de ações de emissão da Companhia, no prazo de até 03 (três) dias úteis da data em que sejam aportados no Fundo, exceto conforme o disposto na Cláusula 2.1.3 abaixo.

2.1.3    Não obstante o disposto nas Cláusulas 2.1.1 e 2.1.2 acima, parte dos recursos aportados pelos Investidores poderá ser retida pela Administradora para fazer frente às despesas e encargos do Fundo, conforme previsto no Regulamento, limitada em todo caso ao montante correspondente (i) a 0,5% (cinco décimos por cento) do capital comprometido do Fundo ou (ii) à provisão de despesas para os próximos 6 (seis) meses, dos dois, o menor.



2.1.4    O cronograma de aportes será revisto pelas Partes em caso de aumento do capital comprometido do Fundo, nos termos da Cláusula 5.3 do Acordo de Investimento. Caso haja ingresso de novos acionistas no capital social da Companhia, as Partes deverão considerar na revisão do cronograma de aportes a realização de aportes de capital prioritariamente por tais novos acionistas, até que a relação entre capital comprometido e capital subscrito e integralizado pelo Fundo e pela Petrobras e pelos novos acionistas seja equivalente e reflita a participação proporcional de cada um deles no capital subscrito da Companhia.










2.2     O número de Quotas a serem integralizadas por cada Investidor a cada Chamada de Capital será determinado de forma proporcional entre todos os investidores do Fundo, levando-se em consideração a proporção do Capital Comprometido de cada Investidor, indicada na Cláusula 1.1. Não obstante, fica desde já acordado entre as Partes que a Administradora está autorizada a efetuar Chamadas de Capital que prevejam integralizações prioritárias de quotas, acrescidas da respectiva Taxa de Ingresso, por novos Investidores ou Investidores originais do Fundo que tenham aumentado sua participação, até que a relação entre capital subscrito e capital integralizado de todos os Investidores seja equivalente.

2.3     Não obstante o previsto acima, uma vez ocorrida a segunda subscrição nos termos item 1.1.1 acima, os Quotistas deverão, nas chamadas de capital imediatamente subsequentes à data de referida subscrição e à medida que o Fundo necessite de recursos para implementação dos seus objetivos, integralizar os montantes necessários para equalizar as respectivas proporções entre capital subscrito e integralizado dos demais Quotistas do Fundo.

2.4.    A Administradora notificará o Investidor, por escrito, acerca de quaisquer Chamadas de Capital e respectivos pagamentos do Capital Comprometido, que tenham que ser feitos pelo Investidor ("Notificação de Integralização").

2.4.1   A Notificação de Integralização deverá indicar: (a) a forma de pagamento do Capital Comprometido, o qual deverá ser realizado em conta corrente do Fundo, (b) o valor, (c) o meio de pagamento, que será feito via sistema operacionalizado pela CETIP S.A. – Balcão Organizado de Ativos e Derivativos ("CETIP"), e (d) a documentação a ser utilizada para a formalização deste pagamento.



2.4.2   A Notificação de Integralização deverá ser encaminhada ao Investidor na forma indicada na Cláusula 6.9 deste Compromisso de Investimento.

2.4.3   O Capital Comprometido será pago, observando-se o disposto no Artigo 41 do Regulamento: *(a)* pelos Investidores Santander, BTG Pactual, Petrobras, Lakeshore, LuceDrilling e EIG no prazo de 7 (sete) dias úteis contados da data de recebimento de Notificação de Integralização; e *(b)* pelos Investidores Petros, Valia e Funcef no prazo de 8 (oito) dias úteis contados da data de recebimento de Notificação de Integralização.








EIG00019115
EIG_KEP_00044778

2.4.4   Excepcionalmente, a primeira integralização do Capital Comprometido realizada pelos Investidores após a assinatura deste Compromisso de Investimento deverá ser realizada no prazo de 02 (dois) dias úteis contados da data de recebimento de Notificação de Integralização.

2.5   Caso, durante o processo da Oferta Pública de Ações da Companhia, a Diretoria da Companhia indique que há possibilidade de cancelamento de parte do capital comprometido não integralizado dos Quotistas, mesmo após eventual realização dos aportes previstos na cláusula 6.4 do Acordo de Quotistas, e ocorrendo a hipótese prevista nas cláusulas 6.4.4 e 6.4.5 do Acordo de Quotistas, quando da última Chamada de Capital que anteceder a abertura de capital da Companhia, fica ajustado entre as partes que o Quotista que optar por não acompanhar os aportes, conforme posição ratificada em Reunião do Comitê de Investimento, terá o seu Capital Comprometido limitado ao montante aportado até aquela data, não lhe sendo imputada qualquer penalidade ou obrigação acessória a partir da data da última Chamada de Capital. O Quotista que se enquadrar nessa situação não deverá aportar novos recursos e não será considerado inadimplente, observado os termos deste Compromisso.

2.6   Tendo em vista a limitação de enquadramento imposta às entidades fechadas de previdência complementar ("EFPC") quanto à participação percentual em um único fundo de investimento em participações, conforme disposto na Resolução do Conselho Monetário Nacional nº 3.792, de 24 de setembro de 2009, fica acordado que, caso a Administradora verifique, no encerramento de cada Chamada de Capital, que em razão da inadimplência de um ou mais Investidores, qualquer outro Investidor venha a desenquadrar-se em relação aos limites percentuais de investimento subscrito por cada Investidor, a Administradora, por intermédio do custodiante do Fundo, estornará, na mesma data, a parcela dos valores integralizados ao(s) Investidor(es) desenquadrado(s), na medida necessária para manter a participação de tais Investidores dentro dos referidos limites percentuais de investimento subscrito por cada Investidor.



2.6.1   A Administradora poderá solicitar que a integralização de capital dos Investidores não EFPC, seja feita até às 11h da data limite para integralização dos recursos, e dos Investidores EFPC até às 13h da data limite.













8

**Cláusula Terceira - Vigência**

3.1    O presente Compromisso de Investimento entra em vigor na presente data e permanecerá vigente até que o Fundo seja liquidado, devendo neste caso ser observado o disposto no Capítulo XIII do Regulamento do Fundo e no Capítulo VI do Acordo de Quotistas do Fundo, ou até que a totalidade do Capital Comprometido tenha sido devidamente integralizada pelos Investidores, observados os montantes indicados na Cláusula Primeira, o que ocorrer antes.

**Cláusula Quarta - Penalidades**

4.1    O Investidor se compromete a cumprir com o disposto no Artigo 45 do Regulamento e neste Compromisso de Investimento, responsabilizando-se por quaisquer perdas e danos que venham a causar ao Fundo pelo não cumprimento de suas obrigações, observado o disposto na Cláusula Primeira acima.

4.2    Caso qualquer Investidor deixe de cumprir, total ou parcialmente, com a obrigação de aportar recursos no Fundo, nos termos do Regulamento e deste Compromisso de Investimento, até a data especificada em cada Notificação de Integralização estará sujeito as seguintes penalidades:

4.2.1.    O Investidor inadimplente ficará de pleno direito constituído em mora, sujeitando-se ao pagamento de seu débito atualizado, a partir da data especificada para pagamento em cada Notificação de Integralização até a data de quitação do débito, pela variação percentual acumulada do IPCA, acrescido de juros de 13,6% (treze vírgula seis por cento) ao ano, *pro rata temporis* até a data de seu efetivo pagamento, além de multa diária equivalente a 0,5% (meio por cento) do débito em atraso corrigido, cujo montante será apropriado diariamente e revertido em favor do Fundo.



4.2.2.    Caso a mora do Investidor inadimplente persista por um prazo superior a 30 (trinta) dias a contar da data do vencimento da obrigação, a Administradora deverá convocar a Assembleia Geral de Quotistas para avaliar e aprovar a aplicação de outras medidas, tais como: (a) cobrar as importâncias devidas, (b) ofertar as Quotas do Investidor inadimplente, respeitado o Direito de Preferência previsto no Regulamento, e sem prejuízo da responsabilidade do Investidor inadimplente de ressarcir os prejuízos a que der causa, bem como arcar com todos os custos e despesas, inclusive honorários advocatícios, decorrentes da oferta; (c) antecipar o aporte dos demais Investidores para



cumprir as obrigações contratadas pelo Fundo, limitado ao Capital Comprometido de cada um, incluindo as respectivas Taxas de Ingresso.

4.2.3.   Adicionalmente, caso o Fundo esteja impedido de cumprir qualquer obrigação validamente contratada devido à inadimplência de um ou mais Investidores, o Investidor inadimplente estará obrigado à reparação por perdas e danos ao Fundo, a despeito das demais penalidades impostas no Regulamento, no Boletim de Subscrição e na legislação em vigor, podendo, ainda, cobrar indenização suplementar do Investidor inadimplente até alcançar o efetivo valor do prejuízo sofrido pelo Fundo ou pela Companhia Alvo, conforme previsto no artigo 416 do Código Civil Brasileiro.

4.2.4.   O Investidor inadimplente estará sujeito as seguintes disposições: (a) não poderá exercer seu direito de voto nas reuniões da Assembleia Geral de Quotistas, nem seu representante, no Comitê de Investimento, e (b) terá as amortizações, os dividendos e juros sobre o capital próprio a que fizer jus utilizados para compensação dos débitos existentes com o Fundo, até o limite de seus débitos.

4.2.5.   Caso o Investidor inadimplente venha a cumprir com suas obrigações após a suspensão de seus direitos, porém antes da venda de suas Quotas, conforme indicado acima, tal Investidor inadimplente passará a ter novamente o direito de votar e de receber ganhos e rendimentos do Fundo, com relação às Quotas das quais seja titular, e o procedimento de venda de suas Quotas, se iniciado, será interrompido.

4.2.6.   Caso o montante apurado na venda das Quotas detidas pelo Investidor inadimplente seja inferior ao montante necessário para quitar o seu débito com o Fundo, o Investidor inadimplente continuará obrigado perante o Fundo ao pagamento do débito remanescente, acrescido da atualização, dos juros e da multa estabelecidos no item 4.2.1. acima. Nesse caso, a Administradora promoverá contra o investidor inadimplente processo de execução para cobrar as importâncias devidas.

**Cláusula Quinta - Equipe da Administradora**

5.1   Os membros integrantes da equipe chave da Administradora serão vinculados à Gerência Nacional de Desenvolvimento de Fundos Estruturados, unidade da Administradora com sede na cidade de São Paulo e deverão possuir: (i) reputação ilibada; (ii) graduação em curso superior, em instituição reconhecida oficialmente no país ou no exterior; (iii) experiência profissional em






EIG00019118
EIG_KEP_00044781

atividades relacionadas à gestão e administração de fundos de investimentos; e (iv) disponibilidade e compatibilidade de tempo para o exercício das atividades necessárias à gestão e administração do Fundo.

**Cláusula Sexta - Disposições Gerais**

6.1    <u>Declaração.</u> Cada Investidor declara e garante à Administradora que está de acordo com os termos e condições expressas neste Compromisso de Investimento, bem como recebeu gratuitamente, neste ato, e leu e compreendeu o inteiro teor do Regulamento do Fundo, concordando integralmente com os seus termos e condições, manifestando sua adesão irrevogável e irretratável ao referido Regulamento.

6.2    <u>Sucessão.</u> O presente Compromisso de Investimento é firmado em caráter irrevogável e irretratável, obrigando as partes por si e seus respectivos sucessores e cessionários, a qualquer título.

6.3    <u>Renúncia.</u> O não exercício de qualquer direito, vantagem ou opção previstos neste Compromisso de Investimento não implicará em renúncia do referido direito, vantagem ou opção, e não afetará o seu posterior exercício, a qualquer tempo.

6.4    <u>Despesas.</u> As despesas previstas ou relacionadas a este instrumento, tais como eventuais despesas de remessas e de telecomunicações e/ou outras quaisquer, deverão ser pagas por cada Investidor individualmente e na proporção de sua respectiva participação no capital comprometido do Fundo. Caso a Administradora decida, a fim de viabilizar o pagamento tempestivo de tais despesas, efetuar o pagamento dessas despesas antes que os valores necessários para tanto tenham sido antecipados pelo Investidor, o Investidor deverá proceder ao seu ressarcimento na proporção de sua respectiva participação no capital comprometido do Fundo, desde que o pagamento das despesas seja devidamente comprovado pela Administradora, no prazo máximo de 7 (sete) dias úteis contados do recebimento do respectivo comprovante.



6.5    <u>Alteração.</u> O presente Compromisso de Investimento somente poderá ser alterado por escrito, mediante assinatura das Partes.



6.6    <u>Independência.</u> Na hipótese de qualquer disposição deste Compromisso de Investimento vir a se tornar inválida ou inexequível e/ou contrária à legislação aplicável em vigor ou que venha a vigorar futuramente, a validade das demais disposições contratuais nele consignadas não





11

serão afetadas, permanecendo em pleno vigor, devendo as partes acordar, de boa fé, a modificação deste Compromisso de Investimento, e/ou celebrar outros acordos e contratos necessários ou desejáveis para aproximar, ao máximo e desde que possível, os termos e definições de natureza econômica, legal, administrativa, operacional e de outras naturezas acordadas entre as partes e pretendidas por elas neste instrumento.

6.7     Definições. Os termos iniciados em letras maiúsculas neste Compromisso de Investimento, que não tenham sido aqui de outra forma definidos, têm o mesmo significado a eles atribuído no Regulamento.

6.8     Execução Específica. Para todos os fins e efeitos de direito, as partes atribuem a este Compromisso de Investimento a qualidade de título executivo extrajudicial, nos termos e para os fins do artigo 585, inciso II, do Código de Processo Civil, reconhecendo, desde já, a liquidez e certeza de quaisquer obrigações pecuniárias previstas neste Compromisso de Investimento que venham a ser cobradas por meio de processo de execução por quantia certa contra devedor solvente.

6.9     Notificações. As comunicações a serem enviadas nos termos deste Compromisso de Investimento, se feitas por fac-símile ou correio eletrônico serão consideradas recebidas na data de seu envio, desde que seu recebimento seja confirmado por meio de indicativo (recibo emitido pela máquina utilizada pelo remetente), devendo os respectivos originais ser encaminhados até 5 (cinco) dias úteis após o envio da mensagem. Se feitas por correspondência, as comunicações serão consideradas entregues quando recebidas sob protocolo ou com "aviso de recebimento" expedido pelo Correio ou por telegrama, nos endereços constantes da qualificação a seguir, exceto se a Parte destinatária indicar outro endereço à outra Parte, por escrito, com até 5 (cinco) dias úteis de antecedência:

Para a Administradora:
Av. Paulista, 2300 – 11º andar
01310-300 - São Paulo, SP
Fax: (11) 3555-6378
A.C: Gerência Nacional de Desenvolvimento de Fundos Estruturados
E-mail: gedef@caixa.gov.br









Confidential

<u>Para Banco BTG:</u>

Praia de Botafogo, 501, Torre Corcovado, 5° andar

Cidade e Estado do Rio de Janeiro

CEP 22250-040

Departamento Jurídico

Telefone: +55 (11) 3383-2000

Fac-símile: +55 (11) 3383-2001

A/C: Sr. Bruno Duque, Sr. Oderval Duarte e Sr. Lucas Martinelli

E-mail: bruno.duque@btgpactual.com; oderval.duarte@btgpactual.com; e

lucas.martinelli@btgpactual.com

<u>Para Banco Santander Participações:</u>

Av. Presidente Juscelino Kubitschek, 2.041 / 2.235, Bloco A, 16° andar

CEP: 04543-011 São Paulo – SP

Fax n°: (11) 3553-2999

A/C: Sr. Marcelo Hudik Furtado de Albuquerque

E-mail: mhalbuquerque@santander.com.br

<u>Para Funcef:</u>

Setor Comercial Norte Quadra 02, Bloco "A", Ed. Corporate Financial Center, 12° e 13° andares,

Brasília, DF

CEP: 70712-900

Tel.: (61) 3532-1772

FAX: (61) 3532-1767

Responsável: Diretoria de Participações

E-mail: dipar@funcef.com.br; humberto@funcef.com.br; leonardosansivieri@funcef.com.br



<u>Para Petros:</u>

Rua do Ouvidor, n° 98, Centro, Rio de Janeiro, RJ

CEP: 20040-030

Telefone: (21) 2506-0514

Responsável: Manuela Marçal, Gerente Executiva de Participações Mobiliárias

E-mail: manuelam@petros.com.br








13

Confidential

Para Petrobras:

Av. República do Chile, 65/1004

Cidade e Estado do Rio de Janeiro

CEP 20031-912

A/C: Fábio Barreto Lourenço

Telefone: +55 (21) 3224-3067

Fac-símile: +55 (21)3224-0860

Email: fabiolourenco@petrobras.com.br


Para Valia:

Av. das Américas, nº 4430, 3ª andar, Barra da Tijuca

CEP: 22640-102 – Rio de Janeiro – RJ

Fax: +55 (21) 3385 2227

A/C: Sr. Eustáquio Coelho Lott

E-mail: eustaquio.lott@vale.com


Para a Lakeshore:

Rua do Rocio, 291 – 7º andar , Vila Olímpia, São Paulo, SP

CEP: 04552-000

Tel.: (21) 8151-6309

A/C: Luiz Fontoura de Oliveira Reis Filho

Email: luizreis@globo.com




Para a LuceDrilling:

Praia de Botafogo, 228, Ala A - sala 601, Botafogo

Rio de Janeiro, 22250-040

Facsimile + 55 21 25541071

Tel +55 21 2553-4303

At: Sr. Aldo Floris

Email: aldofloris@flbinv.com.br






Para a EIG:

1700 Pennsylvania Ave, NW

Washington, DC 20006 USA

Tel: (202) 600-3306

Fax: (202) 600-3406

Email: kevin.corrigan@eigpartners.com e blair.thomas@eigpartners.com



 VIEIRA REZENDE  



14

Confidential

EIG00019122

EIG_KEP_00044785

**Cláusula Sétima – Solução de Controvérsias**

7.1. Se houver quaisquer Conflitos (conforme abaixo definido), os Investidores e a Administradora deverão envidar seus melhores esforços para solucionar o Conflito de forma amigável. Para tal fim, qualquer Investidor e/ou a Administradora poderá notificar o outro de sua intenção de iniciar o procedimento descrito nesta Cláusula, pela qual os Investidores e/ou a Administradora, deverão se reunir para tentar solucionar tal conflito por meio de discussões amigáveis e de boa-fé.

7.1.1    No caso de os Investidores e a Administradora não chegarem a um consenso, em conformidade com o *caput* desta Cláusula 7.1, no prazo de 30 (trinta) dias contados a partir do recebimento da notificação de qualquer Investidor e/ou da Administradora, então o Conflito deverá ser solucionado por arbitragem, como descrito na Cláusula 7.2 abaixo.

7.2.    Quaisquer controvérsias, litígios, dúvidas, disputas, conflitos, questões ou discrepâncias de qualquer natureza oriundas ou relacionadas a este Compromisso de Investimento ("Conflito"), envolvendo qualquer dos Investidores e/ou a Administradora ("Partes Envolvidas"), será resolvido por meio de arbitragem, a ser conduzida perante e administrada pelo Centro de Arbitragem e Mediação da Câmara de Comércio Brasil-Canadá ("Câmara").

7.3.    A arbitragem será realizada de acordo com as normas procedimentais da Câmara em vigor no momento da arbitragem ("Regulamento da Câmara"). 

7.4.    A arbitragem caberá a um tribunal arbitral composto por três árbitros, preferencialmente inscritos na Ordem dos Advogados do Brasil ("Tribunal Arbitral").

7.5.    Cada Parte Envolvida indicará um árbitro. Havendo mais de um reclamante, todos eles indicarão de comum acordo um único árbitro; havendo mais de um reclamado, todos eles indicarão de comum acordo um único árbitro. O terceiro árbitro, que presidirá o Tribunal Arbitral, será escolhido de comum acordo pelos árbitros indicados pelas Partes Envolvidas. 

7.5.1.    Quaisquer omissões, recusas, litígios, dúvidas e faltas de acordo quanto à indicação dos árbitros pelas Partes Envolvidas ou à escolha do terceiro árbitro serão dirimidos pela Câmara.





EIG00019123

EIG_KEP_00044786

7.5.2.   Os procedimentos previstos nesta Cláusula 7.5 também se aplicarão aos casos de substituição de árbitro.

7.6.   A arbitragem será realizada no Município do Rio de Janeiro, Estado do Rio de Janeiro, podendo o Tribunal Arbitral, motivadamente, designar a realização de atos específicos em outras localidades.

7.7.   A arbitragem será realizada em língua portuguesa.

7.8.   A arbitragem será de direito, aplicando-se as regras e princípios do ordenamento jurídico da República Federativa do Brasil.

7.9.   A arbitragem será concluída no prazo de 6 (seis) meses, contados a partir da data de assinatura do termo de arbitragem, o qual poderá ser prorrogado motivadamente pelo Tribunal Arbitral.

7.10.   A arbitragem será sigilosa.

7.11.   O Tribunal Arbitral alocará entre as partes, conforme os critérios da sucumbência, razoabilidade e proporcionalidade, o pagamento e o reembolso (i) das taxas e demais valores devidos, pagos ou reembolsados à Câmara, (ii) dos honorários e demais valores devidos, pagos ou reembolsados aos árbitros, (iii) dos honorários e demais valores devidos, pagos ou reembolsados aos peritos, tradutores, intérpretes, estenotipistas e outros auxiliares eventualmente designados pelo Tribunal Arbitral, (iv) dos honorários advocatícios de sucumbência fixados pelo Tribunal Arbitral e (v) de eventual indenização por litigância de má-fé. O Tribunal Arbitral não condenará qualquer das Partes Envolvidas a pagar ou reembolsar (i) honorários contratuais ou qualquer outro valor devido, pago ou reembolsado pela parte contrária a seus advogados, assistentes técnicos, tradutores, intérpretes e outros auxiliares e (ii) qualquer outro valor devido, pago ou reembolsado pela parte contrária com relação à arbitragem, a exemplo de despesas com fotocópias, autenticações, consularizações e viagens.





7.12.   As decisões da arbitragem serão finais e definitivas, não se exigindo homologação judicial nem cabendo qualquer recurso contra as mesmas, ressalvados os pedidos de correção e esclarecimentos ao Tribunal Arbitral previstos no art. 30 da Lei nº 9.307/96 e eventual ação anulatória fundada no art. 32 da Lei nº 9.307/96.











16

7.13. Antes da instalação do Tribunal Arbitral, qualquer das Partes Envolvidas poderá requerer ao Poder Judiciário medidas de urgência, sendo certo que o eventual requerimento de medida de urgência ao Poder Judiciário não afetará a existência, validade e eficácia da convenção de arbitragem, nem representará uma dispensa com relação à necessidade de submissão do Conflito à arbitragem. Após a instalação do Tribunal Arbitral, os requerimentos de medida de urgência deverão ser dirigidos ao Tribunal Arbitral, após a sua constituição.

7.14. Para (i) as de urgência anteriores à constituição do Tribunal Arbitral, (ii) a execução das decisões do Tribunal Arbitral, inclusive da sentença final e eventual sentença parcial, (iii) eventual ação anulatória fundada no art. 32 da Lei nº 9.307/96 e (iv) os Conflitos que por força da legislação brasileira não puderem ser submetidas à arbitragem, fica eleito o Foro da Comarca do Rio de Janeiro, Estado do Rio de Janeiro, como o único competente, renunciando-se a todos os outros, por mais especiais ou privilegiados que sejam.



E por estarem assim justas e contratadas, as partes assinam o presente Compromisso de Investimento em 10 (dez) vias, na presença das 2 (duas) testemunhas abaixo assinadas.

Rio de Janeiro, 31 de julho de 2012

*[O restante da página foi intencionalmente deixado em branco, segue página de assinaturas]*



17

*Página de assinaturas do Compromisso de Investimento do Fundo de Investimento em Participações*

*Sondas, celebrado em 31 de julho de 2012*

**Caixa Econômica Federal, na qualidade de administradora do Fundo de Investimento em Participações Sondas**

Por:

Nome:
REBECA CORREA BALIAN
GERENTE EXECUTIVO
MATR. 067 287-0
GEDEF/MZ/SP
CAIXA ECONÔMICA FEDERAL

Cargo:

Por:

Nome:
YOSHIO MARCOS HASHIMOTO
Gerente Nacional
Matr. 028.253-0
GN Geserv. Fundos Estruturados
CAIXA ECONÔMICA FEDERAL

Cargo:

**Banco BTG Pactual S.A.**

Por:

Nome:
CAMILLA BARROS DONATI
PROCURADORA

Cargo:

Por:

Nome:
FERNANDA GAMA MOREIRA JORGE
PROCURADORA

Cargo:

**Santander Participações S.A.**

Por:

Nome:
Luiz Cantidio Jr.
Diretor

Cargo:

Por:

Nome:
Marcelo Hudik F. de Albuquerque

Cargo:

**Funcef - Fundação dos Economiários Federais**

Por:

Nome:
Carlos Alberto Caser
Diretor-Presidente
FUNCEF

Cargo:

Por:

Nome:

Cargo:

*[Segue continuação da página de assinaturas]*

EIG00019126

EIG_KEP_00044789

*Continuação da página de assinaturas do Compromisso de Investimento do Fundo de Investimento em*

*Participações Sordas, celebrado em 31 de julho de 2012*

### Fundação Petrobras de Seguridade Social – Petros

Por: _____          Por: _____

Nome: _____          Nome: _____

Cargo: _____          Cargo: _____

### Fundação Vale do Rio Doce de Seguridade Social – Valia

Por: _____          Por: _____

Nome: _____          Nome: _____

Cargo: _____          Cargo: _____

### Petróleo Brasileiro S.A.

Por: _____          Por: _____

Nome: _____          Nome: _____

Cargo: _____          Cargo: _____

### Lakeshore Financial Partners Participações Ltda.

Por: _____          Por: _____

Nome: _____          Nome: _____

Cargo: _____          Cargo: _____

### Luce Venture Capital – Drilling Series

Por: _____          Por: _____

Nome: _____          Nome: _____

Cargo: _____          Cargo: _____

19

EIG00019127

EIG_KEP_00044790

**EIG Sete Holdings SàRL**

Por: _M.Musqueta_                          Por: _M.Musqueta_

Nome: _Maria Virginia Nalnio do_          Nome: _____

_M. Musqueta_

Cargo: _brocuradora_                       Cargo: _____


Testemunhas:

1. _M.Celina Mcruz_

Nome: _Maria Celina Mislas da Cruz_

RG: _18 373.229-7_

2. 

Nome: _Andréa Ribeiro_

RG: _23.126.528-1 SSP-SP_     CPF: 149.218.078-60













**Confidential**

**Anexo I– Boletim de Subscrição**
**Boletim de Subscrição**

| Código ISIN do Ativo | Emissor |
|---|---|
| | Fundo de Investimento em Participações Sondas – CNPJ: 12.396.426/0001-95 |

| Número do Boletim | Data da Subscrição |
|---|---|
| | |

| Administrador | CNPJ/MF |
|---|---|
| Caixa Econômica Federal | 00.360.305/0001-04 |

| Endereço do Administrador | Cidade | UF |
|---|---|---|
| Avenida Paulista nº 2.300, 11º andar | São Paulo | SP |

| CARACTERÍSTICAS DA EMISSÃO |
|---|
| |

| Nome/Denominação Social do Subscritor | CPF/MF / CNPJ/MF |
|---|---|
| | |

| Endereço do Subscritor (se pessoa jurídica o endereço da sede) |
|---|
| |

| Bairro | Cidade | UF | CEP |
|---|---|---|---|
| | | | |

| Nome do Procurador/Representante Legal | CPF | Documento de Identidade | Órgão Emissor |
|---|---|---|---|
| | | | |

| Telefone | E-mail |
|---|---|
| | |

| Preço de subscrição por quotas | Quantidade de quotas subscritas | Valor total da subscrição |
|---|---|---|
| R$ 1,00 | | |

| Valor da Taxa de Ingresso aplicável |
|---|
| |

| Forma de Pagamento e recebimento de Recursos | | | |
|---|---|---|---|
| CETIP | Nº da Conta: | Ag. Custódia: | Contato: |
| | | | |

| Prazo de integralização |
|---|
| |

VIEIRA REZENDE BARBOSA E GUERREIRO
Advogados

EIG00019129
EIG_KEP_00044792

Distribuidor

---

Declarações do Subscritor/Investidor

Declaro para todos os fins de direito que estou de acordo com as condições expressas neste presente Boletim de Subscrição e que: (i) recebi gratuitamente, neste ato, li e compreendi o inteiro teor do Regulamento do Fundo, concordando integralmente com os seus termos, cláusulas e condições e manifestando minha adesão irrevogável e irretratável ao referido regulamento; (ii) recebi breve descrição e tenho ciência da qualificação e experiência profissional dos integrantes do corpo técnico do Administrador; (iii) estou de acordo com as regras de amortização, resgate e liquidação do Fundo, assim como os demais procedimentos dispostos no Regulamento do Fundo; (iv) sou investidor qualificado, nos termos da regulamentação em vigor, e informarei ao Administrador do Fundo prontamente caso perca essa condição; e (v) estou ciente, inclusive, (a) do objetivo e da política de investimento do Fundo, (b) dos riscos envolvidos no investimento no Fundo, estando estes de acordo com a minha situação financeira, o meu perfil de risco e a minha estratégia de investimento, (c) da possibilidade de ocorrência de variações do patrimônio líquido do Fundo e de perda total do capital investido no Fundo, (d) do valor da taxa de administração praticada pelo Fundo, bem como da composição da carteira previstas no Regulamento do Fundo, (e) da política de divulgação de informações do Fundo adotada pelo Administrador, (f) de que a existência de rentabilidade ou performance do Fundo e/ou de outros fundos de investimento não representam garantia de resultados futuros; (g) de que as aplicações realizadas no Fundo e/ou em fundos de investimento em que o Fundo eventualmente invista não contam com garantia de seu administrador, de seu gestor, de qualquer empresa pertencente ao seu conglomerado financeiro, de qualquer mecanismo de seguro e/ou do Fundo Garantidor de Créditos – FGC, e (h) de que o Administrador, em hipótese alguma, excetuadas as ocorrências resultantes de comprovado dolo ou má fé de sua parte, será responsável por qualquer depreciação dos ativos do Fundo, ou por eventuais prejuízos em caso de liquidação do Fundo e/ou resgate de quotas, (i) de que os recursos que serão utilizados na integralização das quotas do Fundo e pagamento das respectivas Taxas de Ingresso não serão oriundos de quaisquer práticas que possam ser consideradas como crimes previstos na legislação relativa a política de prevenção e combate à lavagem de dinheiro; (j) de que as quotas ora subscritas não serão listadas ou registradas para negociação pública em qualquer mercado de balcão organizado ou bolsa de valores e qualquer negociação pública requererá que um prazo de 90 (noventa) dias tenha decorrido a contar da presente data, bem como que a listagem ou registro para negociação de quotas tenha sido autorizado e efetuado, nos termos do Regulamento do Fundo; e (k) da existência de limitação aplicável às entidades fechadas de previdência complementar quanto a sua participação no Fundo, que não poderá exceder o montante de 25% do patrimônio líquido do Fundo, conforme previsto na Resolução do Conselho Monetário Nacional n. 3.792/09, artigo 42, inciso IV, letra "b". Adicionalmente, responsabilizo-me pela veracidade das declarações aqui prestadas, bem como por ressarcir o Administrador de quaisquer prejuízos, incluindo perdas e danos, decorrentes de falsidade, inexatidão ou imprecisão das referidas declarações. Declaro estar ciente de que a distribuição de quotas do Fundo será realizada com esforços restritos, nos termos da Instrução CVM 476, de 16 de janeiro de 2009, de modo que: (i) a oferta de quotas do Fundo não foi registrada perante a Comissão de Valores Mobiliários – CVM; e (ii) consequentemente, as quotas do Fundo estão sujeitas às restrições de negociação previstas na referida instrução.



Rio de Janeiro, 31 de julho de 2012

Subscritor ou Representante Legal

Subscritor ou Representante Legal

Testemunhas:

Nome:
RG:
CPF:

Nome:
RG:
CPF:

EIG00019130

EIG_KEP_00044793