# EXHIBIT 99



STATE OF NEW YORK                    )
                                      )
                                      )
COUNTY OF NEW YORK                   )          SS


## CERTIFICATION


This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from Portuguese into English of the attached *Announcement Special Meeting of Shareholders of Sete*

*Brasil Participações S.A.*, dated May 19, 2015.


Matthew Garrison
Divergent Language Solutions, LLC


State of New York

County of New York

Subscribed to and sworn before me this 14ᵗʰ day of June , 2021 ,

by Matthew Garrison.


Notary Public

MATTHEW C. ZELAK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ZE6350239
Qualified in Kings County
Commission Expires   November 7, 2024

183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street, 11ᵗʰ Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com



**SETE BRASIL PARTICIPAÇÕES S.A.**
**PRIVATELY-HELD COMPANY**

**BRAZILIAN MINISTRY OF FINANCE CORPORATE TAX ROLL (CNPJ/MF) NO. 13,127,015/0001-67**
**COMPANY REGISTER I.D. (NIRE) NO. 33.3.0029658-1**

**ANNOUNCEMENT**
**SPECIAL MEETING OF SHAREHOLDERS**

The shareholders of Sete Brasil Participações S.A. (the "Company") are hereby notified to meet for a Special Meeting of Shareholders, to be held at **11:00 a.m. on June 3, 2015,** at the corporate headquarters of the Company located at Rua Humaitá, No. 275, Rm. 1302, Lagoa Corporate Building, Humaitá, CEP 22261-005, in the city of Rio de Janeiro, state of Rio de Janeiro, to discuss the following matters:

**(i)**   **Pursuant to the provisions of Article 134, §3 and Article 286 of Law No. 6,404/76 and Article 13 of the Corporate Bylaws, the notice of action to void the resolutions of the General Meeting of Shareholders of the Company corresponding to Fiscal Years 2011 to 2013, with regard to the approvals, without reservations, of the administrative accounts of the Company;**

**(ii)**   **Pursuant to the provisions of Article 154, §2, par. c and Article 159 of Law No. 6,404/76 and Article 13 of the Corporate Bylaws,** the notice of civil liability action against the former directors of the Company; and

**(iii)**   **Pursuant to the provisions of Article 14, Clause (x) of the Corporate Bylaws,** authorization to retain specialized legal advisors.

The documents related to the subjects to be discussed at the announced Special Meeting of Shareholders are available to the shareholders at the Company headquarters.

Rio de Janeiro, May 19, 2015

**LICIO DA COSTA RAIMUNDO**

Chairman, Board of Directors

EIG00110474



Special Meeting of Shareholders on June 3, 2015

Rio de Janeiro (RJ), May 19, 2015

Dear Shareholders,

| **1.** | **RE:** |
| --- | --- |

Notice of actions: (i) to void the resolutions of the Regular Meetings of Shareholders of the Company related to fiscal years 2011 to 2013, with regard to the approvals, without reservation, of the administration accounts of the Company; (ii) to hold the former directors of the Company, Pedro José Barusco Filho, João Carlos de Medeiros Ferraz and Eduardo Costa Vaz Musa, civilly liable; and (iii) authorization to retain specialized legal advisors.

| **2.** | **SUBJECT** |
| --- | --- |

Special Meeting of Shareholders, pursuant to Articles 134 (§3), 159 and 286 of Law No. 6,404/76 (the "Corporations Act") and Articles 13 and 14, clause (x) of the Corporate Bylaws.

| **3.** | **HISTORY / INFORMATION** |
| --- | --- |

3.1      After disclosure of the Plea Agreement of former Director Mr. Pedro Barusco, in relation to the Federal Police's Operation Car Wash, the Company and its shareholders became aware of unlawful acts committed by several former Directors of the Company, in the performance of their duties.

3.2      As Mr. Barusco reported, he, Mr. João Ferraz and Mr. Eduardo Musa were part of a scheme to receive bribes from the shipyards responsible for construction of the twenty-nine rigs.

3.3      Based on these revelations, BNDES, the lead party financing the Project, halted final negotiations for granting direct, long-term financing. As a result of the lack of transparency regarding the take-out, the short-term creditors did not approve extension of their debts, which caused the Sete group to be in default.

3.4      Based on the damages suffered by the Company due to the unlawful actions committed by its former Directors, and because they were due to direct relations by those former Directors with the shipyards, outside of the context of the Sete Brasil contracts, the Company intends to file action against those directors to hold them civilly liable, in order to seek indemnification for the damage caused.

CONFIDENTIAL DOCUMENT – EXCLUSIVELY FOR USE BY SETE BRASIL

EIG00110475



3.5    As part of its judicial strategy, the former Directors were sent a notice, in which the Company requested specification of the amount that each former Director actually unduly received in the performance of their duties and provision was made for it to be given to the Company, pursuant to the Corporations Act. To date, no amount has been turned over to the Company by the former Directors.

| 4. | ANALYSIS |
|---|---|

4.1    The Corporations Act specifies that directors of joint stock companies shall have certain duties and obligations with regard to the Company, and once they are violated, the Company and/or its shareholders have the right to seek out the corresponding indemnification and hold liable those who acted unlawfully, causing damage to the Company and its assets.

4.2    With regard to the facts known at present, the Company is able to judicially pursue indemnification for the damage resulting therefrom, pursuant to the provisions of Article 154, §2, par. "c" and §3 of the Corporations Act, transcribed below:

> *"Art. 154 (…)*
>
> *§2 Directors are prohibited from: (…) c) receiving any type of personal benefit, whether direct or indirect, from third parties, for the performance of their duties, without authorization from the bylaws or the meeting of shareholders.*
>
> *§3 Any amounts received in violation of the provisions of par. c of §2 shall belong to the Company."*

4.3    In order for it to be possible to adjudicate suits to hold former Directors liable, the Corporations Act specifies that the approval of the management accounts corresponding to the fiscal year in which the unlawful acts were carried out by the directors, issued without reservation, must be voided, since that approval exonerates the directors from liability for their management activities carried out during the respective fiscal year (Article 134, §3 of the Corporations Act).

CONFIDENTIAL DOCUMENT – EXCLUSIVELY FOR USE BY SETE BRASIL

EIG00110476



4.4     The voiding of resolutions of the General Meeting of Shareholders of the Company cannot be carried out by the shareholders pursuant to the Law (Article 286 of the Corporations Act), and therefore, it shall require an adjudication of a specific action to this end.

4.5     In addition to seeking indemnification for the damages incurred due to the unlawful acts carried out by the former Directors, the Company shall claim, as well, in the context of the same action to hold the former Directors liable, the return of the bonuses and other amounts paid to the same former Directors, per the resolutions of the Board of Directors Meetings on May 28, 2014 and June 24, 2014, since such supplemental amounts were paid with the presumption of the correct performance of their activities as director and the performance of their duties in an ethical and honest manner, which was subsequently shown to not be what was done.

4.6     In this regard, we submit for approval, pursuant to Article 154, §2, par. c and Articles 159 and 286 of the Corporations Act, the notice of action to hold former Directors Pedro José Barusco Filho, João Carlos de Medeiros Ferraz and Eduardo Costa Vaz Musa liable, in order to:

(i)   seek compensation for the damage incurred by the Company, as a result of the unlawful acts committed by its former Directors, more specifically the acts made public in relation to Operation Car Wash, i.e. the acceptance of bribes from shipyards contracted by the Company and/or its affiliated entities; and

(ii)  the return of the bonus paid to the former Directors at the time of their separation from the Company.

4.7     Lastly, it is important to stress that in the context of an internal audit of the Company, signs of possible irregularities related to the Builders All-Risk insurance program were detected, based on the payment of high amounts, that exceeded market practice, as brokerage commissions for the referenced contract. Considering that the result of the audit was not conclusive with regard to unequivocally identifying unlawful actions by the former Directors related to contracting the referenced insurance, the Company intends to make a request for an inquiry by the local police authority having jurisdiction, in order to conduct the corresponding investigation.

CONFIDENTIAL DOCUMENT – EXCLUSIVELY FOR USE BY SETE BRASIL

EIG00110477



Special Meeting of Shareholders on June 3, 2015,
Items (i) to (iii) of the Agenda – Page 4 of 5

4.8     If the police investigation determines that unlawful criminal acts were performed by former Directors, and if such unlawful acts resulted in damages to the Company, the Company shall in a timely manner submit for a resolution by the shareholders a notice of the relevant action to hold the former Directors civilly liable.

---

**5.     BUDGETARY IMPACTS**

I.      Budgetary impact on the Company:

In the event that the actions are successfully adjudicated, the former Directors may be ordered to pay to the Company:

   a)  As indemnification, all the amounts unduly received, which were paid by the shipyards, pursuant to the Corporations Act;

   b)  As indemnification, the entire amount of the bonuses and supplements received at the time of each of their separations; and

II.     Budgetary impact of expenses to be paid by the Company:

   a)  <u>Sergio Bermudes:</u> (a.i) legal fees totaling R$1,240,000.00 (one million two hundred forty thousand reals); and (a.ii) successful completion fees of R$900,000 (nine hundred thousand reals) + 5% of the amount that the Company recovers from the former Directors in relation to the action for civil liability;

   b)  <u>Celso Sánchez Vilardi</u>: legal fees totaling R$585,000.00 (five hundred eighty-five thousand reals), in relation to the filing of the criminal inquiry related to contracting the Builders All Risk insurance program; and

   c)  <u>Ernesto Tzirulnik</u>: (c.i) legal fees totaling R$300,000.00 (three hundred thousand reals); and (c.ii) successful completion fees: 5% of the amount that the Company recovers from the former Directors in relation to the action to recover the commission overpaid when contracting the Builders All Risk insurance program.

---

CONFIDENTIAL DOCUMENT – EXCLUSIVELY FOR USE BY SETE BRASIL

EIG00110478



Special Meeting of Shareholders on June 3, 2015,
Items (i) to (iii) of the Agenda – Page 5 of 5

The proposed actions have arisen from facts that were just made known to the Company on February 5, 2015, on which date the annual budget of the Company had already been approved, therefore approval is requested to retain representation as specified in Items II. a through c above.

**6.      PROPOSAL/CONCLUSION**

We propose that the Meeting of Shareholders, at a Special Meeting to be held on June 3, 2015, issue a resolution in favor of approving the notification of actions: (i) to void the resolutions of the General Meetings of Shareholders of the Company related to fiscal years 2011 to 2013, with regard to the approvals, without reservation, of the administration accounts of the Company; (ii) to hold the former directors of the Company, Pedro José Barusco Filho, João Carlos de Medeiros Ferraz and Eduardo Costa Vaz Musa, civilly liable; and (iii) authorization to retain specialized legal advisors.

María Goldberg

Legal Manager

**7.      NOTIFICATIONS**

Caio Almeida

Assistant Legal Manager

**8.      ADDITIONAL INFORMATION**

CONFIDENTIAL DOCUMENT – EXCLUSIVELY FOR USE BY SETE BRASIL

EIG00110479



**SETE BRASIL PARTICIPAÇÕES S.A.**
**COMPANHIA FECHADA**

CNPJ/MF 13.127.015/0001-67
NIRE 33.3.0029658-1

**EDITAL DE CONVOCAÇÃO**
**ASSEMBLEIA GERAL EXTRAORDINÁRIA**

Ficam convocados os senhores acionistas da Sete Brasil Participações S.A. ("Companhia") para se reunirem em Assembleia Geral Extraordinária, a ser realizada às **11:00 horas do dia 03 de junho de 2015**, na sede social da Companhia, localizada na Cidade do Rio de Janeiro, Estado do Rio de Janeiro, na Rua Humaitá nº 275, sala 1302, Edifício Lagoa Corporate, Humaitá, CEP 22261-005, para deliberarem sobre:

(i)      **Nos termos do Artigo 134, §3º e Artigo 286 da Lei 6.404/76 e Artigo 13 do Estatuto Social**, a <u>propositura de ação para anulação das deliberações havidas nas Assembleias Gerais Ordinárias da Companhia referentes aos exercícios de 2011 a 2013, no que tange às aprovações, sem ressalvas, das contas da administração da Companhia</u>;

(ii)      **Nos termos do Artigos 154, §2º, alínea "c" e 159 da Lei 6.404/76 e Artigo 13 do Estatuto Social**, a propositura de ação de responsabilidade civil contra ex-administradores da Companhia; e

(iii)      **Nos termos do Artigo 14, inciso (x) do Estatuto Social,** a contratação de assessores jurídicos especializados.

Os documentos pertinentes às matérias a serem discutidas na Assembleia Geral Extraordinária ora convocada encontram-se à disposição dos senhores acionistas na sede da Companhia.

Rio de Janeiro, 19 de maio de 2015.

**LICIO DA COSTA RAIMUNDO**
Presidente do Conselho de Administração

Page 1/6

Confidential

EIG00110474

EIG_KEP_00237593



AGE de 03 de junho de 2015
Rio de Janeiro (RJ), 19 de maio de 2015.

Srs. Acionistas,

---

**1.   ASSUNTO**

Propositura de ações (i) para anulação das deliberações havidas nas Assembleias Gerais Ordinárias da Companhia referentes aos exercícios de 2011 a 2013, no que tange às aprovações, sem ressalvas, das contas da administração da Companhia; (ii) de responsabilidade civil contra os ex-diretores da Companhia, Pedro José Barusco Filho, João Carlos de Medeiros Ferraz e Eduardo Costa Vaz Musa; e (iii) contratação de assessores jurídicos especializados.

---

**2.   ALÇADA**

Assembleia Geral de Acionistas, nos termos dos Artigos 134 (§3º), 159, e 286 da Lei 6.404/76 ("Lei das S.A.") e dos Artigos 13 e 14, inciso (x) do Estatuto Social.

---

**3.   HISTÓRICO / INFORMAÇÕES**

**3.1.** Após a publicidade do Termo de Colaboração Premiada do ex-diretor Sr. Pedro Barusco, no âmbito da Operação Lava-Jato da Polícia Federal, a Companhia e seus acionistas tomaram conhecimento da prática de atos ilícitos cometidos por alguns ex-Diretores da Companhia, no exercício de seus cargos.

**3.2.** Conforme informou Sr. Barusco, ele, o Sr. João Ferraz e o Sr. Eduardo Musa faziam parte de um esquema de recebimento de propina por parte dos estaleiros responsáveis pela construção das 29 sondas.

**3.3.** Em função de tais revelações, o BNDES, principal financiador do Projeto, interrompeu as negociações finais para concessão do financiamento de longo prazo na modalidade direta. Como consequência da falta de visibilidade sobre o *take-out*, os credores de curto prazo não aprovaram a extensão das suas dívidas, o que levou o grupo Sete ao estado de inadimplência.

**3.4.** Diante dos prejuízos sofridos pela Companhia em razão dos atos ilícitos cometidos por seus ex-Diretores, ainda que em uma relação direta dos mesmos com os estaleiros, fora do âmbito dos contratos da Sete Brasil, a mesma pretende ajuizar ações de responsabilidade civil contra tais administradores, com o intuito de buscar o ressarcimento pelos danos causados.

DOCUMENTO CONFIDENCIAL DE USO EXCLUSIVO DA SETE BRASIL

Confidential

EIG00110475

EIG_KEP_00237594



**3.5.** Como parte da estratégia judicial, foi enviada aos ex-Diretores notificação na qual a Companhia solicitou fosse identificada a quantia efetivamente recebida indevidamente por cada ex-Diretor no exercício de suas funções e providenciada a sua entrega à Companhia, conforme determina a Lei das S.A.. Até o momento, nenhum valor foi entregue pelos ex-Diretores à Companhia.

## 4. ANÁLISE

**4.1.** A Lei das S.A. determina que os administradores de sociedades por ações possuem determinados deveres e obrigações com relação à Companhia, os quais, uma vez violados, ensejam à Companhia e/ou aos seus acionistas, o direito de buscar o devido ressarcimento e promover a responsabilização daqueles que agiram de forma ilícita, causando prejuízos para a Companhia e seu patrimônio.

**4.2.** Com relação aos fatos sabidos até o momento, a Companhia tem a possibilidade de buscar judicialmente o ressarcimento dos prejuízos deles decorrentes, em função do disposto no Artigo 154, §2º, alínea "c" e §3º da Lei das S.A, transcritos abaixo:

> *"Art. 154. (...)*
>
> *§2º É vedado ao administrador: (...) c) receber de terceiros, sem autorização estatutária ou da assembleia geral, qualquer modalidade de vantagem pessoal, direta ou indireta, em razão do exercício de seu cargo.*
>
> *§3º As importâncias recebidas com infração ao disposto na alínea c do §2º pertencerão à Companhia."*

**4.3.** Para que o ajuizamento das ações de responsabilização dos ex-Diretores seja possível, a Lei das S.A. determina que deverá ser promovida a anulação da aprovação, realizada sem ressalvas, das contas da administração referentes ao exercício em que os atos ilícitos tenham sido praticados pelos administradores, uma vez que tal aprovação exonera os administradores de responsabilidade pelos atos de gestão praticados no respectivo exercício (Art. 134, §3º da Lei das S.A.).

DOCUMENTO CONFIDENCIAL DE USO EXCLUSIVO DA SETE BRASIL

Confidential

EIG00110476

EIG_KEP_00237595



**4.4.** A anulação de deliberações havidas em Assembleia Geral da Companhia não pode ser realizada pelos próprios acionistas por força de Lei (Art. 286 da Lei das S.A.) e, portanto, depende do ajuizamento de ação especifica para esse fim.

**4.5.** Além de buscar o ressarcimento pelos danos incorridos em função dos atos ilícitos praticados pelos ex-Diretores, a Companhia pretende, ainda, no âmbito da mesma ação de responsabilização, reaver os bônus e demais valores pagos aos mesmos ex-Diretores, conforme deliberações realizadas em Reuniões do Conselho de Administração em 28/05/2014 e 24/06/2014, uma vez que tais gratificações foram pagas pressupondo-se o bom desempenho das atividades de diretor e o exercício de suas funções com ética e probidade, o que posteriormente mostrou-se uma inverdade.

**4.6.** Neste sentido, submetemos à aprovação, com base no artigo 154, §2º alínea "c" e §3º, artigo 159 e artigo 286 da Lei das S.A., a propositura da ação de responsabilidade contra os ex-Diretores Pedro José Barusco Filho, João Carlos de Medeiros Ferraz e Eduardo Costa Vaz Musa, com o intuito de:

    (i) buscar o ressarcimento dos prejuízos sofridos pela Companhia, em decorrência dos ilícitos cometidos por seus ex-Diretores, mais especificamente os atos tornados públicos no âmbito da operação Lava-Jato, isto é, a aceitação de propina dos estaleiros contratados pela Companhia e/ou suas afiliadas; e

    (ii) a devolução do bônus pago aos ex-Diretores quando de seu desligamento da Companhia.

**4.7.** Por fim, é importante ressaltar que no âmbito de uma auditoria interna da Companhia foram identificados indícios de eventuais irregularidades relacionadas ao programa de seguros *Builders All Risk*, em razão do pagamento de valores em montantes elevados, acima da prática de mercado, a título de comissão de intermediação da referida contratação. Tendo em vista que o resultado da auditoria não foi conclusivo no sentido de identificação inequívoca da prática de ilícitos pelos ex-Diretores com relação à contratação do referido seguro, a Companhia pretende propor requerimento de instauração de inquérito à autoridade policial competente, para que esta promova a investigação pertinente.

DOCUMENTO CONFIDENCIAL DE USO EXCLUSIVO DA SETE BRASIL

Confidential

**EIG00110477**

**EIG_KEP_00237596**



**4.8.** Na eventualidade de a investigação policial constatar a prática de ilícito penal pelos ex-Diretores e se tais ilícitos resultaram em prejuízos para a Companhia, a Companhia submeterá oportunamente à deliberação de seus acionistas a propositura da competente ação de responsabilização civil contra os ex-Diretores.

## 5. IMPACTOS ORÇAMENTÁRIOS

I - Impacto orçamentário em favor da Companhia:

Em caso de procedência total das ações, os ex-Diretores poderão ser condenados a pagar à Companhia:

a)   A título de ressarcimento, todos os valores recebidos indevidamente, pagos pelos estaleiros, nos termos da Lei das S.A.;

b)   A título de ressarcimento, a totalidade dos bônus e gratificações recebidas, quando do desligamento de cada um; e

II - Impacto orçamentário a ser despendido pela Companhia:

a)   Sérgio Bermudes: (a.i) honorários jurídicos totalizando R$ 1.240.000,00 (um milhão, duzentos e quarenta mil reais); e (a.ii) honorários de êxito: R$ 900.000 (novecentos mil reais) + 5% do valor que a Companhia reaver dos ex-Diretores no âmbito da ação de responsabilidade civil;

b)   Celso Sanchez Vilardi: honorários jurídicos totalizando R$ 585.000,00 (quinhentos e oitenta e cinco mil reais), no âmbito da instauração de inquérito penal relacionado à contratação do programa de seguros *Builders All Risk*; e

c)   Ernesto Tzirulnik: (c.i) honorários jurídicos totalizando R$ 300.000,00 (trezentos mil reais); e (a.ii) honorários de êxito: 5% do valor que a Companhia reaver dos ex-Diretores, no âmbito da ação de recuperação do comissionamento pago em exagero quando da contratação do programa de seguros *Builders All Risk*.

DOCUMENTO CONFIDENCIAL DE USO EXCLUSIVO DA SETE BRASIL

Confidential

EIG00110478

EIG_KEP_00237597



As ações acima propostas decorreram de fatos que apenas vieram ao conhecimento da Companhia em 05/02/2015, data em que já havia sido aprovado o orçamento anual da Companhia, motivo pelo qual solicita-se a aprovação das contratações indicadas nas alíneas "a" a "c" do item II acima.

## 6.  PROPOSTA/CONCLUSÃO:

Propomos que a Assembleia Geral de Acionistas, em Reunião Extraordinária a ser realizada em 03.06.2015, manifeste-se favoravelmente no sentido de aprovar a propositura das ações (i) para anulação das deliberações havidas nas Assembleias Gerais Ordinárias da Companhia referentes aos exercícios de 2011 a 2013, no que tange às aprovações, sem ressalvas, das contas da administração da Companhia; (ii) de responsabilidade civil contra os ex-diretores da Companhia, Pedro José Barusco Filho, João Carlos de Medeiros Ferraz e Eduardo Costa Vaz Musa; e (iii) contratação de assessores jurídicos especializados.

Maria Goldberg
Gerente Jurídica

## 7.  DESPACHOS

Caio Almeida
Diretor Gerente Jurídico

## 8.  INFORMAÇÕES ADICIONAIS

DOCUMENTO CONFIDENCIAL DE USO EXCLUSIVO DA SETE BRASIL

Confidential

EIG00110479

EIG_KEP_00237598