# EXHIBIT 103

WK:AS/PH
F. #2017R00353

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 29 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA

    - against –

JEFFERY CHOW,

    Defendant.

------------------------------X

I N F O R M A T I O N

Cr. No._____
(T. 18, U.S.C., §§ 371 and 3551 et seq.)

THE UNITED STATES CHARGES:

At all times relevant to this Information, unless otherwise stated:

<u>THE DEFENDANT AND REFERENCED INDIVIDUALS AND ENTITIES</u>

1. The defendant JEFFERY CHOW was a United States citizen. At all relevant times, CHOW was a "domestic concern," as that term is defined in the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2(h)(1).

2. Petróleo Brasileiro S.A. - Petrobras ("Petrobras") was a Brazilian state-controlled oil company headquartered in Rio de Janeiro, Brazil, that operated to refine, produce and distribute oil, oil products, gas, biofuels and energy. At all relevant times, the Brazilian government directly owned more than 50% of Petrobras's common shares with voting rights. Petrobras was controlled by Brazil and performed government functions, and thus was an "agency" and "instrumentality" of a foreign government, as those terms are used in the FCPA, Title 15, United States Code, Sections 78dd-2 and 78dd-3.

1

3. Sete Brasil Participacoes S.A. ("Sete Brasil") was a privately held corporation headquartered in Rio de Janeiro, Brazil, that specialized in portfolio management of assets related to the offshore oil and gas sector.

4. "Foreign Official 1," an individual whose identity is known to the United States, was an employee of Petrobras from at least in or about and between 2003 and April 2011. Thus, during that time, Foreign Official 1 was a "foreign official," as that term is defined in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A) and 78dd-3(f)(2)(A). Foreign Official 1 had responsibility for, among other things, managing the bidding process and selecting the winning bidders for projects arising out of the Engineering, Technology, and Materials ("ETM") division of Petrobras. From at least in or about and between April 2011 and August 2013, Foreign Official 1 was an employee of Sete Brasil with responsibility for overseeing operations.

5. "Foreign Official 2," an individual whose identity is known to the United States, was an employee of Petrobras with responsibility over ETM projects, including the bidding process for those projects, from at least in or about and between 2003 and April 29, 2012. Thus, during that time, Foreign Official 2 was a "foreign official," as that term is defined in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A) and 78dd-3(f)(2)(A).

6. The "Political Party," an entity whose identity is known to the United States, was a political party in Brazil.

7. "Rig Construction Company," a Singaporean company whose identity is known to the United States, and its subsidiary companies and affiliated entities – including United States-based subsidiary companies and affiliated entities whose identities are known to

2

the United States – provided offshore drilling rigs and platforms and related services to customers, including to Petrobras and Sete Brasil.

8. "Rig Construction Company Agent," an individual whose identity is known to the United States, was a citizen of Brazil. Rig Construction Company Agent was an agent of Rig Construction Company from at least in or about and between 2000 and 2015.

### THE FOREIGN CORRUPT PRACTICES ACT

9. The FCPA was enacted by Congress for the purpose of, among other things, making it unlawful for certain classes of persons and entities to corruptly offer, promise, authorize, or pay money or anything of value, directly or indirectly, to a foreign government official for the purpose of obtaining or retaining business for, or directing business to, any person.

### THE BRIBERY SCHEME

10. The defendant JEFFERY CHOW had various positions in the legal department of Rig Construction Company, including Administrative Manager, General Manager and Director, from at least in or about and between 1990 and 2017.

11. Rig Construction Company bid on public tenders held by Petrobras, and later Sete Brasil, beginning at least as early as 1990. Rig Construction Company, by itself and as part of a joint venture, bid on and won at least fourteen of those projects in or about and between 1990 and 2016, including a project to build a Tension Leg Wellhead Platform for Petrobras in or about 2010 (the "TLWP Project") and six projects to build semisubmersible rigs for Sete Brasil in or about 2011 and 2012 (collectively, the "Sete Brasil Projects").

12. In order to win the TLWP Project and the Sete Brasil Projects, among other projects for Petrobras, between 2000 and 2016, Rig Construction Company paid bribes

3

through Rig Construction Company Agent to government officials, including Foreign Official 1 and Foreign Official 2, and to the Political Party.

13. To facilitate the payment of those bribes and to conceal the true nature and purpose of the payments, in accordance with established practices at Rig Construction Company, the defendant JEFFERY CHOW and other employees at Rig Construction Company created and executed false agreements on behalf of Rig Construction Company with consulting companies controlled in whole or in part by Rig Construction Company Agent. These agreements falsely represented that payments were being made to Rig Construction Company Agent for his assistance and support in discussions and negotiations with prospective customers when, in fact, portions of these payments were being paid as bribes. Certain of these agreements also falsely represented that Rig Construction Company Agent was abiding by anti-bribery laws and was not making improper payments.

14. Executives at Rig Construction Company directed the defendant JEFFERY CHOW and other employees at Rig Construction Company to execute those agreements and then authorized payments to Rig Construction Company Agent pursuant to those agreements, knowing that a portion of those payments would be used to pay bribes to officials at Petrobras and to the Political Party.

15. Payments from Rig Construction Company to the consulting companies controlled by Rig Construction Company Agent were made to bank accounts located in the United States and elsewhere. Rig Construction Company Agent subsequently transferred money from the accounts located in the United States and elsewhere to bank accounts outside the United

4

States controlled by Foreign Official 1, Foreign Official 2 and the Political Party in order to further the bribe scheme.

## CONSPIRACY

16. The allegations contained in paragraphs one through 15 are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between 2000 and 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JEFFERY CHOW, together with others, did knowingly and willfully conspire to commit one or more offenses against the United States, to wit:

    a. to make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official, to a foreign political party and official thereof, and to a person while knowing that all or a portion of such money and thing of value would be offered, given, and promised to a foreign official and to a foreign political party and official thereof, for purposes of: (i) influencing acts and decisions of such foreign official, foreign political party and official thereof in his, her or its official capacity; (ii) inducing such foreign official, foreign political party and official thereof, to do and omit to do acts in violation of the lawful duty of such official and party; (iii) securing any improper advantage; and (iv) inducing such foreign official, foreign political party and official thereof to use his, her or its influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist CHOW

5

in obtaining and retaining business for and with, and directing business to, Rig Construction Company and others, contrary to Title 15, United States Code, Section 78dd-2; and

        b. while in the territory of the United States, to willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official, to a foreign political party and official thereof, and to a person while knowing that all or a portion of such money and thing of value would be offered, given, and promised to a foreign official and to a foreign political party and official thereof, for purposes of: (i) influencing acts and decisions of such foreign official, foreign political party and official thereof in his, her or its official capacity; (ii) inducing such foreign official, foreign political party and official thereof to do and omit to do acts in violation of the lawful duty of such official and party; (iii) securing any improper advantage; and (iv) inducing such foreign official, foreign political party and official thereof to use his, her or its influence with a foreign government and agencies and instrumentalities thereof to affect and influence acts and decisions of such government and agencies and instrumentalities, in order to assist Rig Construction Company and others in obtaining and retaining business for and with, and directing business to, Rig Construction Company and others, contrary to Title 15, United States Code, Section 78dd-3.

    18. In furtherance of the conspiracy and to achieve the objects thereof, the defendant JEFFERY CHOW, together with others, committed and caused to be committed, among others, the following:

6

OVERT ACTS

a. In or about November 2009, the defendant JEFFERY CHOW coordinated the signing, in Houston, Texas, of a marketing and sales representation agreement between Rig Construction Company and a consulting company controlled by Rig Construction Company Agent.

b. In or about August 2012, on behalf of Rig Construction Company, the defendant JEFFERY CHOW executed an agreement dated November 30, 2011, with a consulting company controlled by Rig Construction Company Agent.

c. In or about August 2012, on behalf of Rig Construction Company, the defendant JEFFERY CHOW executed a marketing, consulting and services agreement dated December 1, 2011, with a consulting company controlled by Rig Construction Company Agent.

d. On or about April 12, 2012, the defendant JEFFERY CHOW sent an email to an executive of Rig Construction Company discussing how to structure commission payments that Rig Construction Company would make to a consulting company controlled by Rig Construction Company Agent.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

_____
BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York

_____
SANDRA L. MOSER
Acting Chief, Fraud Section
Criminal Division, Dept. of Justice

7