# EXHIBIT 109



STATE OF NEW YORK      )
                       )
                       )
COUNTY OF NEW YORK     )   ss

## CERTIFICATION

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate translation from Portuguese into English of the attached document Sondas Equity Investment Fund - Multi-Strategy Supporting Documentation, 156th Meeting of The Investment Committee.

Coleen Higgins
Divergent Language Solutions, LLC

State of New York

County of New York

Subscribed to and sworn before me this 7th day of March, 2019, by Coleen Higgins.

Notary Public

MATTHEW C. ZELAK
NOTARY PUBLIC, State of New York
No. 01ZE6350239
Qualified in New York County
Commission Expires November 7, 2020

**DIVERGENT LANGUAGE SOLUTIONS**
183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com



**SONDAS EQUITY INVESTMENT FUND - MULTI-STRATEGY**

**("FIP SONDAS" OR "FUND")**

**CNPJ/MF** [Brazilian Ministry of Finance Corporate Tax Roll] **No. 12.396.426/0001-95**

**SUPPORTING DOCUMENTATION**

**156TH MEETING OF THE INVESTMENT COMMITTEE**

To the
Members of the FIP Sondas Investment Committee

**1. SUBJECT**

Due to the receipt of the proposal for the acquisition by Sondas Stichting of all shares issued by Sete Brasil Participações S.A. - Under Court-Ordered Reorganization ("Sete Brasil" or "Company"), held by the Fund, dated December 6, 2018 ("Proposal"), pursuant to Item 4.9, 'i' of the Shareholders Agreement, the Fund Investment Committee must deliberate as to the sale of all shares issued by the Company and held by the Fund (7,838,925,000) for the symbolic value of R$ 1.00 (one Brazilian *real*), as discussed in the Proposal. The validity of this deliberation shall be subject to approval of the reduction in the Investment Period stipulated by the Fund regulation ("Regulation"), at the General Shareholders' Meeting.

**2. HISTORY**

Sete Brasil is a Brazilian privately traded corporation [*sociedade anônima de capital fechado*] organized December 22, 2010, with head offices in Rio de Janeiro.

The Company and its subsidiaries were created for purposes of facilitating the construction of assets for oil and gas exploration in the pre-salt layer. The pre-salt became an important component of the global oil industry upon the exploration of oil in ultra-deep water and the extraction of oil from recently discovered regions.

Sete Brazil had already initiated the construction of 17 drill rigs when it began facing difficulties attracting financing for the base project, and consequently began facing difficulties meeting its



financial obligations.

Because of these difficulties, the Company, as well as other companies of the Group (Sete Investimentos I, Sete Investimentos II, Sete Holding, Sete International One and Sete International Two) filed for reorganization with the courts, which was approved on June 15, 2016.

On November 9, 2018 Sete Brasil's Court-Ordered Reorganization Plan ("CRP") was approved by its creditors.

Because of the enormous historic debt to which the Company is subject and the conditions imposed by its creditors, the version of the Company CRP that was approved does not include the creation or maintenance of a potential return to shareholders on equity invested.

Thus, currently, the Fund's total investment in the Company is posted at a book value of zero.

In 2017, the Fund's net equity became negative on account of the lack of funding to pay its operating expenses, such that in its 2/22/2019 position, FIP Sondas' net equity showed a negative value, in the amount of R$ -1,545,931.21.

**3. PROPOSAL**

On March 1, 2018 Petrobras issued a Market Press Release (Appendix 2 of the memorandum from the law firm Favaret e Lampert Advogados), explaining the main terms of a possible agreement to restructure the project consistent with the approved CRP, including the exit of itself and its subsidiaries from the corporate structure of companies of the Sete Brasil group and FIP Sondas, such that it would no longer hold any corporate stake in the Sete Brasil group.

To that end the Company, together with its legal and financial advisors, facilitated a means for Petrobras to exit from the investment and extended that

Confidential                                                                                                                    EIG00228049



opportunity to FIP Sondas as well.

The Company concluded that the best way of exiting from the investment consisted in transferring corporate control to an orphan foundation (with no members or shareholders) headquartered in Holland, named Sondas Stichting ("<u>Foundation</u>" or "<u>Dutch Foundation</u>"), with Sete Brasil having the sole and exclusive role of founder of the Foundation, the specific purpose and reason for existence of which would be to fulfill the approved CRP, as a non-profit.

Thus, on December 10, 2018 the Company sent to the Fund, with a copy to shareholders, the proposal for the Foundation to acquire all Sete Brasil shares held by FIP Sondas (7,838,925,000 shares), for a symbolic total of R$ 1.00 (one real).

The Foundation will be organized only after complete acceptance of the proposal by FIP Sondas.

The Proposal was forwarded accompanied by a memorandum from Faveret Lampert Advogados, the legal advisor engaged by Sete Brasil, with a view to discussing the following topics: (i) approval of the CRP; (ii) the Company's cash; (iii) the opportunity to transfer the stake in Sete Brasil; (iv) the advantages to FIP Sondas shareholders; (v) the reason for using a Dutch Foundation; (vi) the functioning of the Dutch Foundation; (vii) the impact on shareholders of transferring the stake; (viii) the dissolution of FIP Sondas; (ix) the transaction value; (x) the procedure for approving and recording the sale; and (xi) disinvestment and the court-ordered reorganization process.

Additionally, the memorandum from Faveret Lampert Advogados contained as its main appendices the following documents: (i) an opinion of the law firm of Sergio Bermudes Advogados, dated 6/23/2016, on the liability of the controlling shareholders; (ii) an opinion of the law firm of Sergio André Rocha Advocacia & Consultoria Tributária, dated 11/28/2018, on the tax impact of the sale of Sete Brasil to a Dutch Foundation; (iii) an opinion of the Dutch law firm of Loyens & Loeff, dated 12/6/2018, on the operating structure of the Dutch Foundation; (iv) a draft of the

Confidential                                                                                                              EIG00228050



Bylaws of the Dutch Foundation; (v) a draft of the Agreement for the Purchase and Sale of Shares to be signed by the Fund, in the event of approval of the transfer of its stake; and (viii) an opinion by Sergio Bermudes, dated 12/5/2018, on the need for approval of the corporate transaction at a Creditors Meeting, with a view to transferring to a Dutch Foundation all shares issued by Sete Brasil and held by FIP Sondas and Petrobras.

Below is a table summarizing the conclusions of all the memoranda and opinions accompanying the Proposal, a complete reading of which is absolutely necessary:

| Law firm | Date | Topic | Conclusion |
|---|---|---|---|
| Faveret Lampert Advogados | 12/5/18 | Purchase of Company shares by a foundation organized in Holland | The Company's continuity, with the successful implementation of its CRP and payment of its creditors, already under the control of the Dutch Foundation, aimed at constituting a shield that would afford the greatest protection to FIP Sondas and its shareholders. |
| Sergio Bermudes Advogados | 6/23/16 | Liability of the Controlling Shareholder | The control authority imposes on the controlling shareholder certain duties inherent to the power exercised, with a view to making the Company carry out its purpose and fulfill its corporate duty. Failure by the controlling shareholder to execute the CRP, due to an absence of deliberation, may be understood by the Brazilian legal authorities as an abuse of power and contradictory conduct, and shareholders may be held liable for injury caused. |

Confidential                                                                                                                                EIG00228051



| | | | |
|---|---|---|---|
| Sergio André Rocha Advocacia & Consultoria Tributária | 11/28/18 | Tax aspects of the sale of Sete Brasil to a Dutch foundation | The sale of the shares to the Foundation should not have any adverse tax impact on FIP Sondas. The Fund's exit from corporate control of Sete Brasil mitigates, but does not eliminate, the Fund's risk, in the event that the tax authorities end up taking legal action against Sete Brasil, in an attempt to disregard the Foundation's structure or tax it in Brazil. |
| Loyens & Loeff | 12/6/18 | Operating structure of the Dutch Foundation | The means of structuring the intended exit by shareholders of Sete Brasil is by creating a Dutch foundation that will purchase all the shares of Sete Brasil. The result is that the Foundation will be the main holding company of all the companies held directly or indirectly by Sete Brasil. |
| Sergio Bermudes Advogados | 12/5/18 | Need for approval, at a Creditors Meeting, of a corporate deal with a view to transferring all shares issued by Sete Brasil. | For reasons expressed in the opinion, the signatories do not believe it is necessary to obtain the approval of creditors at a Creditors Meeting, of the corporate reorganization proposal aimed at transferring all the shares of Sete Brasil held by FIP Sondas and Petrobras to a Dutch foundation. Similarly, in the opinion of the attorneys, the approval and implementation of that corporate reorganization will not in any way violate the obligations assumed by the Sete Brasil group in the CRP. |

Confidential                                                                                                                        EIG00228052



Concerning the opinion issued by the law firm of Sergio Bermudes Advogados, dated 12/5/18, which concluded that it was not necessary to obtain the approval of creditors at a Creditors meeting for the proposed corporate reorganization aimed at transferring all the shares of Sete Brasil held by FIP Sondas and Petrobras to a Dutch Foundation, it has been decided that, although the notion it supports is legally valid and defensible, it is not possible to guarantee that it will be free of any questions raised.

According to the memorandum from Faveret Lampert Advogados, the transfer by the Sete Brasil shareholders to the Dutch Foundation will have no impact on the rights and obligations previously established, but removes from shareholders any liability for actions that may be practiced thereafter by the Foundation.

The aforementioned memorandum also argues that the transfer must facilitate execution of the CRP and that fact has an important effect in terms of eliminating any shareholder liability vis-à-vis third parties.

Concerning the symbolic price of R$ 1.00 (one real), the Proposal states that: (i) under the approved CRP, FIP Sondas' remaining in control of the Company would not result in any financial return; and (ii) that the current corporate structure, if maintained, tends to represent only risks of liability to current shareholders.

Pursuant to Item "i," Clause 4.9 of the Fund Shareholders Agreement, approval of the total or partial sale of shares and investment securities issued by the Company that form part of the Fund portfolio is a matter that falls to the competence of the Fund Investment Committee and will require the approval of members of the Investment Committee representing a minimum of 85% (eighty-five percent) of the shares



issued by the Fund.

The sale of the FIP Sondas' stake to the Dutch Foundation must conform to the rules stipulated in the Sete Brasil Shareholders Agreement signed July 31, 2012 between the Fund and Petrobras ("Shareholders Agreement").

However, an analysis of the rules stipulated in the Shareholders Agreement, specifically those concerning the Rules and General Restrictions on the Transfer of Shares and Rights Inherent to the Shares (Clause 10), Right of First Refusal (Clause 11) and Right of Joint Sale (Clause 12), now concludes that all obligations established for the Fund will have been fulfilled without need for additional procedures vis-à-vis Petrobras, in the capacity of shareholder holding the Company's remaining shares, as explained below.

In Clause 10, with respect to the obligations imposed on the Fund, we note that the Fund's Lock-Up Period has already been exceeded, and that there are no grounds for claiming a burden on the shares, since the Fund never created any type of burden on the shares it holds, and thus there are no restrictions on the transfer of the shares held by the Fund pursuant to Clause 10.

Clause 11 establishes various procedures to be complied with by the Fund to preserve Petrobras' right of first refusal to acquire shares, under the same terms and conditions as the offer made by the Dutch Foundation; meanwhile, since the text of that same clause states that the exercise of first refusal, as applicable, must include all and no less than all the shares, and that Petrobras waives the right of first refusal in the event that, due to its exercise Petrobras would directly or indirectly come to hold more than 10% (ten percent) of the Company's share capital, in the same way there are no grounds for right of first refusal, because Petrobras' exercise of the aforementioned right would result in a stake of 100% (one hundred percent) of the Company's share capital, thus exceeding the 10% (ten percent) provided for in the Shareholders Agreement.

Under Clause 12 the offered shareholder, if Petrobras, is guaranteed the right of joint sale with the Fund; however, since Petrobras has expressly waived in the



Shareholders Agreement its right of first refusal, as explained in the above item, we may conclude as to the non-existence of the notion of offered shareholder, and consequently the non-applicability of Clause 12 of the Shareholders Agreement.

What is more, another important point to be noted is with respect to Article 57 of the Fund Regulation, which states that the Fund will have a Duration of 20 (twenty) years counting from the date of the first paying-in of shares from the Initial Issuance of Fund Shares, and the first 10 (ten) years will correspond to the Investment Period, with the following 10 (ten) years being the Disinvestment Period.

Since the first paying-in of shares from the Initial Issuance of Fund Shares occurred on March 30, 2011, the Fund is still in its investment period.

In that regard, in the event of approval of the transfer of shares held by the Fund, by the Fund Investment Committee, the validity of its decision will be contingent upon approval of the reduction in the Investment Period as stipulated in the Fund Regulation, at the General Meeting of Shareholders.

Thus, in the event of deliberation and approval of the Proposal at the Meeting of the Fund Investment Committee, with the consequent implementation of the transfer of shares held by the Fund for the Dutch Foundation, the Fund will lose its purpose and discussions must be initiated along with the necessary procedures for its liquidation.

The terms starting in capital letters and not defined in this document are used in accordance with the definitions set forth in the Regulation.

**CAIXA ECONÔMICA FEDERAL**



# FUNDO DE INVESTIMENTO EM PARTICIPAÇÕES SONDAS – MULTIESTRATÉGIA
## ("FIP SONDAS" OU "FUNDO")
## CNPJ/MF Nº 12.396.426/0001-95
## MATERIAL DE SUPORTE
## 156ª REUNIÃO DO COMITÊ DE INVESTIMENTO

Aos
Membros do Comitê de Investimento do FIP Sondas

## 1. ASSUNTO

Em razão do recebimento da proposta para aquisição da totalidade das ações de emissão da Sete Brasil Participações S.A. – Em Recuperação Judicial ("Sete Brasil" ou "Companhia"), detidas pelo Fundo, pela Sondas Stichting, datada de 06 de dezembro de 2018 ("Proposta"), nos termos do item 4.9, 'i' do Acordo de Quotistas, o Comitê de Investimento do Fundo deve deliberar sobre a venda da totalidade das ações emitidas pela Companhia, de titularidade do Fundo (7.838.925.000), pelo valor simbólico total de R$ 1,00 (um real), conforme detalhada na Proposta. A eficácia desta deliberação ficará sujeita à aprovação da redução do Período de Investimento previsto no regulamento do Fundo ("Regulamento"), em Assembleia Geral de Quotistas.

## 2. HISTÓRICO

A Sete Brasil é uma sociedade anônima de capital fechado constituída em 22 de dezembro de 2010 com sede na cidade do Rio de Janeiro.

A Companhia e suas controladas foram criadas com o propósito de viabilizar a construção de ativos de exploração de petróleo e gás na camada do pré-sal. O pré-sal se tornou um importante componente da indústria petrolífera mundial com a exploração de petróleo em águas ultra profundas e a extração de óleo em regiões recém descobertas.

A Sete Brasil já havia iniciado a construção de 17 Sondas quando começou a enfrentar dificuldades na conclusão da captação de financiamentos que constituíam a base do projeto e, consequentemente, passou a enfrentar dificuldades de adimplemento de suas



obrigações financeiras.

Em razão de tais dificuldades, a Companhia, assim como outras empresas do grupo (Sete Investimentos I, Sete Investimentos II, Sete Holding, Sete International One e Sete International Two), ajuizaram processo de recuperação judicial, que foi deferido em 15 de junho de 2016.

No dia 9 de novembro de 2018 foi aprovado, pelos seus credores, o Plano de Recuperação Judicial ("PRJ") da Sete Brasil.

A versão aprovada do PRJ da Companhia, por conta do enorme endividamento histórico a que está sujeita a Companhia e das condições que foram impostas pelos seus credores, não contempla a criação ou manutenção de um potencial retorno para os acionistas sobre o capital investido.

Dessa forma, atualmente, o montante total do investimento do Fundo na Companhia está registrado contabilmente a zero.

Durante o ano de 2017, o patrimônio líquido do Fundo passou a ser negativo por conta da falta de recursos para o pagamento das suas despesas operacionais, de forma que, na posição de 22/2/2019, o patrimônio líquido do FIP Sondas apresenta valor negativo no montante de R$ 1.545.931,21.

## 3. PROPOSTA

Em 1º de março de 2018, a Petrobras divulgou Comunicado ao Mercado (anexo 2 do memorando do escritório Faveret e Lampert Advogados), expondo os principais termos para um possível acordo para reestruturação do projeto nos termos do PRJ aprovado, dentre eles, a sua saída e de suas controladas do quadro societário das empresas do grupo Sete Brasil e do FIP Sondas, de forma que não detivesse mais qualquer participação societária no grupo Sete Brasil.

Nesse sentido, a Companhia, juntamente com os seus assessores jurídicos e financeiros, viabilizaram uma forma de saída do investimento para a Petrobras e estenderam essa

Confidential

EIG00228049
EIG_KEP_00175810



possibilidade, também, ao FIP Sondas.

A Companhia concluiu que a melhor forma de saída do investimento consistia na transferência do controle societário para uma fundação órfã (sem membros ou acionistas) com sede na Holanda, denominada Sondas Stichting ("Fundação" ou "Fundação Holandesa"), cabendo à Sete Brasil o papel único e exclusivo de incorporadora da Fundação, que terá especificamente como objeto e razão de existência o cumprimento do PRJ aprovado, sem qualquer fim lucrativo.

Assim, em 10 de dezembro de 2018, foi encaminhada, pela Companhia ao Fundo, com cópia para os quotistas, proposta de aquisição da totalidade das ações da Sete Brasil detidas pelo FIP Sondas (7.838.925.000 ações), pela Fundação, pelo valor simbólico total de R$ 1,00 (um real).

A constituição da Fundação ocorrerá apenas após a formalização da aceitação da proposta pelo FIP Sondas.

A Proposta foi encaminhada acompanhada de memorando do escritório Faveret Lampert Advogados, assessor jurídico contratado pela Sete Brasil, e que teve como finalidade abordar os seguintes temas: (i) aprovação do PRJ; (ii) caixa da Companhia; (iii) oportunidade de alienação da participação na Sete Brasil; (iv) conveniência para os cotistas do FIP Sondas; (v) o motivo de se usar uma Fundação Holandesa; (vi) o funcionamento da Fundação Holandesa; (vii) efeitos da alienação da participação para os acionistas/quotistas; (viii) dissolução do FIP Sondas; (ix) valor da transação; (x) procedimento de deliberação e formalização da venda; e (xi) o desinvestimento e o processo de recuperação judicial.

O memorando do escritório Faveret Lampert Advogados, por sua vez, traz como principais anexos os seguintes documentos: (i) parecer do escritório Sergio Bermudes Advogados, datado de 23/06/2016, sobre a responsabilidade dos acionistas controladores; (ii) parecer do escritório Sergio André Rocha Advocacia & Consultoria Tributária, datado de 28/11/2018, sobre os aspectos fiscais de venda da Sete Brasil para uma Fundação Holandesa; (iii) parecer do escritório holandês Loyens & Loeff, datado de 06/12/2018, sobre a estrutura de funcionamento da Fundação Holandesa; (iv) minuta do

Confidential



Estatuto da Fundação Holandesa; (v) minuta do Contrato de Compra e Venda de ações que deverá ser firmado pelo Fundo, caso seja aprovada a alienação da sua participação; e (viii) parecer do escritório Sergio Bermudes, datado de 05/12/2018, sobre a necessidade de aprovação, em Reunião de Credores, de operação societária com o objetivo de transferir todas as ações de emissão da Sete Brasil detidas pelo FIP Sondas e Petrobras para uma Fundação Holandesa.

Abaixo, quadro que contempla um resumo das conclusões de todos os memorandos e pareceres que acompanharam a Proposta e cuja leitura integral é imprescindível:

| Escritório | Data | Assunto | Conclusão |
|---|---|---|---|
| Faveret Lampert Advogados | 05/12/18 | Compra de ações da Companhia por fundação constituída na Holanda | A continuidade da Companhia, com a implementação bem-sucedida de seu PRJ e o pagamento de seus credores, já sob o controle da Fundação Holandesa, tende a ser a égide que maior segurança trará para o FIP Sondas e seus quotistas. |
| Sergio Bermudes Advogados | 23/06/16 | Responsabilidade do Acionista Controlador | O poder de controle impõe ao acionista controlador certos deveres, inerentes ao poder exercido, com o fim de fazer a Companhia realizar o seu objeto e cumprir sua função social. A omissão do acionista controlador, por falta de deliberações, na execução do PRJ, pode ser compreendida pelo ordenamento jurídico brasileiro como abuso de poder e comportamento contraditório, podendo os acionistas serem responsabilizados pelos |

Confidential

EIG00228051
EIG_KEP_00175812



| | | | prejuízos causados. |
|---|---|---|---|
| Sergio André Rocha Advocacia & Consultoria Tributária | 28/11/18 | Aspectos fiscais de venda da Sete Brasil para uma fundação holandesa | A venda das ações para a Fundação não deve gerar efeitos fiscais adversos para o FIP Sondas. A saída do Fundo do controle societário da Sete Brasil mitiga, porém não afasta, o risco do Fundo, caso o fisco venha a autuar a Sete Brasil buscando desconsiderar a estrutura da Fundação ou tributá-la no Brasil. |
| Loyens & Loeff | 06/12/18 | Estrutura de funcionamento da Fundação Holandesa | A forma de estruturar a saída pretendida pelos acionistas da Sete Brasil é através da criação de uma fundação holandesa que comprará todas as ações do capital da Sete Brasil. O resultado é que a Fundação será a principal holding de todas as empresas detidas direta ou indiretamente pela Sete Brasil. |
| Sergio Bermudes Advogados | 05/12/18 | Necessidade de aprovação, em Reunião de Credores, de operação societária com o objetivo de transferir todas as ações de emissão da Sete Brasil. | Pelos motivos expressados no parecer, os signatários entendem ser desnecessária a aprovação dos credores, em Reunião de Credores, da proposta de reorganização societária destinada a transferir a integralidade das ações da Sete Brasil detidas pelo FIP Sondas e pela Petrobras para uma fundação holandesa. Da mesma forma, na opinião dos |

Confidential

EIG00228052
EIG_KEP_00175813



|  |  |  | advogados a aprovação e implementação dessa reorganização societária não contraria em nada as obrigações assumidas pelo grupo Sete Brasil no PRJ. |
|---|---|---|---|

Acerca do parecer emitido pelo escritório de advocacia Sergio Bermudes Advogados, datado de 05/12/18, que conclui ser desnecessária a aprovação dos credores, em Reunião de Credores, da proposta de reorganização societária destinada a transferir a integralidade das ações da Sete Brasil detidas pelo FIP Sondas e pela Petrobras para a Fundação Holandesa, pondera-se que, embora a tese defendida seja juridicamente válida e defensável, não é possível garantir que estará livre de quaisquer questionamentos.

Segundo o memorando do escritório Faveret Lampert Advogados, a alienação detida pelos acionistas da Sete Brasil para a Fundação Holandesa não gera efeitos sobre os direitos e obrigações constituídos anteriormente, mas afasta os acionistas da responsabilidade pelos atos que vierem a ser praticados doravante pela Fundação.

Referido memorando argumenta ainda que a alienação deve facilitar a execução do PRJ e esse fato tem importante efeito em termos de eliminar qualquer responsabilidade dos acionistas/quotistas perante terceiros.

Sobre o preço simbólico de R$ 1,00 (um real), a Proposta considerou que: (i) a permanência do FIP Sondas no controle da Companhia não resultará em qualquer retorno financeiro, nos termos do PRJ aprovado; e (ii) que a estrutura societária atual, se mantida, tende a representar apenas riscos de responsabilidade para os atuais acionistas.

Nos termos do item "i" da cláusula 4.9 do Acordo de Quotistas do Fundo, a aprovação sobre a venda, total ou parcial, de títulos e valores mobiliários de emissão da Companhia integrantes da carteira do Fundo é uma matéria de competência do Comitê de Investimento do Fundo e dependerá da aprovação de membros do Comitê de Investimento que representem, no mínimo, 85% (oitenta e cinco) por cento das quotas

Confidential

EIG00228053
EIG_KEP_00175814



emitidas pelo Fundo.

A venda da participação do FIP Sondas para a Fundação Holandesa deve observar as regras previstas no Acordo de Acionistas da Sete Brasil firmado em 31 de julho de 2012 entre o Fundo e a Petrobras ("<u>Acordo de Acionistas</u>").

Contudo, pela análise das regras previstas no Acordo de Acionistas, notadamente as que dizem respeito às Regras e Restrições Gerais à Alienação de Ações e de Direitos Inerentes às Ações (Cláusula 10ª), Direito de Preferência (Cláusula 11ª) e Direito de Venda Conjunta (Cláusula 12ª) observa-se, desde já, a satisfação de todas as obrigações estabelecidas para o Fundo sem a necessidade de procedimentos adicionais junto a Petrobras, na qualidade de acionista detentora das ações remanescentes da Companhia conforme justificado a seguir.

Pela Cláusula 10ª, com relação às obrigações impostas ao Fundo, cabe observar que o Período de Lock-Up do Fundo já foi superado e não há que se falar em ônus sobre as ações, uma vez, que o Fundo nunca criou qualquer tipo de ônus sobre as ações de sua titularidade, não havendo, portanto, restrições à alienação das ações detidas pelo Fundo nos termos da Cláusula 10ª.

Pela Cláusula 11ª, são estabelecidos diversos procedimentos que devem ser respeitados pelo Fundo para a preservação do direito de preferência da Petrobras em adquirir as ações, nos mesmos termos e condições da oferta feita pela Fundação Holandesa; entretanto, como no decorrer da mesma cláusula é definido que o exercício da preferência, se for o caso, deve compreender todas, e não menos do que todas as ações e que a Petrobras renuncia ao direito de preferência, caso, em razão do exercício, a Petrobras passe a deter, direta ou indiretamente, mais de 10% (dez por cento) do capital social da Companhia, da mesma forma não há que se falar em direito de preferência pois o exercício do referido direito pela Petrobras resultaria em uma participação de 100% (cem por cento) no capital social da Companhia, portanto, maior do que os 10% (dez por cento) previstos no Acordo de Acionistas.

Pela Cláusula 12ª, é reservado ao acionista ofertado, no caso a Petrobras, o direito de venda conjunta com o Fundo, contudo, tendo sido renunciado expressamente no Acordo

Confidential

EIG00228054
EIG_KEP_00175815



de Acionista o direito de preferência da Petrobras conforme explicado no item acima, conclui-se pela não existência da figura de acionista ofertado e por consequência da não aplicabilidade da Cláusula 12ª do Acordo de Acionistas.

Além disso, outro ponto importante a ser observado diz respeito ao Artigo 57 do Regulamento do Fundo onde é definido que o Fundo terá Prazo de Duração de 20 (vinte) anos, contados a partir da data da primeira integralização de quotas da Primeira Emissão de Quotas do Fundo, sendo que os primeiros 10 (dez) anos corresponderão ao Período de Investimento, e os 10 (dez) anos seguintes ao Período de Desinvestimento.

Considerando que a primeira integralização de quotas da Primeira Emissão de Quotas do Fundo ocorreu em 30 de março de 2011, o Fundo encontra-se ainda em período de investimento.

Nesse sentido, em caso de aprovação da alienação das ações detidas pelo Fundo, no âmbito do Comitê de Investimento do Fundo, a eficácia da deliberação ficará sujeita à aprovação da redução do Período de Investimento previsto no Regulamento do Fundo, em Assembleia Geral de Quotistas.

Assim, em caso de deliberação e aprovação da Proposta em Reunião do Comitê de Investimento do Fundo, com a consequente implementação da transferência das ações detidas pelo Fundo para a Fundação Holandesa, o Fundo perderá seu objetivo e deverão ser iniciadas as discussões e procedimento necessários a sua liquidação.

Os termos iniciados com letras maiúsculas e não definidos neste material, são usados conforme definições constantes do Regulamento.

**CAIXA ECONÔMICA FEDERAL**

Confidential

EIG00228055
EIG_KEP_00175816