# EXHIBIT 111



STATE OF NEW YORK

)
)
)
COUNTY OF NEW YORK              )        ss


**CERTIFICATION**


This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from Portuguese into English of the attached document with Bates number range EIG00228789 through

EIG00228796.


_____
Edward J. Jacob
Divergent Language Solutions, LLC


State of New York

County of New York

Subscribed to and sworn before me this 19th day of August , 2021
by Edward J. Jacob.


_____
Notary Public

MATTHEW C. ZELAK
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ZE6350239
Qualified in Kings County
Commission Expires    November 7, 2024


183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street, 11th Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com

**INVESTMENT COMMITTEE**

FUNDO DE INVESTIMENTO EM PARTICIPAÇÕES SONDAS – MULTIESTRATÉGIA

[MULTISTRATEGY PRIVATE EQUITY FUND]

Brazilian Ministry of Finance Corporate Tax Roll [CNPJ/ MF] No. 12.396.426/0001-95

**Minutes of the 156th Meeting of the Investment Committee**

**1       Date, time, and place**

On June 28, 2019, at 4 p.m., at the registered office of Sete Brasil Participações S.A. – Under Court-Supervised Reorganization ("Company") and via conference call, in conformity with the terms of the Sole Paragraph of Article 29 of the Fundo de Investimento em Participações Sondas – Multiestratégia ("Fund" or "FIP Sondas"), the 156th Meeting of the FIP Sondas Investment Committee was convened, which was suspended until November 1, 2019 at 4 p.m., when it was closed.

**2       Call to meeting**

Call to meeting made pursuant to Article 28 of the Fund Bylaws.

**3       Attendance**

The members of the Investment Committee representing all quotas issued by the Fund, and Caixa Econômica Federal as manager of FIP Sondas ("Manager").

**4       Board Composition**

The members of the Investment Committee present asked Mr. Fernando Henrique Augusto to preside over this meeting. Mr. Augusto appointed Mr. Mauricio Antonio Alves da Costa to act as secretary.

**5       Agenda**

(i)      In consideration of the proposal received from Sondas Stichting, dated December 06, 2018 ("Proposal") to acquire all shares issued by Sete Brasil Participações S.A. – Under Court-Supervised Reorganization, which are held by the Fund, to deliberate on the sale of all shares issued by the Company, owned by the Fund (7,838,925,000), for the total symbolic amount of R$1.00 (one real), as detailed in the Proposal. The effectiveness of this resolution is subject to

[initials]                                          [initials]

the approval of the reduction in the Investment Period prescribed in the Bylaws by the General Meeting of Quotaholders; and

(ii)     the authorization for the Administrator, on behalf of the Fund, to carry out all acts needed to make the above item effective, including, but not limited to executing a Share Purchase Agreement, or other agreements.

**6      Resolutions**

Preliminarily, the drafting of these minutes in summary format was approved by a unanimous vote of the members present, and the Manager's representatives indicated at that time that the Meeting, held as a conference call, was being recorded, and that the corresponding audio record would be kept in its files.

Having read the Agenda, the members of the Investment Committee were given the opportunity to declare any conflicts of interest in relation to the items on the agenda. Such statements were made by the member designated by Quotaholder Luce, members FIC FIP SONDAS, FIC FIP INFRA II, and FIC FIP OIL & GAS, along with member PREVI, who together represent 33.43% of the quotas issued by the Fund. Therefore, the equity interests of the aforementioned members shall be excluded from the base for calculating the quorums needed to pass resolutions.

The member designated by Quotaholder EIG approved all items on the Agenda.

The member PETROBRAS made the following statement:

*"In accordance with the decision of Petrobras' Board of Directors, made June 27, 2019, we request that the 156th Meeting of the Investment Committee [RCI] of this Multistrategy Private Equity Fund ("FIP Sondas") be postponed, with the goal of said party asking Sete Brasil Participações S.A. – Under Court-Supervised Reorganization ("Sete Brasil"), copied herein, to inform the 3rd Commercial Court of the Judicial District of the Capital of the State of Rio de Janeiro, where its court-supervised reorganization is being handled, of the content of the aforementioned Meeting's Agenda ("sale of all shares issued by the Company, owned by the Fund (7,838,925,000), for the symbolic value of R$1.00 (one real), as detailed in the Proposal, which is attached to the notice of meeting," so that it may issue*

[initials]                                              [initials]

*a statement as to whether or not the Court objects to the sale of all shares issued by the Company to the Dutch entity to be formed, as detailed in the Proposal."*

Additionally, the other members designated by the Quotaholders STRONG FIC FIM, SANTANDER, LAKESHORE, and FI-FGTS, and the members FUNCEF, PETROS, and VALIA noted that to date they did not have voting rights and, there being no objection from the other members, this resolution was suspended and deliberations resumed, with the current board, by conference call on August 1 and 29, September 30, and November 1, 2019, when deliberations finally concluded.

As concerns the suspensions, the member PREVI asked that the following be recorded:

*"Due to the suspension of this Investment Committee Meeting, Previ highlights the risks associated with the suspension, which were already enumerated by Sete Brasil's management and by Caixa Econômica Federal."*

As concerns the statement made by the member PETROBRAS, the Manager noted, on September 10, 2019, in a message sent to all members that:

(i)     on August 21, 2019, following a petition from the Company, the Court declared as follows: *"As to the interested parties and the Judicial Administration[,] there being no opposition or objection, this court is solely responsible for assessing the facts;"*

(ii)    with regard to the Court's statement, the Company clarified that: (a) the parties to the proceeding (the parties under reorganization and the creditors), the prosecutor, the legal counsel, and any third parties concerned that are linked to the operation in question (for example, Petrobras); and (b) the term for making a statement varies according to the access of each interested party to the electronic process, although, using a conservative analysis, the Company considered the closing date to be September 09, 2019; and

(iii)   as the period for the interested parties to make a statement has elapsed, the Company noted that there was no statement from the parties, in the case file for the court-supervised reorganization proceeding, and the competent Court already made its statement on the facts.

[initials]                                          [initials]

After the resolution was again deliberated on September 30, 2019, which was granted by members that did not have voting rights, and, without any objection from the other members, a new suspension and vote was held on November 1, 2019, the Manager informed all members present on October 7, 2019 that, so as to not prejudice the purpose of the resolution, the other Quotaholders and/or members of the Investment Committee and/or the Fund would not be allowed to again extend the term for this resolution, and that this meeting would have to be irrevocably concluded on November 1, 2019, considering that:

(i)     the subject matters under deliberation are indispensable and necessary measures for carrying out the Court-Supervised Reorganization Plan of the Company, which the creditors approved on November 9, 2018 and June 27, 2019, such that the lack of a resolution could jeopardize the progress of the Company's reorganization process;

(ii)    the Fund, as controlling shareholder of the Company, under the terms of the sole paragraph of Art. 116 of Law No. 6.404/76 must *"use the power to aid the company in achieving its purpose and fulfiling its social function, and has duties and responsibilities towards the other shareholders of the company, those who work there, and towards the community in which it acts, whose rights and interests it must faithfully respect and serve.";*

(iii)   given the Company's critical cash position, which was already emphasized to the members of the Investment Commitment on various occasions, it has become even more urgent and essential to resolve the pending deliberations; and

(iv)    the continuous requests from certain members to suspend the deliberations, considering the past actions observed, will not result in a firm prospect of concluding them, such that they will always be postponed. In the Manager's best understanding, this is not supported by best practices and would not seem to be carried out in the best interest of the Company, the Fund and, consequently, the Quotaholders themselves.

[initials]                                                                        [initials]

To that end, this meeting was resumed on November 1, 2019 at 4 p.m. at the Company's registered office and by conference call, recording the attendance of members representing all quotas issued by the Fund and the Manager, maintaining the board officers.

Having made the pertinent clarifications, the Manager noted that the members designated by the Quotaholders STRONG FIC FIM (09/30/2019) and LAKESHORE (10/25/2019) and the members VALIA (08/01/2019) and PETROS (10/24/2019) cast their respective votes such that: (i) the member designated by the Shareholder STRONG FIC FIM approved all items on the Agenda; (ii) the members VALIA and PETROS declared to have conflicts of interest in relation to the items on the agenda; (iii) the member designated by the Quotaholder LAKESHORE abstained; and (iv) the votes of the members designated by the Quotaholders SANTANDER and FI-FGTS, and the member PETROBRAS and FUNCEF were still pending.

Despite the release issued by the Manager on October 7, 2019, member PETROBRAS requested another suspension of this meeting to allow the complete agreement to be analyzed and in conjunction with the other resolutions concerning the topic, per a decision from its Board of Directors although, for the reasons stated in the release issued on October 7, 2019, and in the Fund's best interest, the Manager affirmed that this meeting should be irrevocably closed on that date.

Therefore, as the Manager did not accept the request for suspension, member PETROBRAS abstained from voting on the items, requesting that the following be recorded:

*"Considering that the Court handling the Reorganization of Sete Brasil did not decide on the regularity of the operation attempted at the 156th Investment Committee Meeting of FIP Sondas, and as it is a notably complex case, PETROBRAS must not take an advance position that could be related to the outcome of the situation between the Company and Sete Brasil."*

The member designated by Shareholder SANTANDER then also declared to abstain with regard to all items on the Agenda.

The member designated by Shareholder FI-FGTS and the member FUNCEF did not vote on the aforementioned items.

To that end, as approved at the Fund's 49th General Meeting of Quotaholders, the members of the Investment Committee that did not make a statement or who formally abstained, were considered blank

[initials]                                             [initials]

ballots, and shall have their equity interests excluded from the base used to calculate the quorums required to pass resolutions under the Bylaws and the Quotaholders' Agreement.

Therefore, with a quorum of 100% of the issued Quotas, excluding the equity interests of the members with a conflict, the members who formally abstained, and the members who did not make any declaration, the Fund's Investment Committee:

(i)   considering the receipt of the Proposal, **approved** the sale of all of the shares issued by the Company, owned by the Fund (7,838,925,000), for the symbolic total value of R$1.00 (one real), as detailed in the Proposal. The effectiveness of this resolution shall be subject to the approval of the reduction in the Investment Period provided for in the Bylaws, at the General Meeting of Quotaholders; and

(ii)  **authorized** the Administrator, in the name of the Fund, to carry out all acts needed to make the above item effective, including, but not limited to signing the Share Purchase Agreement, and Other Agreements.

The member designated by Quotaholder LUCE requested the following be recorded:

*"Luce Venture Capital – Drilling Serie ("LUCE") on April 26, 2016, recorded, before the Arbitration and Mediation Center of the Brazil-Canada Chamber of Commerce, a "REQUEST FOR ARBITRATION" against Petróleo Brasileiro S.A. – Petrobras. The claims made by LUCE and its desired results under the scope of the aforementioned arbitration procedure, covered by a confidentiality clause, prove to be irreconcilable and incompatible with the purposes and premises of the resolution at the 156th Meeting of the FIP Sondas Investment Committee to be held on that date. Therefore, with the aim of safeguarding rights and not causing any damage, LUCE, as holder of 3.5609% of the FIP Sondas Quotas, declared to have an impediment to exercising its voting right at the 156th Meeting of the FIP Sondas Investment Committee, to be held on that date, given the existence of a conflict of interest. Lastly, LUCE asked that this statement be attached to the meeting minutes or, at least, that the content thereof be reproduced verbatim."*

[initials]                                    [initials]

The member designated by Quotaholder SANTANDER asked that the following be recorded:

*"As is widely known, Petróleo Brasileiro S.A. – Petrobras, in significant event[s] that were disclosed to the market on March 1, 2018, made approval contingent [on] formalizing an agreement, within the scope of the extrajudicial mediation procedure pending with Sete Brasil Participações S.A. – under Court-Supervised Reorganization ("Sete Brasil") per the following terms: (i) maintaining charter and operating contracts for four rigs, terminating (concluding) the contracts executed in relation to the other twenty-four rigs; (ii) the contracts shall have an effective term of ten years, with a daily fee of US$299,000, which amount includes the charter and operation of the units; (iii) the departure of Petrobras and its subsidiaries from the corporate structure of the the Sete Brasil Group and FIP Sondas, such that it no longer holds any corporate stake in this company, as well as the resulting termination of all other contracts that do not comply with the terms of the agreement.*

*In this scenario, Santander believes that approval of the resolution provided for in this Investment Committee Meeting only reflects the terms resulting from the mediation procedure established between Sete Brasil and Petrobras – Petroleo Brasileiro S.A., in which Santander did not participate, and that therefore it does not have the minimum sufficient elements to evaluate to what extent this resolution would or would not be detrimental to its rights and obligations as a quotaholder of FIP Sondas. Therefore, Santander declares to abstain as concerns the proposal made in this resolution, henceforth reserving its rights before all pertinent parties."*

Lastly, member VALIA presented a separate statement which, initialed by the board, forms an integral part of these minutes as Appendix I-A.

The Proposal of 12/06/2018, initialed by the board, forms an integral part of these minutes as Appendix II.

The capitalized terms that have not been defined herein are defined in the Bylaws.

## 7    Closing

As there were no further matters to discuss, the Chairman declared the meeting to be closed at 4:30 p.m. I, Mauricio Antonio Alves da Costa, drafted these minutes, for which the corresponding written statements

[initials]                                        [initials]

are attached, and as agreed, attest to the attendance and express approval of the contents of these minutes, pursuant to Article 29, Sole Paragraph of the Bylaws.


Rio de Janeiro/RJ, November 1, 2019


_____[signature]_____          _____[signature]_____

Mauricio Antonio Alves da Costa                    Fernando Henrique Augusto

Secretary                                          Chairman

**COMITÊ DE INVESTIMENTO**

FUNDO DE INVESTIMENTO EM PARTICIPAÇÕES SONDAS – MULTIESTRATÉGIA

CNPJ/MF nº 12.396.426/0001-95

**Ata da 156ª Reunião do Comitê de Investimento**

**1      Data, hora e local**

No dia 28 de junho de 2019, às 16h, na sede social da Sete Brasil Participações S.A. – Em Recuperação Judicial ("Companhia") e por meio de audioconferência, conforme previsto no Parágrafo Único do Artigo 29 do Regulamento do Fundo de Investimento em Participações Sondas - Multiestratégia ("Fundo" ou "FIP Sondas") foi instalada a 156ª Reunião do Comitê de Investimento do FIP Sondas, que foi suspensa até o dia 1º de novembro de 2019 às 16h, quando foi encerrada.

**2      Convocação**

Convocação realizada nos termos do Artigo 28 do Regulamento do Fundo.

**3      Presentes**

Os membros do Comitê de Investimento representando a totalidade das quotas emitidas pelo Fundo e a Caixa Econômica Federal na qualidade de gestora do FIP Sondas ("Gestora").

**4      Composição da Mesa**

Os membros do Comitê de Investimento reunidos convidaram o Sr. Fernando Henrique Augusto para presidir esta reunião, o qual nomeou o Sr. Maurício Antonio Alves da Costa, para secretariar os trabalhos do dia.

**5      Ordem do Dia**

(i)      Considerando o recebimento da proposta para aquisição da totalidade das ações de emissão da Sete Brasil Participações S.A. – Em Recuperação Judicial, detidas pelo Fundo, pela Sondas Stichting, datada de 06 de dezembro de 2018 ("Proposta"), deliberar sobre a venda da totalidade das ações emitidas pela Companhia, de titularidade do Fundo (7.838.925.000), pelo valor simbólico total de R$ 1,00 (um real), conforme detalhada na Proposta. A eficácia desta deliberação fica sujeita à aprovação da redução





do Período de Investimento previsto no Regulamento, em Assembleia Geral de Quotistas; e

(ii)     a autorização para que a Administradora, em nome do Fundo, realize todos os atos necessários para a efetivação do item acima, incluindo, mas não se limitando, a celebração do Contrato de Compra e Venda de Ações e Outras Avenças.

**6      Deliberações**

Preliminarmente, por unanimidade dos membros presentes, foi aprovada a lavratura desta ata sob a forma sumária, sendo que, na ocasião, os representantes da Gestora informaram que a Reunião realizada na forma de teleconferência é gravada e que o correspondente registro de áudio é mantido em seus arquivos.

Lida a Ordem do Dia, abriu-se oportunidade para que os membros do Comitê de Investimento declarassem eventual conflito de interesses em relação às matérias, tendo assim se manifestado o membro indicado pelo Quotista LUCE, os membros FICFIP SONDAS, FIC FIP INFRA II e FIC FIP OIL&GAS e o membro PREVI, que juntos representam 33,43% das quotas emitidas pelo Fundo. Dessa maneira, as participações dos membros acima referidos serão excluídas da base para cômputo dos quóruns deliberativos.

O membro indicado pelo Quotista EIG aprovou todos os itens da Ordem do Dia.

O membro PETROBRAS apresentou a seguinte manifestação:

*"Em cumprimento à decisão do Conselho de Administração da Petrobras, tomada em 27 de junho de 2019, solicitamos o adiamento da 156ª Reunião do Comitê de Investimento (RCI) deste Fundo de Investimento em Participações Sondas - Multiestratégia ("FIP Sondas") com a finalidade de que este solicite à Sete Brasil Participações S.A. – em Recuperação Judicial ("Sete Brasil"), ora copiada, que comunique ao Juízo da 3ª Vara Empresarial da Comarca da Capital do Estado do Rio de Janeiro, onde tramita sua recuperação judicial, o teor da Ordem do Dia da referida Reunião ("venda da totalidade das ações emitidas pela Companhia, de titularidade do Fundo (7.838.925.000), pelo valor simbólico de R$ 1,00 (um real), conforme detalhado na Proposta, anexa ao edital de convocação"), para que este se manifeste sobre se não há objeção do Juízo à realização da venda da totalidade das ações*





**Confidential**

**EIG00228790**
**EIG_KEP_00249898**

*emitidas pela Companhia à fundação holandesa a ser constituída, conforme detalhado na Proposta".*

Além disso, os demais membros indicados pelos Quotistas STRONG FICFIM, SANTANDER, LAKESHORE e FI-FGTS e os membros FUNCEF, PETROS e VALIA informaram que não possuíam voto até momento e, sem oposição dos demais membros, a presente deliberação foi suspensa e retomada, mantendo-se a mesa e por meio de teleconferência, nos dias 1º e 29 de agosto, 30 de setembro e 1º de novembro de 2019, quando finalmente foi encerrada.

Acerca das suspensões, o membro PREVI solicitou o seguinte registro:

*"Por conta da suspensão da presente Reunião do Comitê de Investimento, a Previ faz ressalva em relação aos riscos associados à suspensão, já apontados pela administração da Sete Brasil e pela Caixa Econômica Federal."*

Sobre a manifestação apresentada pelo membro PETROBRAS, a Gestora informou, em 10 de setembro de 2019, por meio de mensagem encaminhada a todos os membros que:

(i) em 21 de agosto de 2019, após petição da Companhia, o Juízo se manifestou no seguinte sentido: *"Digam os interessados e o Adm. Jud. Inexistindo qualquer oposição ou impugnação, cabe a este juízo apenas ciência do fato";*

(ii) sobre a manifestação do Juízo, a Companhia esclareceu que: (a) interessados são as partes do processo (Recuperandas e credores), o MP, o AJ e eventuais terceiros interessados que tenham correlação com a operação em questão (por exemplo, a Petrobras); e (b) o prazo para manifestação varia de acordo com o acesso de cada interessado ao processo eletrônico, contudo, por uma análise conservadora, a Companhia considerou o encerramento em 09 de setembro de 2019; e

(iii) superado o prazo para manifestação dos interessados, a Companhia informou que não houve manifestação das partes, nos autos do processo de recuperação judicial, tendo o Juízo competente já manifestado a sua ciência quanto ao fato.





Após a retomada realizada no dia 30 de setembro de 2019, a qual ficou acordada pelos membros que não possuíam voto e, sem oposição dos demais membros, uma nova suspensão e retomada no dia 1º de novembro de 2019, a Gestora comunicou em 7 de outubro de 2019, a todos os membros presentes que, de forma a não prejudicar a finalidade da deliberação, os demais Quotistas e/ou membros do Comitê de Investimento e/ou o Fundo, não seria permitida nova prorrogação de prazo para essa deliberação, devendo essa reunião ser impreterivelmente encerrada em 1º de novembro de 2019, considerando que:

(i)     as matérias em deliberação são medidas imprescindíveis e necessárias para execução do Plano de Recuperação Judicial da Companhia que foi aprovado pelos credores em 9 de novembro de 2018 e 27 de junho de 2019, de maneira que a ausência de deliberação pode inviabilizar a continuidade do procedimento de recuperação da Companhia;

(ii)    o Fundo, na condição de acionista controlador da Companhia, nos termos do parágrafo único do art. 116 da Lei nº 6.404/76 deve *"usar o poder com o fim de fazer a companhia realizar o seu objeto e cumprir sua função social, e tem deveres e responsabilidades para com os demais acionistas da empresa, os que nela trabalham e para com a comunidade em que atua, cujos direitos e interesses deve lealmente respeitar e atender.";*

(iii)   dada a situação crítica de caixa da Companhia, já destacada aos membros do Comitê de Investimento em diversas oportunidades, a resolução das deliberações pendentes se tornam mais urgentes e essenciais; e

(iv)    as sucessivas solicitações para suspensão da deliberação, por parte de alguns membros, tendo em vista o histórico observado, não transmitem uma expectativa firme de conclusão da deliberação, de sorte que sempre são postergadas, o que, no melhor entendimento da Gestora, não encontra amparo nas melhores práticas e não parece que são realizadas no melhor interesse da Companhia, do Fundo e, por consequência, dos próprios Quotistas.



Nesse sentido, esta reunião foi retomada em 1º de novembro de 2019 às 16h na sede da Companhia e por meio de teleconferência, registrando-se a presença de membros representando a totalidade das quotas emitidas pelo Fundo e a Gestora, mantendo-se a mesa.

Feitos os esclarecimentos pertinentes, a Gestora informou que os membros indicados pelos Quotistas STRONG FICFIM (30/09/2019) e LAKESHORE (25/10/2019) e os membros VALIA (01/08/2019) e PETROS (24/10/2019) manifestaram seus respectivos votos de forma que: (i) o membro indicado pelo Quotista STRONG FICFIM aprovou todos os itens da Ordem do Dia; (ii) os membros VALIA e PETROS declararam conflito de interesses em relação às matérias; (iii) o membro indicado pelo Quotista LAKESHORE absteve-se; e (iv) restavam pendentes os votos dos membros indicados pelos Quotistas SANTANDER e FI-FGTS e o membro PETROBRAS e FUNCEF.

Em que pese o comunicado feito pela Gestora em 7 de outubro de 2019, o membro PETROBRAS solicitou nova suspensão desta reunião para permitir a análise do acordo completo e de forma conjunta com outras deliberações que tratam do tema, conforme determinação do seu Conselho de Administração, sendo que, pelos motivos expostos no comunicado realizado em 7 de outubro de 2019, e no melhor interesse do Fundo, a Gestora ratificou que esta reunião deveria ser impreterivelmente encerrada nesta data.

Dessa forma, não tendo a sua solicitação de suspensão acatada pela Gestora, o membro PETROBRAS absteve-se de votar nas matérias solicitando o seguinte registro:

*"Considerando que o Juízo da Recuperação Judicial da Sete Brasil não se manifestou pela regularidade da operação pretendida na 156ª RCI do FIP Sondas e se trata de caso notadamente complexo, a PETROBRAS não deve antecipar uma posição que possa se relacionar com o desfecho da situação entre a Companhia e a Sete Brasil".*

Em ato contínuo, o membro indicado pelo Quotista SANTANDER também apresentou a sua abstenção para todas as matérias da Ordem do Dia.

O membro indicado pelo Quotista FI-FGTS e o membro FUNCEF não apresentaram manifestação de voto para referidas matérias.

Nesse sentido, conforme aprovado na 49ª Assembleia Geral de Quotistas do Fundo, os membros do Comitê de Investimento que nada declararam e que se abstiveram formalmente,




Confidential

serão considerados votos em branco e terão suas participações excluídas da base para cômputo dos quóruns deliberativos previstos no Regulamento e no Acordo de Quotistas.

Portanto, pelo quórum de 100% das Quotas emitidas, excluídas as participações dos membros conflitados, dos membros que se abstiveram formalmente e dos membros que nada declararam, o Comitê de Investimento do Fundo:

(i) considerando o recebimento da Proposta, **aprovou** a venda da totalidade das ações emitidas pela Companhia, de titularidade do Fundo (7.838.925.000), pelo valor simbólico total de R$ 1,00 (um real), conforme detalhada na Proposta, sendo que a eficácia desta deliberação fica sujeita à aprovação da redução do Período de Investimento previsto no Regulamento, em Assembleia Geral de Quotistas; e

(ii) **autorizou** a Administradora, em nome do Fundo, a realizar todos os atos necessários para a efetivação do item acima, incluindo, mas não se limitando, a celebração do Contrato de Compra e Venda de Ações e Outras Avenças.

O membro indicado pelo Quotista LUCE solicitou o seguinte registro:

*"A Luce Venture Capital – Drilling Serie ("LUCE") em 26 de abril de 2016, protocolou, perante o Centro de Arbitragem e Mediação da Câmara de Comércio Brasil-Canadá, o "PEDIDO DE REQUERIMENTO DE INSTAURAÇÃO DE ARBITRAGEM" contra a Petróleo Brasileiro S.A. – Petrobras. As pretensões formuladas pela LUCE e os resultados por ela desejados no âmbito do referido procedimento arbitral, cobertos por cláusula de confidencialidade, revelam-se inconciliáveis e incompatíveis com os objetos, e suas premissas, de deliberação na 156ª Reunião do Comitê de Investimento do Fundo de Investimento em Participações Sondas, a se realizar nesta data. Assim, com o objetivo de salvaguardar direitos e de não produzir quaisquer prejuízos, a LUCE, na condição de detentora de 3,5609% das Quotas do FIP Sondas, manifesta seu impedimento para exercer o direito de voto na 156ª Reunião do Comitê de Investimento do Fundo de Investimento em Participações Sondas, à se realizar nesta data, face à existência de conflito de interesses. Por fim, a LUCE pede que esta manifestação seja anexada à ata da reunião ou, ao menos, que seu teor seja nela reproduzido integralmente."*





**Confidential**

O membro indicado pelo Quotista SANTANDER solicitou o seguinte registro:

*"Como é de amplo conhecimento, a empresa Petróleo Brasileiro S.A. – Petrobras em fato relevante divulgados ao mercado em 01 de Março de 2018 condicionou a aprovação a formalização de um acordo, no âmbito do procedimento de mediação extrajudicial em curso com a Sete Brasil Participações S.A. – Em Recuperação Judicial ("Sete Brasil") aos seguintes termos: (i) manutenção dos contratos de afretamento e de operação referentes a 4 sondas, com a resilição (encerramento) dos contratos celebrados em relação às demais 24 sondas; (ii) os contratos terão vigência de 10 anos com taxa diária de US$ 299 mil, inciuindo-se neste valor o afretamento e operação das unidades; (iii) a saída da Petrobras e de suas controladas do quadro societário das empresas do Grupo Sete Brasil e do FIP Sondas, de forma que não detenha mais qualquer participação societária nessa empresa, bem como o consequente distrato de todos os demais contratos não compatíveis com os termos do acordo.*

*Nesse cenário, considera o Santander que a aprovação da deliberação prevista nesta RCI apenas reflete os termos resultantes do procedimento de mediação estabelecido entre a Sete Brasil e a Petrobras – Petroleo Brasileiro S.A., o qual o Santander não participou e, portanto, não possui elementos mínimos suficientes para avaliar, em que medida, esta deliberação estaria prejudicando ou não seus direitos e obrigações como quotista do FIP Sondas. Dessa forma, o Santander declara sua abstenção quanto a proposta tratada nesta deliberação, desde já ressalvando seus direitos perante todas as partes pertinentes".*

Por fim, o membro VALIA apresentou manifestação apartada, a qual, rubricada pela mesa, é parte integrante desta ata na forma do Anexo I-A.

A Proposta de 06.12.2018, rubricada pela mesa, é parte integrante desta ata como Anexo II.

Os termos iniciados com letras maiúsculas e não definidos nesta ata encontram-se definidos do Regulamento.

## 7    Encerramento

Nada mais havendo a tratar, o Presidente deu por encerrada a reunião às 16h30, tendo eu, Mauricio Antonio Alves da Costa, lavrado a presente ata, cujas manifestações por escrito



EIG00228795

EIG_KEP_00249903

seguem anexas e, na forma convencionada, prestam-se à confirmação de presença e concordância expressa com o teor desta ata, nos termos do Artigo 29, Parágrafo Único do Regulamento.

Rio de Janeiro/RJ, 1º de novembro de 2019

_____
Mauricio Antonio Alves da Costa
Secretário

_____
Fernando Henrique Augusto
Presidente

Confidential