**EXHIBIT 4**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

EIG ENERGY FUND XIV, L.P.,                              :
EIG ENERGY FUND XIV-A, L.P.,                            :
EIG ENERGY FUND XIV-B, L.P.,                            :
EIG ENERGY FUND XIV (CAYMAN), L.P.,      :
EIG ENERGY FUND XV, L.P.,                                 :
EIG ENERGY FUND XV-A, L.P.,                             :
EIG ENERGY FUND XV-B, L.P., and                      :        Case No. 18-cv-01047-PGG
EIG ENERGY FUND XV (CAYMAN), L.P.,        :
                                                                               :
                                        Plaintiffs,                    :
                                                                               :
                        - against -                                     :
                                                                               :
KEPPEL OFFSHORE & MARINE LTD.,               :
                                                                               :
                                        Defendant.                  :
                                                                               :
---------------------------------------------------------------x

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure (the "Federal Rules"),

Plaintiffs EIG Energy Fund XIV, L.P., EIG Energy Fund XIV-A, L.P., EIG Energy Fund XIV-B,

L.P., EIG Energy Fund XIV (Cayman), L.P., EIG Energy Fund XV, L.P., EIG Energy Fund XV-

A, L.P., EIG Energy Fund XV-B, L.P., and EIG Energy Fund XV (Cayman), L.P. (together, the

"Funds" or "Plaintiffs"), by and through their undersigned attorneys, hereby respond and object

to Defendant Keppel Offshore & Marine Ltd.'s ("Keppel" or "Defendant") First Set of Requests

for Admission (the "Requests").

## General Responses and Objections

The following General Responses and Objections shall apply to each individual Request, and to each Definition and Instruction, and shall have the same force and effect as if set forth in full in response to each Request.  All responses and objections are made on behalf of all Plaintiffs.

1.      Plaintiffs object to the number of Requests (56) as excessive.  The Requests, as a whole, are oppressive and unduly burdensome.

2.      Plaintiffs object to the Requests, including each Definition and Instruction contained therein, to the extent that they purport to impose on Plaintiffs any obligations that are broader in scope or more burdensome than those imposed by the Federal Rules, the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), or applicable case law, and Plaintiffs expressly disclaim any obligation to provide any discovery beyond that required by such rules.

3.      Plaintiffs object to the Requests, including each Definition and Instruction contained therein, to the extent that they seek materials protected from disclosure under the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege, doctrine, statute, regulation, rule of confidentiality, immunity, restriction, or protection that makes such information otherwise non-discoverable.  Any disclosure of materials protected from discovery by the attorney-client privilege, the work-product doctrine, common interest doctrine, or any other applicable privilege or protection is inadvertent and shall not constitute a waiver.

4.      Plaintiffs object to the Requests, including each Definition and Instruction contained therein, to the extent that they seek to impose obligations that are inconsistent with, or

go beyond, any agreement(s) the parties reached during the meet and confer processes held with respect to the parties' prior written discovery requests.

5.      Plaintiffs object to the Requests, including each Definition and Instruction contained therein, to the extent that they seek discovery that is cumulative or duplicative or that is already in Defendant's possession, custody, control, or that is publicly available.

6.      Plaintiffs object to the Requests, including each Definition and Instruction contained therein, to the extent that they seek information that is not relevant to any party's claim or defense and/or that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

7.      Plaintiffs reserve the right to modify, amend, or supplement these responses and objections, all of which are made based on their current knowledge, understanding, and belief.

8.      In providing responses to the Requests, Plaintiffs do not in any way waive or intend to waive, but rather intend to preserve and do preserve:

    a.  All objections as to relevancy, materiality, competency, authenticity, and admissibility;

    b.  All rights to object on any ground to the use of any information and documents provided or produced in response to the Requests in any proceedings, including the trial of this or any other action; and

    c.  All rights to object on any ground to any further requests for information or documents involving or related to any of the paragraphs in the Requests.

- 3 -

KL3 3342251.1

9.      Plaintiffs object to the Requests, including each Definition and Instruction contained therein, to the extent that they contain inaccurate, incomplete, vague, ambiguous, or misleading descriptions of facts, events, or pleadings underlying this case.  Plaintiffs do not concede the validity of or agree with such descriptions.

10.     Plaintiffs object to the Requests, including each Definition and Instruction contained therein, to the extent that they purport to make assumptions about facts or draw legal conclusions.  Plaintiffs do not agree or acquiesce to any such assumptions or conclusions.

11.     Plaintiffs object to the Requests, including each Definition and Instruction contained therein, to the extent that they seek admissions as to questions of law or legal conclusions.

12.     Plaintiffs object to the use of undefined terms in the Requests as vague and ambiguous to the extent that they purport to mean anything other than their commonly understood meaning.

13.     Plaintiffs object to the Requests, including each Definition and Instruction contained therein, to the extent that they concern matters that Plaintiffs lack knowledge of or information about, and are unable to obtain the necessary knowledge or information upon reasonable inquiry.

14.     In addition to these General Responses and Objections, Plaintiffs state specific objections to individual Requests, where appropriate, including objections that are not generally applicable to all Requests. By setting forth such specific objections, Plaintiffs do not limit or restrict the General Responses and Objections set forth above. The specific objections to each Request are in addition to each of the General Responses and Objections.

- 4 -

The General Responses and Objections shall be deemed to apply to and be part of each and every one of Plaintiffs' responses set forth below, even where Plaintiffs have supplied specific objections or otherwise responded to the Requests.

<strong><u>Objections to Definitions and Instructions</u></strong>

1.      Plaintiffs object to Instruction No. 6 to the extent it instructs Plaintiffs to "specify the meaning" attributed to vague and ambiguous terms or phrases, to "assume" the meaning of unclear terms, and to "state what the assumed meaning is and respond to the Request according to the assumed meaning."  These portions of Instruction No. 6 are not contemplated by the Federal Rules, Local Rules, or applicable case law, and are overly broad, unduly burdensome, and not proportional to the needs of the case.

2.      Plaintiffs object to the definition provided for "Sete" to the extent that it includes the "Drilling Rigs Project" on the ground that it is vague, ambiguous, unclear, and overly broad.

<strong><u>Specific Responses and Objections</u></strong>

**REQUEST NO. 1**

EIG first learned of the opportunity to invest in Sete on September 27, 2010, when Kevin Corrigan received an email from Société Générale attaching a presentation titled "The Drilling Rigs Project: Petrobras' Strategy for its successful implementation". (EIG_KEP_00075177, EIG_KEP_00075178.)

**RESPONSE:**

Subject to the above general objections, Plaintiffs deny this Request.

**REQUEST NO. 2**

Kevin Corrigan's October 5, 2010 email to Joao Carlos Ferraz was EIG's first communication with any representative of Petrobras related to a potential investment in Sete. (EIG_KEP_00257850.)

**RESPONSE:**

Subject to the above general objections, Plaintiffs deny this Request.

KL3 3342251.1

**REQUEST NO. 3**

In March 2011, EIG representative Kevin Corrigan visited Brazil as part of EIG's due diligence for its Sete investments.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Subject to this objection and the above general objections, Plaintiffs admit this Request.

**REQUEST NO. 4**

In May 2011, EIG representatives Kevin Corrigan and Kevin Lowder visited the Atlântico Sul Shipyard (EAS) as part of EIG's due diligence for its Sete investments.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Subject to this objection and the above general objections, Plaintiffs admit this Request.

**REQUEST NO. 5**

On June 27, 2011, the Fund XIV EIG Investment Committee unanimously approved a R$ 250 million investment in Sete.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Subject to this objection and the above general objections, Plaintiffs admit that on June 27, 2011, the TCW Energy Fund XIV Investment Committee unanimously approved an investment of up to R$250,000,000 of common equity in FIP Sondas.

KL3 3342251.1

**REQUEST NO. 6**

      The only three members of the Fund XIV EIG Investment Committee as of June 27, 2011 were Alvin Albe, Jeffrey Anderson and Blair Thomas.

**RESPONSE:**

      Subject to the above general objections, Plaintiffs admit that the only three members of the TCW Energy Fund XIV Investment Committee on June 27, 2011 were Alvin Albe, Jeffrey Anderson and Blair Thomas.

**REQUEST NO. 7**

      On June 30, 2011, EIG executed its first investment agreement with Sete and Lakeshore (EIG_KEP 00049151).

**RESPONSE:**

      Plaintiffs object to this Request to the extent it calls for a legal conclusion.  Subject to this objection and the above general objections, Plaintiffs admit that EIG Management Company, LLC, entered into an agreement titled Investment Agreement: Second Round of Private Placements for the Sondas Project with Lakeshore Financial Partners Participações Ltda. and Sete Brasil Participações, S.A., that the agreement was dated June 30, 2011 ("June 30, 2011 Agreement"), and that the agreement was the first investment agreement between such parties.

**REQUEST NO. 8**

      Pursuant to EIG's June 30, 2011 investment agreement (EIG_KEP 00049151), EIG made a binding commitment to invest up to R$ 250,000,000 in Sete.

**RESPONSE:**

      Plaintiffs object to this Request on the grounds that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2) and to the extent it calls for a legal conclusion.  Plaintiffs further object to this Request on the ground that the

phrase "binding commitment" is conclusory, argumentative, vague, ambiguous, and unclear.

Subject to these objections and the above general objections, Plaintiffs deny this Request, and

refer to the June 30, 2011 Agreement for its contents.

## REQUEST NO. 9

On September 8, 2011, EIG executed an amended and restated investment agreement
with Sete and Lakeshore (EIG_KEP 00048626) that superseded EIG's June 30, 2011 investment
agreement (EIG_KEP 00049151).

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each

matter as to which an admission is sought as required by Federal Rule 36(a)(2) and to the extent

it calls for a legal conclusion. Plaintiffs further object to this Request on the ground that the term

"superseded" is vague, ambiguous, and unclear. Subject to these objections and the above

general objections, Plaintiffs deny this Request, except admit that EIG Management Company,

LLC, entered into an agreement titled First Amendment and Restatement Agreement with

Lakeshore Financial Partners Participações Ltda. and Sete Brasil Participações, S.A., that the

agreement is dated September 8, 2011 ("September 8, 2011 Agreement"), and that this

agreement amended sections of the June 30, 2011 Agreement. Plaintiffs refer to the September

8, 2011 Agreement for its contents.

## REQUEST NO. 10

Pursuant to EIG's September 8, 2011 investment agreement (EIG_KEP 00048626), EIG
made a binding commitment to invest up to R$ 500,000,000 in Sete.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each

matter as to which an admission is sought as required by Federal Rule 36(a)(2) and to the extent

- 8 -

it calls for a legal conclusion.  Plaintiffs further object to this Request on the ground that the

phrase "binding commitment" is conclusory, argumentative, vague, ambiguous, and unclear.

Subject to these objections and the above general objections, Plaintiffs deny this Request and

refer to the September 8, 2011 Agreement for its contents.

## REQUEST NO. 11

On September 16, 2011, the Fund XV EIG Investment Committee unanimously approved
a R$ 250 million investment in Sete.

**RESPONSE:**

Subject to the above general objections, Plaintiffs admit that on September 16, 2011, the

Energy Fund XV Investment Committee unanimously approved an investment of up to

R$250,000,000 of common equity in FIP Sondas.

## REQUEST NO. 12

The only five members of the Fund XV EIG Investment Committee as of September 16,
2011 were Alvin Albe, Jeffrey Anderson, Kurt Talbot, Blair Thomas and Randall Wade.

**RESPONSE:**

Subject to the above general objections, Plaintiffs admit that the only five members of the

Energy Fund XV Investment Committee on September 16, 2011 were Alvin Albe, Jeffrey

Anderson, Kurt Talbot, Blair Thomas, and Randall Wade.

## REQUEST NO. 13

On September 21, 2011, the Advisory Committee for Fund XV unanimously approved
Fund XV's R$ 250 million investment commitment to Sete (EIG_KEP_00075637).

**RESPONSE:**

Plaintiffs object to this Request on the ground that the phrase "investment commitment"

is vague, ambiguous, and unclear.  Subject to this objection and the above general objections,

Plaintiffs deny this Request, except admit that on September 21, 2011, the Advisory Committee

for Energy Fund XV provided unanimous approval for EIG's investment in Sete to be a "cross-

fund" investment.


## REQUEST NO. 14

EIG committed to invest in Sete before Keppel was awarded its first contract to build rigs
for Sete.

**RESPONSE:**

Plaintiffs object to this Request to the extent it calls for a legal conclusion.  Plaintiffs

further object to this Request on the grounds that (i) the phrase "committed to invest" and term

"awarded" are vague, ambiguous, and unclear and (ii) the phrase "committed to invest" is

conclusory and argumentative.  Subject to these objections and the above general objections,

Plaintiffs deny this Request.


## REQUEST NO. 15

There were no material differences between the June 27, 2011 Investment
Recommendation (EIG_KEP_00077790) relied on by Fund XIV and the September 16, 2011
Investment Recommendation (EIG_KEP_00258040) relied on by Fund XV.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each

matter as to which an admission is sought as required by Federal Rule 36(a)(2) and to the extent

it calls for a legal conclusion.  Plaintiffs further object to this Request on the grounds that the

phrases "material differences" and "relied on" are vague, ambiguous, and unclear.  Subject to

these objections and the above general objections, Plaintiffs deny this Request and refer to the

June 27, 2011 Investment Recommendation (EIG_KEP_00077790) and the September 16, 2011

Investment Recommendation (EIG_KEP_00258040) for their contents.

**REQUEST NO. 16**

The information about Keppel in the June 27, 2011 Investment Recommendation (EIG_KEP_00077790) and the September 16, 2011 Investment Recommendation (EIG_KEP_00258040) was identical.

**RESPONSE:**

Subject to the above general objections, Plaintiffs admit that the information about Keppel on page 41 of the June 27, 2011 Investment Recommendation (EIG_KEP_00077790 at EIG_KEP_00077831) and the information about Keppel on page 41 of the September 16, 2011 Investment Recommendation (EIG_KEP_00258040 at EIG_KEP_00258081) is identical.  Plaintiffs otherwise refer Defendant to the June 26, 2011 Investment Recommendation and September 16, 2011 Investment Recommendation for their contents.

**REQUEST NO. 17**

The only information about Keppel in the June 27, 2011 Investment Recommendation (EIG_KEP_00077790) and the September 16, 2011 Investment Recommendation (EIG_KEP_00258040) was obtained by EIG via email from Santander on June 16, 2011 (EIG_KEP_00050616, EIG_KEP_00050617).

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Subject to this objection and the above general objections, Plaintiffs deny this Request.

**REQUEST NO. 18**

EIG did not obtain any information in the June 27, 2011 Investment Recommendation (EIG_KEP_00077790) and the September 16, 2011 Investment Recommendation (EIG_KEP_00258040) directly from Keppel.

KL3 3342251.1

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each

matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Subject to this

objection and the above general objections, Plaintiffs deny this Request.

**REQUEST NO. 19**

The only investments for which EIG is seeking damages from Keppel in this Action were
made pursuant to EIG's September 8, 2011 investment agreement (EIG_KEP 00048626).

**RESPONSE:**

Subject to the above general objections, Plaintiffs deny this Request.

**REQUEST NO. 20**

On September 14, 2016, EIG Sete Holdings S.a R.L. assigned to the Plaintiff Funds and
EIG Management Company, LLC any rights to assert claims related to EIG's investments in
Sete, including the claims asserted in this Action.

**RESPONSE:**

Plaintiffs object to this Request to the extent it calls for a legal conclusion.  Subject to this

objection and the above general objections, Plaintiffs admit that in an assignment dated

September 14, 2016 (the "Assignment"), EIG Sete Holdings S.a R.L. assigned to the Funds and

EIG Management Company, LLC "any and all rights to bring a claim or action of any nature in

respect of the Investment," as that term was defined in the Assignment.

**REQUEST NO. 21**

EIG Sete Holdings S.a R.L. has no interest or stake in any damages recovered in this
Action.

**RESPONSE:**

Plaintiffs object to this Request to the extent it calls for a legal conclusion.  Plaintiffs further object to this Request on the grounds that the terms "interest" and "stake" are vague, ambiguous, and unclear.  Subject to these objections and the above general objections, Plaintiffs admit this Request.

## REQUEST NO. 22

EIG made a $100 million loan to Sete pursuant to a December 30, 2011 loan agreement (EIG_KEP 00039207) and August 17, 2012 amendment (EIG_KEP_00041383).

**RESPONSE:**

Subject to the above general objections, Plaintiffs deny this Request, except admit that Sete International GmbH and EIG Sete Holdings Sarl entered into a "Loan Agreement" dated December 30, 2011 in the amount of US $100,000,000 and that this Loan Agreement was amended on August 17, 2012.

## REQUEST NO. 23

EIG is not seeking damages from Keppel in this Action related to any loans made to Sete, including the loan set forth in the December 30, 2011 loan agreement (EIG_KEP 00039207) and August 17, 2012 amendment (EIG_KEP_00041383).

**RESPONSE:**

Subject to the above general objections, Plaintiffs deny this Request, except admit that EIG is not seeking damages from Keppel in this Action related to any loans made by EIG to Sete.

## REQUEST NO. 24

In June 2011, EIG ran searches of entities involved in Sete through the "Complinet" database.

**RESPONSE:**

Plaintiffs object to this Request on the ground that the phrase "entities involved in Sete"

is vague, ambiguous, and unclear.  Subject to this objection and the above general objections,

Plaintiffs admit that in June 2011, in connection with EIG's proposed Sete investment, EIG

employees ran "Complinet" searches of certain entities and individuals.

**REQUEST NO. 25**

In June 2011, EIG discovered allegations of corruption against two entities involved in
Sete at that time.

**RESPONSE:**

Plaintiffs object to this Request on the grounds that the phrases "entities involved in Sete"

and "allegations of corruption" are vague, ambiguous, and unclear.  Subject to these objections

and the above general objections, Plaintiffs deny this Request.

**REQUEST NO. 26**

EIG did not consider any results of its Complinet searches to be material to EIG's
decisions to invest in Sete.

**RESPONSE:**

Plaintiffs object to this Request on the grounds that the term "material" and phrase

"decisions to invest in Sete" are vague, ambiguous, and unclear.  Subject to these objections and

the above general objections, Plaintiffs deny this Request.

**REQUEST NO. 27**

In January 2012, EIG ran additional searches of entities involved in Sete through the
"Complinet" database.

- 14 -

**RESPONSE:**

Plaintiffs object to this Request on the ground that the phrase "entities involved in Sete" is vague, ambiguous, and unclear. Subject to this objection and the above general objections, Plaintiffs admit that in January 2012, in connection with EIG's proposed Sete investment, EIG employees ran "Complinet" searches of certain entities and individuals.

**REQUEST NO. 28**

EIG did not conduct a search of Keppel or the Keppel Shipyard through the "Complinet" database prior to making EIG's investments in Sete.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2). Plaintiffs further object to this Request on the ground that the phrase "prior to making EIG's investments in Sete" is vague, ambiguous, and unclear. Subject to these objections and the above general objections, after reasonable inquiry, the information that Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit or deny the truthfulness of this Request.

**REQUEST NO. 29**

EIG did not conduct an assessment of corruption risks at Keppel or the Keppel Shipyard prior to making EIG's investments in Sete

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2). Plaintiffs further object to this Request on the grounds that the phrases "assessment of corruption risks" and "prior to making EIG's investments in Sete" are vague, ambiguous, and unclear. Subject to these objections and the above general objections, Plaintiffs deny this Request.

- 15 -

**REQUEST NO. 30**

EIG made a binding commitment to invest in Sete before EIG's first visit to the Keppel Shipyard on or around August 4, 2011.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2) and to the extent it calls for a legal conclusion. Plaintiffs further object to this Request on the grounds that the phrase "binding commitment" is conclusory, argumentative, vague, ambiguous, and unclear. Subject to these objections and the above general objections, Plaintiffs deny this Request.

**REQUEST NO. 31**

EIG's only three visits to the Keppel Shipyard occurred on or around August 4, 2011, March 27, 2012 and June 6, 2013.

**RESPONSE:**

Subject to the above general objections, Plaintiffs deny this Request.

**REQUEST NO. 32**

The only representative of EIG who visited the Keppel Shipyard on or around August 4, 2011 was Kevin Corrigan.

**RESPONSE:**

Subject to the above general objections, Plaintiffs admit this Request.

**REQUEST NO. 33**

The only representatives of EIG who visited the Keppel Shipyard on or around March 27, 2012 were Kevin Corrigan, Simon Hayden and Hoshrav Patel.

**RESPONSE:**

Subject to the above general objections, Plaintiffs deny this Request, except admit that Kevin Corrigan and Simon Hayden visited BrasFELS on March 28, 2012.  After reasonable inquiry, the information that Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit or deny whether Hoshrav Patel visited BrasFELS on March 28, 2012. Plaintiffs admit that no representative of EIG other than Kevin Corrigan, Simon Hayden, or Hoshrav Patel visited BrasFELS on March 28, 2012.

## REQUEST NO. 34

The only representative of EIG who visited the Keppel Shipyard on or around June 6, 2013 was Kevin Corrigan.

**RESPONSE:**

Subject to the above general objections, Plaintiffs admit this Request.

## REQUEST NO. 35

The video produced by Barrington and shown at EIG's Annual Partners' Conference on September 20, 2011 described in Paragraphs 70 to 73 of the Complaint was BARRINGTON_ET_00000849.

**RESPONSE:**

Subject to the above general objections, Plaintiffs admit that the video produced by Barrington and shown at EIG's Annual Partners' Conference on September 20, 2011 described in Paragraphs 70 to 73 of the Complaint was BARRINGTON_ET_00000849 or a substantially similar video.

## REQUEST NO. 36

The video produced by Barrington and shown at EIG's Annual Partners' Conference (BARRINGTON_ET_00000849) did not mention Keppel.

KL3 3342251.1

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Plaintiffs further object to this Request on the ground that it is vague and ambiguous to the extent it refers to an "Annual Partners' Conference" without providing a date.  Subject to these objections and the above general objections, Plaintiffs deny this Request.

## REQUEST NO. 37

The footage of the Keppel Shipyard in the video produced by Barrington and shown at EIG's Annual Partners' Conference (BARRINGTON_ET_00000849) was taken in August 2011 before Keppel was awarded its first contract to build rigs for Sete.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Plaintiffs further object to this Request on the ground that is vague and ambiguous to the extent it refers to an "Annual Partners' Conference" without providing a date, and on the ground that the term "awarded" is vague, ambiguous, and unclear.  Subject to these objections and the above general objections, Plaintiffs deny this Request.

## REQUEST NO. 38

The video produced by Barrington and shown at EIG's Annual Partners' Conference (BARRINGTON_ET_00000849) did not include footage of rigs under construction for Sete at the Keppel Shipyard.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Plaintiffs further object to this Request on the ground that is vague and ambiguous to the extent it refers to an

KL3 3342251.1

"Annual Partners' Conference" without providing a date. Subject to these objections and the above general objections, after reasonable inquiry, the information that Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit or deny the truthfulness of this Request.

**REQUEST NO. 39**

EIG initially planned to have Barrington record video of shipbuilding activity at the Atlântico Sul Shipyard (EAS), rather than at the Keppel Shipyard. (BARRINGTON_ET_00000596.)

**RESPONSE:**

Plaintiffs object to this Request on the ground that the phrase "initially planned" is vague, ambiguous, and unclear. Subject to this objection and the above general objections, Plaintiffs deny this Request.

**REQUEST NO. 40**

EIG did not rely on any statements made by Keppel when EIG decided to make its investments in Sete.

**RESPONSE:**

Plaintiffs object to this Request to the extent it calls for a legal conclusion. Plaintiffs further object to this Request on the grounds that the phrase "when EIG decided to make its investments" is vague, ambiguous, and unclear. Subject to these objections and the above general objections, Plaintiffs deny this Request.

**REQUEST NO. 41**

EIG's aiding and abetting fraud claim against Keppel is not predicated on alleged misrepresentations in documents.

**RESPONSE:**

Subject to the above general objections, Plaintiffs deny this Request.

KL3 3342251.1

**REQUEST NO. 42**

EIG's aiding and abetting fraud claim against Keppel is not predicated on any alleged assistance provided by Keppel to the preparation of the Information Memorandum cited in paragraph 49 of the Complaint, the Drilling Presentation cited in paragraph 58 of the Complaint, the document titled "Pre-Salt Oil Rigs Project" cited in paragraph 61 of the Complaint, the Private Placement Confidential Information Memorandum cited in paragraph 62 of the Complaint, the communications with João Carlos de Medeiros Ferraz cited in paragraphs 65-69 of the Complaint or the documents in the Sete data room.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Plaintiffs further object to this Request to the extent it prematurely seeks information not yet available given the state of discovery.  Subject to the above general and specific objections and to the extent Plaintiffs understand this Request, after reasonable inquiry, the information that Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit or deny the truthfulness of this Request.

**REQUEST NO. 43**

The R$ 200 million co-investment in Sete set forth in EIG's March 5, 2012 investment agreement with Sete and Lakeshore (EIG_KEP_00047038) was never made.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Subject to this objection and the above general objections, Plaintiffs admit that EIG did not make any co-investment in Sete pursuant to the March 5, 2012 agreement.

**REQUEST NO. 44**

The R$ 200 million co-investment in Sete set forth in the May 4, 2012 Manifestacao de Interesse (EIG_KEP_00119231) was never made.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each

matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Subject to this

objection and the above general objections, Plaintiffs admit that EIG did not make any co-

investment in Sete pursuant to the May 4, 2012 Manifestacao de Interesse

(EIG_KEP_00119231).

**REQUEST NO. 45**

EIG is not seeking damages in this Action related to any investments made pursuant to
the March 5, 2012 investment agreement (EIG_KEP_00047038) or May 4, 2012 Manifestacao
de Interesse (EIG_KEP_00119231).

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each

matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Subject to this

objection and the above general objections, Plaintiffs admit that it is not seeking damages in this

Action on the basis of equity investments made pursuant to the March 5, 2012 agreement or the

May 4, 2012 Manifestacao de Interesse (EIG_KEP_00119231).

**REQUEST NO. 46**

Gateway did not invest in Sete.

**RESPONSE:**

Plaintiffs object to this Request on the ground that the term "invest" is vague, ambiguous,

and unclear.  Subject to this objection and the above general objections, Plaintiffs admit that

Gateway did not make an equity investment into Sete.

KL3 3342251.1

**REQUEST NO. 47**

CIC did not invest in Sete.

**RESPONSE:**

Plaintiffs object to this Request on the ground that the term "invest" is vague, ambiguous, and unclear.  Subject to this objection and the above general objections, after reasonable inquiry, the information that Plaintiffs know or can readily obtain is insufficient to enable Plaintiffs to admit or deny the truthfulness of this Request.

**REQUEST NO. 48**

ADIC did not invest in Sete.

**RESPONSE:**

Plaintiffs object to this Request on the ground that the term "invest" is vague, ambiguous, and unclear.  Subject to this objection and the above general objections, Plaintiffs deny this Request.

**REQUEST NO. 49**

EIG is not seeking damages in this Action on behalf of Gateway, CIC or ADIC.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Subject to this objection and the above general objections, Plaintiffs admit this Request.

**REQUEST NO. 50**

As of February 2014, Sete was seeking an additional R$ 2 billion in funding.

- 22 -

**RESPONSE:**

Plaintiffs object to this Request on the ground that the phrase "seeking an additional R$ 2 billion in funding" is vague, ambiguous, and unclear.  Subject to this objection and the above general objections, Plaintiffs deny this Request.

## REQUEST NO. 51

In 2014, EIG considered making an additional investment commitment to Sete.

**RESPONSE:**

Plaintiffs object to this Request on the grounds (i) that the term "considered" and phrase "additional investment commitment" are vague, ambiguous, and unclear and (ii) that the phrase "additional commitment" is conclusory and argumentative.  Subject to these objections and the above general objections, Plaintiffs deny this Request.

## REQUEST NO. 52

EIG did not increase its investment commitment above the R$ 500 million commitment set forth in EIG's September 8, 2011 investment agreement (EIG_KEP 00048626).

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Plaintiffs further object to this Request on the ground that the phrase "R$ 500 million commitment set forth in EIG's September 8, 2011 investment agreement" is conclusory and argumentative.  Subject to these objections and the above general objections, Plaintiffs deny this Request and refer to the July 31, 2012 Investment Commitment (EIG_KEP_00044772), July 31, 2012 Second Amendment to the Investment Agreement (EIG_KEP_00110494), and February 7, 2013 Third Amendment to the Investment Agreement (EIG_KEP_00026626) for their contents.

KL3 3342251.1

**REQUEST NO. 53**

In November 2014, EIG discussed whether the "bribery scandal at Petrobras" might impact EIG's investments in Sete. (EIG_KEP_00263664.)

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each

matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Subject to this

objection and the above general objections, Plaintiffs deny this Request, except admit that on

November 18, 2014, employees of EIG exchanged emails in response to "an inquiry from New

Holland" "about the impact of the bribery scandal at Petrobras on our investments and portfolio

companies."

**REQUEST NO. 54**

EIG continued to fund its investments in Sete after the "bribery scandal at Petrobras" became public.

**RESPONSE:**

Plaintiffs object to this Request on the ground that it fails to separately set forth each

matter as to which an admission is sought as required by Federal Rule 36(a)(2).  Plaintiffs further

object to this Request on the ground that the phrase "bribery scandal at Petrobras" is vague,

ambiguous, and unclear.  Subject to these objections and the above general objections, Plaintiffs

deny this Request, except admit that they made the investments reflected in paragraph 76 of the

First Amended Complaint and the documents produced by the Funds to Defendant.

**REQUEST NO. 55**

EIG was a sophisticated institutional investor when it made its investments in Sete.

**RESPONSE:**

Plaintiffs object to this Request on the ground that the phrase "sophisticated institutional investor" is vague, ambiguous, and unclear.  Subject to this objection and the above general objections, Plaintiffs admit this Request.

**REQUEST NO. 56**

EIG continues to conduct business with Petrobras.

**RESPONSE:**

Plaintiffs object to this Request on the grounds that the term "continues" and the phrase "continues to conduct business with" are vague, ambiguous, and unclear.  As drafted, Plaintiffs are not able to provide a response to this Request.


Dated: June 4, 2021
New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Daniel B. Goldman
    Daniel B. Goldman
    Kerri Ann Law
    Claudia Pak
    1177 Avenue of the Americas
    New York, New York 10036
    Tel: (212) 715-9100

*Attorneys for Plaintiffs*

KL3 3342251.1

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on June 4, 2021, I caused to be served via electronic mail a true and correct copy of the foregoing Plaintiffs' Responses and Objections to Defendant's First Set of Request for Admissions.

_____/s/  Shaked Sivan_____
Shaked Sivan
