**EXHIBIT 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EIG ENERGY FUND XIV, L.P.,
EIG ENERGY FUND XIV-A, L.P.,
EIG ENERGY FUND XIV-B, L.P.,
EIG ENERGY FUND XIV (CAYMAN), L.P.,
EIG ENERGY FUND XV, L.P.,
EIG ENERGY FUND XV-A, L.P.,
EIG ENERGY FUND XV-B, L.P., AND
EIG ENERGY FUND XV (CAYMAN), L.P.,

                       Plaintiffs,

        -against-

KEPPEL OFFSHORE & MARINE LTD.,

                     Defendant.

Case No. 18-cv-01047 (PGG)

---

## RESPONSES AND OBJECTIONS OF DEFENDANT KEPPEL OFFSHORE & MARINE LTD. TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

        Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules of the United States District Court for the Southern District of New York ("Local Rules"), and any other applicable laws or rules, Defendant Keppel Offshore & Marine Ltd. hereby provides its responses and objections ("Responses") to the First Set of Requests for Admission (including all definitions, instructions and requests therein, "Requests") served by plaintiffs EIG Energy Fund XIV, L.P., EIG Energy Fund XIV-A, L.P., EIG Energy Fund XIV-B, L.P., EIG Energy Fund XIV (Cayman), L.P., EIG Energy Fund XV, L.P., EIG

CONFIDENTIAL

Energy Fund XV-A, L.P., EIG Energy Fund XV-B, L.P. and EIG Energy Fund XV (Cayman), L.P. (collectively, "Plaintiffs") on May 5, 2021.[1]

## **GENERAL OBJECTIONS**

The General Objections set forth below apply to the Requests generally and to the Definitions, Instructions and the specific Requests set forth therein.  Unless otherwise stated, the General Objections shall have the same force and effect as if set forth in full in response to each Definition, Instruction and Request.  Defendant's response to any Request is not and shall not be deemed a waiver of any objections.  Defendant's discovery and investigation of the facts relevant to this case is ongoing, and Defendant's Responses are made to the best of its present knowledge, information and belief, following reasonable diligence.  Defendant expressly reserves the right to supplement, clarify, revise or correct any or all of the objections herein and to amend or supplement its Responses, which are subject to such additional or different information as discovery or further investigation may reveal.  Defendant also expressly reserves the right to rely at any stage of this proceeding, including trial, upon subsequently discovered information or upon information not contained in its present Responses because of inadvertence, oversight or mistake.

1.       Defendant objects to the Requests to the extent that they impose obligations on Defendant beyond those required by the Federal Rules, the Local Rules or any other applicable laws, orders or rules ("Applicable Rules").  Subject to and without waiving any

---

[1] Nothing herein is intended, nor shall it be interpreted, to contradict the acceptance of responsibility by Defendant set forth in the Deferred Prosecution Agreement ("DPA") that Defendant entered into with the U.S. Department of Justice, dated December 22, 2017, or the facts described in the Statement of Facts of the DPA.

2

CONFIDENTIAL

objections, in responding to the Requests, Defendant will construe the Requests in accordance with the Applicable Rules.

2.       Defendant objects to the Requests to the extent they seek information not known or reasonably available to Defendant.  Defendant further objects to the Requests to the extent they seek information that is obtainable from other sources that are more convenient, less burdensome or less expensive; and to the extent they call for publicly available information, including the information in the DPA.  Defendant also objects to the Requests to the extent they seek information from a person or entity that is not a party to this action, including legally separate and distinct subsidiaries of Defendant that are not under Defendant's control. Defendant further objects to the Requests to the extent they seek information not known or reasonably available to Defendant, including information related to any payments between third parties or the purposes of such payments.

3.       Defendant objects to the Requests because they are overbroad, unduly burdensome, duplicative, cumulative, vague, ambiguous and lacking in particularity, and because they seek information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of this case, particularly to the extent they seek information concerning any fact already admitted by Defendant in the DPA given that such facts are not in dispute or at issue in this case.  In any event, Plaintiffs can rely on the DPA, which is public.

4.       Defendant objects to the Requests to the extent they require Defendant to disclose information provided to a government entity or regulator on a confidential basis or subject to the protections applicable to a government investigation, including the investigatory privilege or informant's privilege.  Defendant also objects to the Requests to the extent they seek information, the disclosure of which could interfere with or undermine any ongoing government

CONFIDENTIAL

investigation or proceeding (including in the United States, Brazil or Singapore).  To the extent that Defendant agrees to provide any information in response to the Requests, such disclosure shall be subject to and contingent upon appropriate notice to or consent from such authorities, the same or more stringent conditions agreed to with such authorities and the protections afforded by the July 20, 2020 Stipulated Confidentiality Agreement and Protective Order.

5.      Defendant objects to the Requests to the extent that they seek information that is protected from disclosure by other legal requirements or restrictions, such as (i) any confidentiality obligation owed by Defendant to any third party, including current or former employees, (ii) any privacy rights of third parties, including current or former employees and (iii) any claim of privilege held by a third party, including current or former employees. Defendant further objects to the Requests to the extent they purport to require the production of proprietary business information or other private, personal, confidential, strategic or competitively sensitive information, or information subject to third-party rights.  To the extent that Defendant agrees to disclose any information in response to the Requests, such disclosure shall be subject to and contingent upon appropriate notice to or consent from any third parties and the protections afforded by the July 20, 2020 Stipulated Confidentiality Agreement and Protective Order.

6.      Defendant objects to the Requests as overbroad and not proportional to the needs of the case to the extent that they seek information unrelated to (i) the claims alleged in the First Amended Complaint that survived the Court's May 11, 2020 Opinion and Order granting in part and denying in part Defendant's Motion to Dismiss or (ii) the defenses asserted in Defendant's Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint.

CONFIDENTIAL

7.     Defendant objects to the Requests to the extent they seek the disclosure of information that comes within the scope of the attorney-client privilege, the attorney work-product doctrine or other privileges or protections.  Defendant hereby claims such privileges and protections to the extent that they are implicated by the Requests, and Defendant excludes privileged or protected information from its Responses.  Any disclosure of privileged or protected information is inadvertent and not intended as a waiver of, and shall not waive, any such privilege or protection.

8.     Defendant objects to the Requests to the extent they purport to require Defendant to provide information that does not exist.

9.     Defendant objects to the Requests to the extent they purport to require Defendant to perform anything more than a reasonable inquiry for information from sources reasonably expected to have the requested information.

10.     Defendant objects to the Requests to the extent they are duplicative or cumulative of each other, Plaintiffs' Requests for Documents, Plaintiffs' Interrogatories, discovery conducted in the matter captioned *EIG Energy Fund XIV, L.P. et al v. Petroleo Brasileiro S.A.*, Case No. 1:16-cv-0333 (APM) in the United States District Court for the District of Columbia or any other material.

11.     Defendant objects to the Requests to the extent that they contain inaccurate, incomplete or misleading descriptions of the facts, persons, relationships and/or events underlying the action.  Defendant further objects to the Requests to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.

12.     Defendant objects to the Requests to the extent that they impose broader definitions or rules of construction than those set forth in Local Rules 26.3(c) and (d).

CONFIDENTIAL

13. Defendant does not in any way waive or intend to waive, but rather preserves and intends to preserve:

a. All rights to object on any ground to the competence, relevance, materiality, admissibility or use of any information or document that may be provided in response to the Requests or the subject matter thereof, in this or any subsequent proceeding, including the trial of this or any other action; and

b. All rights to object on any ground to any request for further responses to these or any other discovery requests.

14. Defendant objects to the Requests to the extent there are more practical or less burdensome methods of obtaining the information sought, including other discovery tools such as document requests or depositions.

15. Defendant's Responses and Objections are based upon Defendant's interpretation of the language used in the Requests, and Defendant reserves the right to amend or supplement further its Responses in the event Plaintiffs assert an interpretation that differs from Defendant's interpretation.

16. Defendant's Responses and Objections herein are for the purposes of discovery only and are not intended to waive or prejudice any objections Defendant may assert now or in the future, including any privilege or claim of confidentiality; any claim that such information is in fact not relevant to the issues in this action and/or not responsive to any additional requests for admissions; any claim that such information does not exist or is not in Defendant's possession, custody or control; or any objections as to the admissibility at trial of any Response. In responding to the Requests, Defendant does not concede the relevance,

6

CONFIDENTIAL

materiality, competence, admission, use or admissibility of any information sought, or documents or writing produced, identified or referred to herein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS[2]

1.      Defendant objects to the Definitions and Instructions to the extent they seek to impose obligations on Defendant beyond those required under the Applicable Rules.

2.      Defendant objects to Definition 2 of the term "Keppel" on the grounds that it is overbroad and unduly burdensome and not proportional to the needs of the case, to the extent it encompasses persons or entities that are not parties to this action.

3.      Defendant objects to Definition 8 of the term "Skornicki" on the grounds that it is overbroad and unduly burdensome and not proportional to the needs of the case, to the extent that it encompasses entities or persons other than Zwi Skornicki.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST 1**

Admit that on or about August 30, 2012, Keppel caused approximately $1,152,661 (KEPPEL_00000304) to be wired to Delta Bank for the benefit of Deep Sea Oil for the purpose of, among other things, making bribe and/or kickback payments relating to Sete.

**RESPONSE TO REQUEST 1**

Defendant objects to Request 1 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

---

[2] The use of any definition for the purposes of these Responses or the lack of any specific objection to the Definitions in the Requests shall not be deemed to constitute an agreement or acknowledgment on the part of Defendant that such definition is accurate, meaningful or appropriate for any purpose in this action.

CONFIDENTIAL

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant admits that, on or about August 30, 2012, Fernvale Pte. Ltd. ("Fernvale") caused approximately $1,152,661 to be wired to Delta Bank for the benefit of Deep Sea Oil.  (See KEPPEL_00000304.)  Defendant further admits that such wire transfer was made in connection with a December 1, 2011 Marketing Consulting and Services Agreement between Fernvale and Deep Sea Oil.  Defendant further admits that certain employees understood that a portion of certain payments made to Deep Sea Oil in connection with such Marketing Consulting and Services Agreement was intended to effectuate bribery payments to Brazilian officials.  In all other respects, Defendant denies Request 1.

**REQUEST 2**

Admit that on or about November 5, 2012, Keppel caused approximately $3,626,162 (KEPPEL_00000307) to be wired to Delta Bank for the benefit of Deep Sea Oil for the purpose of, among other things, making bribe and/or kickback payments relating to Sete.

**RESPONSE TO REQUEST 2**

Defendant objects to Request 2 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant admits that, on or about November 5, 2012, Fernvale Pte. Ltd. ("Fernvale") caused approximately $3,626,162 to be wired to Delta Bank for the benefit of Deep Sea Oil.  (See KEPPEL_00000307.)  Defendant further admits that such wire transfer was made in connection with a December 1, 2011 Marketing Consulting and Services Agreement between Fernvale and Deep Sea Oil.  Defendant further admits that certain employees understood that a portion of certain payments made to Deep Sea Oil in connection

8

CONFIDENTIAL

with such Marketing Consulting and Services Agreement was intended to effectuate bribery

payments to Brazilian officials.  In all other respects, Defendant denies Request 2.

**REQUEST 3**

Admit that on or about March 15, 2013, Keppel caused approximately $1,382,161
(KEPPEL_00000302) to be wired to Delta Bank for the benefit of Deep Sea Oil for the purpose
of, among other things, making bribe and/or kickback payments relating to Sete.

**RESPONSE TO REQUEST 3**

Defendant objects to Request 3 to the extent it seeks information not known or

reasonably available to Defendant or information from a person or entity that is not a party to

this action.

Subject to and without waiving the foregoing Responses and Objections,

Defendant responds as follows:  Defendant admits that, on or about March 15, 2013, Fernvale

Pte. Ltd. ("Fernvale") caused approximately $1,382,161 to be wired to Delta Bank for the benefit

of Deep Sea Oil.  (See KEPPEL_00000302.)  Defendant further admits that such wire transfer

was made in connection with a December 1, 2011 Marketing Consulting and Services

Agreement between Fernvale and Deep Sea Oil.  Defendant further admits that certain

employees understood that a portion of certain payments made to Deep Sea Oil in connection

with such Marketing Consulting and Services Agreement was intended to effectuate bribery

payments to Brazilian officials.  In all other respects, Defendant denies Request 3.

**REQUEST 4**

Admit that on or about October 18, 2013, Keppel caused approximately $1,139,160
(KEPPEL_00000305) to be wired to Delta Bank for the benefit of Deep Sea Oil for the purpose
of, among other things, making bribe and/or kickback payments relating to Sete.

CONFIDENTIAL

**RESPONSE TO REQUEST 4**

Defendant objects to Request 4 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant admits that, on or about October 18, 2013, Fernvale Pte. Ltd. ("Fernvale") caused approximately $1,139,160 to be wired to Delta Bank for the benefit of Deep Sea Oil.  (See KEPPEL_00000305.)  Defendant further admits that such wire transfer was made in connection with a December 1, 2011 Marketing Consulting and Services Agreement between Fernvale and Deep Sea Oil.  Defendant further admits that certain employees understood that a portion of certain payments made to Deep Sea Oil in connection with such Marketing Consulting and Services Agreement was intended to effectuate bribery payments to Brazilian officials.  In all other respects, Defendant denies Request 4.

**REQUEST 5**

Admit that on or about November 1, 2013, Keppel caused approximately $6,535,939 (KEPPEL_00000306) to be wired to Delta Bank for the benefit of Deep Sea Oil for the purpose of, among other things, making bribe and/or kickback payments relating to Sete.

**RESPONSE TO REQUEST 5**

Defendant objects to Request 5 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant admits that, on or about November 1, 2013, Fernvale Pte. Ltd. ("Fernvale") caused approximately $6,535,939 to be wired to Delta Bank for the benefit of Deep Sea Oil.  (See KEPPEL_00000306.)  Defendant further admits that such wire transfer

10

CONFIDENTIAL

was made in connection with a December 1, 2011 Marketing Consulting and Services

Agreement between Fernvale and Deep Sea Oil.  Defendant further admits that certain

employees understood that a portion of certain payments made to Deep Sea Oil in connection

with such Marketing Consulting and Services Agreement was intended to effectuate bribery

payments to Brazilian officials.  In all other respects, Defendant denies Request 5.

## REQUEST 6

Admit that on or about February 12, 2014, Keppel caused approximately $3,439,148
(KEPPEL_00000277) to be wired to Delta Bank for the benefit of Deep Sea Oil for the purpose
of, among other things, making bribe and/or kickback payments relating to Sete.

## RESPONSE TO REQUEST 6

Defendant objects to Request 6 to the extent it seeks information not known or

reasonably available to Defendant or information from a person or entity that is not a party to

this action.

Subject to and without waiving the foregoing Responses and Objections,

Defendant responds as follows:  Defendant admits that, on or about February 12, 2014, Fernvale

Pte. Ltd. ("Fernvale") caused approximately $3,439,148 to be wired to Delta Bank for the benefit

of Deep Sea Oil.  (See KEPPEL_00000277.)  Defendant further admits that such wire transfer

was made in connection with a December 1, 2011 Marketing Consulting and Services

Agreement between Fernvale and Deep Sea Oil.  Defendant further admits that certain

employees understood that a portion of certain payments made to Deep Sea Oil in connection

with such Marketing Consulting and Services Agreement was intended to effectuate bribery

payments to Brazilian officials.  In all other respects, Defendant denies Request 6.

CONFIDENTIAL

**REQUEST 7**

Admit that on or about April 21, 2014, Keppel caused approximately $574,593 (KEPPEL_00000388) to be wired to Delta Bank for the benefit of Deep Sea Oil for the purpose of, among other things, making bribe and/or kickback payments relating to Sete.

**RESPONSE TO REQUEST 7**

Defendant objects to Request 7 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant admits that, on or about April 21, 2014, Fernvale Pte. Ltd. ("Fernvale") caused approximately $574,593 to be wired to Delta Bank for the benefit of Deep Sea Oil.  (See KEPPEL_00000388.)  Defendant further admits that such wire transfer was made in connection with a December 1, 2011 Marketing Consulting and Services Agreement between Fernvale and Deep Sea Oil.  Defendant further admits that certain employees understood that a portion of certain payments made to Deep Sea Oil in connection with such Marketing Consulting and Services Agreement was intended to effectuate bribery payments to Brazilian officials.  In all other respects, Defendant denies Request 7.

**REQUEST 8**

Admit that on or about June 4, 2014, Keppel caused approximately $1,150,752 (KEPPEL_00000303) to be wired to Delta Bank for the benefit of Deep Sea Oil for the purpose of, among other things, making bribe and/or kickback payments relating to Sete.

CONFIDENTIAL

**RESPONSE TO REQUEST 8**

Defendant objects to Request 8 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows: Defendant admits that, on or about June 4, 2014, Fernvale Pte. Ltd. ("Fernvale") caused approximately $1,150,752 to be wired to Delta Bank for the benefit of Deep Sea Oil. (See KEPPEL_00000303.) Defendant further admits that such wire transfer was made in connection with a December 1, 2011 Marketing Consulting and Services Agreement between Fernvale and Deep Sea Oil. Defendant further admits that certain employees understood that a portion of certain payments made to Deep Sea Oil in connection with such Marketing Consulting and Services Agreement was intended to effectuate bribery payments to Brazilian officials. In all other respects, Defendant denies Request 8.

**REQUEST 9**

Admit that on or about July 9, 2014, Keppel caused approximately $625,795 (KEPPEL_00000278) to be wired to Delta Bank for the benefit of Deep Sea Oil for the purpose of, among other things, making bribe and/or kickback payments relating to Sete.

**RESPONSE TO REQUEST 9**

Defendant objects to Request 9 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows: Defendant admits that, on or about July 9, 2014, Fernvale Pte. Ltd. ("Fernvale") caused approximately $625,795 to be wired to Delta Bank for the benefit of Deep Sea Oil. (See KEPPEL_00000278.) Defendant further admits that such wire transfer was

13

made in connection with a December 1, 2011 Marketing Consulting and Services Agreement between Fernvale and Deep Sea Oil.  Defendant further admits that certain employees understood that a portion of certain payments made to Deep Sea Oil in connection with such Marketing Consulting and Services Agreement was intended to effectuate bribery payments to Brazilian officials.  In all other respects, Defendant denies Request 9.

**REQUEST 10**

Admit that on or about October 31, 2014, Keppel caused approximately $1,343,565 (KEPPEL_00000454) to be wired to Delta Bank for the benefit of Deep Sea Oil for the purpose of, among other things, making bribe and/or kickback payments relating to Sete.

**RESPONSE TO REQUEST 10**

Defendant objects to Request 10 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant admits that, on or about October 31, 2014, Fernvale Pte. Ltd. ("Fernvale") caused approximately $1,343,565 to be wired to Delta Bank for the benefit of Deep Sea Oil.  (See KEPPEL_00000454.)  Defendant further admits that such wire transfer was made in connection with a December 1, 2011 Marketing Consulting and Services Agreement between Fernvale and Deep Sea Oil.  Defendant further admits that certain employees understood that a portion of certain payments made to Deep Sea Oil in connection with such Marketing Consulting and Services Agreement was intended to effectuate bribery payments to Brazilian officials.  In all other respects, Defendant denies Request 10.

**REQUEST 11**

Admit that on or about September 25, 2013, at the instruction of a member of the Workers' Party, Skornicki wired funds provided by Keppel in the amount of $500,000 from a bank account

14

CONFIDENTIAL

in the United States to a bank account in Switzerland to settle payments owed to the Workers' Party as bribes relating to Sete.

**RESPONSE TO REQUEST 11**

Defendant objects to Request 11 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks knowledge or information sufficient to admit or deny Request 11, particularly given that any such instructions or payments were made between third parties, and Defendant refers to Paragraph 78 of the Statement of Facts of the DPA for the extent of its knowledge concerning the dates, amounts and bank accounts related to such payments.  To the extent a further response is required, Defendant denies the remainder of Request 11.

**REQUEST 12**

Admit that on or about November 5, 2013, at the instruction of a member of the Workers' Party, Skornicki wired funds provided by Keppel in the amount of $500,000 from a bank account in the United States to a bank account in Switzerland to settle payments owed to the Workers' Party as bribes relating to Sete.

**RESPONSE TO REQUEST 12**

Defendant objects to Request 12 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks knowledge or information sufficient to admit or deny Request 12, particularly given that any such instructions or payments were made between third parties, and Defendant refers to

CONFIDENTIAL

Paragraph 78 of the Statement of Facts of the DPA for the extent of its knowledge concerning

the dates, amounts and bank accounts related to such payments. To the extent a further response

is required, Defendant denies the remainder of Request 12.

## REQUEST 13

Admit that on or about December 19, 2013, at the instruction of a member of the Workers' Party, Skornicki wired funds provided by Keppel in the amount of $500,000 from a bank account in the United States to a bank account in Switzerland to settle payments owed to the Workers' Party as bribes relating to Sete.

## RESPONSE TO REQUEST 13

Defendant objects to Request 13 to the extent it seeks information not known or

reasonably available to Defendant or information from a person or entity that is not a party to

this action.

Subject to and without waiving the foregoing Responses and Objections,

Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks

knowledge or information sufficient to admit or deny Request 13, particularly given that any

such instructions or payments were made between third parties, and Defendant refers to

Paragraph 78 of the Statement of Facts of the DPA for the extent of its knowledge concerning

the dates, amounts and bank accounts related to such payments.  To the extent a further response

is required, Defendant denies the remainder of Request 13.

## REQUEST 14

Admit that on or about February 6, 2014, at the instruction of a member of the Workers' Party, Skornicki wired funds provided by Keppel in the amount of $500,000 from a bank account in the United States to a bank account in Switzerland to settle payments owed to the Workers' Party as bribes relating to Sete.

16

CONFIDENTIAL

**RESPONSE TO REQUEST 14**

   Defendant objects to Request 14 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

   Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks knowledge or information sufficient to admit or deny Request 14, particularly given that any such instructions or payments were made between third parties, and Defendant refers to Paragraph 78 of the Statement of Facts of the DPA for the extent of its knowledge concerning the dates, amounts and bank accounts related to such payments.  To the extent a further response is required, Defendant denies the remainder of Request 14.

**REQUEST 15**

Admit that on or about March 25, 2014, at the instruction of a member of the Workers' Party, Skornicki wired funds provided by Keppel in the amount of $500,000 from a bank account in the United States to a bank account in Switzerland to settle payments owed to the Workers' Party as bribes relating to Sete.

**RESPONSE TO REQUEST 15**

   Defendant objects to Request 15 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

   Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks knowledge or information sufficient to admit or deny Request 15, particularly given that any such instructions or payments were made between third parties, and Defendant refers to Paragraph 78 of the Statement of Facts of the DPA for the extent of its knowledge concerning

17

CONFIDENTIAL

the dates, amounts and bank accounts related to such payments.  To the extent a further response is required, Defendant denies the remainder of Request 15.

## REQUEST 16

Admit that on or about April 28, 2014, at the instruction of a member of the Workers' Party, Skornicki wired funds provided by Keppel in the amount of $500,000 from a bank account in the United States to a bank account in Switzerland to settle payments owed to the Workers' Party as bribes relating to Sete.

## RESPONSE TO REQUEST 16

Defendant objects to Request 16 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks knowledge or information sufficient to admit or deny Request 16, particularly given that any such instructions or payments were made between third parties, and Defendant refers to Paragraph 78 of the Statement of Facts of the DPA for the extent of its knowledge concerning the dates, amounts and bank accounts related to such payments.  To the extent a further response is required, Defendant denies the remainder of Request 16.

## REQUEST 17

Admit that on or about July 10, 2014, at the instruction of a member of the Workers' Party, Skornicki wired funds provided by Keppel in the amount of $500,000 from a bank account in the United States to a bank account in Switzerland to settle payments owed to the Workers' Party as bribes relating to Sete.

18

CONFIDENTIAL

**RESPONSE TO REQUEST 17**

Defendant objects to Request 17 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks knowledge or information sufficient to admit or deny Request 17, particularly given that any such instructions or payments were made between third parties, and Defendant refers to Paragraph 78 of the Statement of Facts of the DPA for the extent of its knowledge concerning the dates, amounts and bank accounts related to such payments.  To the extent a further response is required, Defendant denies the remainder of Request 17.

**REQUEST 18**

Admit that on or about September 8, 2014, at the instruction of a member of the Workers' Party, Skornicki wired funds provided by Keppel in the amount of $500,000 from a bank account in the United States to a bank account in Switzerland to settle payments owed to the Workers' Party as bribes relating to Sete.

**RESPONSE TO REQUEST 18**

Defendant objects to Request 18 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks knowledge or information sufficient to admit or deny Request 18, particularly given that any such instructions or payments were made between third parties, and Defendant refers to Paragraph 78 of the Statement of Facts of the DPA for the extent of its knowledge concerning

19

CONFIDENTIAL

the dates, amounts and bank accounts related to such payments.  To the extent a further response is required, Defendant denies the remainder of Request 18.

**REQUEST 19**

Admit that on or about November 4, 2014, at the instruction of a member of the Workers' Party, Skornicki wired funds provided by Keppel in the amount of $500,000 from a bank account in the United States to a bank account in Switzerland to settle payments owed to the Workers' Party as bribes relating to Sete.

**RESPONSE TO REQUEST 19**

Defendant objects to Request 19 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks knowledge or information sufficient to admit or deny Request 19, particularly given that any such instructions or payments were made between third parties, and Defendant refers to Paragraph 78 of the Statement of Facts of the DPA for the extent of its knowledge concerning the dates, amounts and bank accounts related to such payments.  To the extent a further response is required, Defendant denies the remainder of Request 19.

**REQUEST 20**

Admit that Keppel authorized Skornicki to use funds provided by Keppel to wire money from a bank account in the United States to a bank account in Switzerland in 2013 and 2014 for the purpose of settling payments owed to the Workers' Party as bribes relating to Sete.

CONFIDENTIAL

**RESPONSE TO REQUEST 20**

Defendant objects to Request 20 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks knowledge or information sufficient to admit or deny Request 20, particularly given that any such payments were made between third parties, except Defendant admits that certain employees authorized Zwi Skornicki to effectuate bribery payments to Brazilian officials and Defendant refers to Paragraphs 70 to 78 of the Statement of Facts of the DPA.  To the extent a further response is required, Defendant denies the remainder of Request 20.

**REQUEST 21**

Admit that Keppel authorized Skornicki to use funds provided by Keppel to settle payments owed to the Workers' Party as bribes relating to Sete.

**RESPONSE TO REQUEST 21**

Defendant objects to Request 21 to the extent it seeks information not known or reasonably available to Defendant or information from a person or entity that is not a party to this action.

Subject to and without waiving the foregoing Responses and Objections, Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks knowledge or information sufficient to admit or deny Request 21, particularly given that any such payments were made between third parties, except Defendant admits that certain employees authorized Zwi Skornicki to effectuate bribery payments to Brazilian officials and Defendant

CONFIDENTIAL

refers to Paragraphs 70 to 78 of the Statement of Facts of the DPA.  To the extent a further

response is required, Defendant denies the remainder of Request 21.

**REQUEST 22**

Admit that Keppel, through Skornicki, paid at least $14.4 million in bribes and/or kickbacks
relating to Sete.

**RESPONSE TO REQUEST 22**

    Defendant objects to Request 22 to the extent it seeks information not known or

reasonably available to Defendant or information from a person or entity that is not a party to

this action.

    Subject to and without waiving the foregoing Responses and Objections,

Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks

knowledge or information sufficient to admit or deny Request 22, particularly given that any

such payments were made between third parties, except Defendant admits that Zwi Skornicki

paid approximately $14.4 million in bribes to Brazilian officials and Defendant refers to

Paragraphs 70 to 78 of the Statement of Facts of the DPA.  To the extent a further response is

required, Defendant denies the remainder of Request 22.

**REQUEST 23**

Admit that Keppel, through Skornicki, paid at least $14.4 million in bribes and/or kickbacks to
Duque, Barusco, and/or members of the Workers' Party relating to Sete.

**RESPONSE TO REQUEST 23**

    Defendant objects to Request 23 to the extent it seeks information not known or

reasonably available to Defendant or information from a person or entity that is not a party to

this action.

    Subject to and without waiving the foregoing Responses and Objections,

Defendant responds as follows:  Defendant states that it has made a reasonable inquiry and lacks

CONFIDENTIAL

knowledge or information sufficient to admit or deny Request 23, particularly given that any

such payments were made between third parties, except Defendant admits that Zwi Skornicki

paid approximately $14.4 million in bribes to Brazilian officials and Defendant refers to

Paragraphs 70 to 78 of the Statement of Facts of the DPA.  To the extent a further response is

required, Defendant denies the remainder of Request 23.

Dated: June 4, 2021

CRAVATH, SWAINE & MOORE LLP,

By:

/s/ Peter T. Barbur
_____
Peter T. Barbur
Rachel G. Skaistis

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
pbarbur@cravath.com
rskaistis@cravath.com


*Attorneys for Defendant Keppel Offshore*
*& Marine Ltd.*

CONFIDENTIAL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of the foregoing document to be served via email on the attorneys of record in the above-captioned action on June 4, 2021.

/s/ David Kumagai
   David Kumagai