**KEPPEL OPP'N EXH. 56**



Deposition of:
# Jose Magela Bernardes

*January 27, 2021*

In the Matter of:

## EIG v. Petrobras

Veritext Legal Solutions
800-734-5292 | calendar-dmv@veritext.com |

CONFIDENTIAL                                                              EIG_KEP_00288353

```
                                                  Page 121
 1       A.   Can you repeat the question, please?
 2       Q.   Sure.
 3            And as part of that report, weren't you
 4  told that these individuals took steps to keep
 5  their illegal conduct secret and hide it from the
 6  company?
 7       A.   My recollection is that they had engaged
 8  in illegal conduct not related to Lava Jato but
 9  rather to company assets.
10       Q.   So you didn't -- you didn't get any
11  information as a member of the board of directors
12  of Sete about any illegal conduct by Barusco,
13  Ferraz, or Musa relating to Lava Jato issues?
14       A.   (In English)  I don't recall, no.
15       Q.   Okay.
16            MR. WOLINSKY:  Let's take a break.
17            THE WITNESS:  All right.
18            MS. LAW:  How about ten minutes?
19            MR. WOLINSKY:  Sure.  Yeah.
20            Unless you want more, Mr. Bernardes.  Is
21  ten minutes okay?  Okay.  Ten minutes.  See you
22  then.
```

CONFIDENTIAL

EIG_KEP_00288474

```
 1              VIDEO TECHNICIAN:  Please stand by.
 2              The time is 2:16 p.m.  We are going off
 3   the record.
 4              (A recess was taken.)
 5              VIDEO TECHNICIAN:  The time is 2:29 p.m.
 6   We are back on the record.
 7              Please proceed, Counsel.
 8   BY MR. WOLINSKY:
 9       Q.   Mr. Bernardes, to your knowledge, did
10   Sete ever do any investigation into illegal
11   conduct by Barusco, Ferraz, or Musa related to
12   Operation Lava Jato?
13       A.   (In English)  Not that I'm aware of.  I
14   don't recall it.
15       Q.   Okay.  Let me show you Exhibit 11.
16            (Bernardes Deposition Exhibit 11 marked
17             for identification and attached to the
18             transcript.)
19   BY MR. WOLINSKY:
20       Q.   Tell me when you have Exhibit 11, please.
21       A.   Yes.
22       Q.   Okay.  If you could turn to the page that
```

CONFIDENTIAL                                                    EIG_KEP_00288475

                                                      Page 123

1    ends in 727.
2         A.   Okay.
3         Q.   Okay.  At the bottom of that page is an
4    e-mail that you sent to Blair Thomas and others on
5    March 2nd, 2015.
6              Do you see that?
7         A.   Yes.
8         Q.   And on the bottom of the page there's a
9    paragraph that starts, "On another hand."
10             Do you see that?
11        A.   Yes.
12        Q.   You say, "Sete is taking legal actions
13   against its former management involved in the car
14   wash investigations and has also sent to EAS
15   shipyard letters (under New York law) for their
16   seven DRUs making reference to the involvement of
17   EAS on the car wash investigation and the
18   consequent delays caused on the LT financing.
19   Letter to other shipyards should follow soon."
20             Do you see that?
21        A.   I do.
22        Q.   Is this -- does this refresh your

CONFIDENTIAL                                              EIG_KEP_00288476

```
                                                  Page 124
 1   recollection as to whether or not Sete did any
 2   internal investigation into illegal conduct by its
 3   former management involved in the car wash
 4   investigation?
 5        A.   My recollection is that Sete used public
 6   statements from these individuals to start legal
 7   actions against these institutions.  The
 8   investigation at Sete, which was an internal
 9   investigation, was related to the erroneous
10   management by personnel not related to Lava Jato.
11        Q.   And when is that erroneous management not
12   related to Lava Jato that you're referring to?
13        A.   One example was the acquisition of
14   insurance for the drillships in amounts exceeding
15   the market value.
16        Q.   And that was -- that was an action
17   undertaken by the same individuals that were
18   engaged in the car wash conduct?
19             MS. LAW:  Objection to form.
20             You can answer.
21             THE WITNESS:  My recollection is that
22   Ferraz was very involved.  I don't recall the
```

CONFIDENTIAL                                              EIG_KEP_00288477

```
                                                   Page 125
 1   level of involvement of Musa and Barusco.
 2   BY MR. WOLINSKY:
 3        Q.   Are there other instances of
 4   mismanagement not related to Lava Jato that you're
 5   aware of at Sete Brasil?
 6        A.   Yes.
 7        Q.   Can you tell me what those are?
 8        A.   I recall, for example, donations that
 9   were made.  I don't recall the amounts or the
10   types of donations, but they were not related to
11   the business of Sete Brasil.
12        Q.   Anything else?
13        A.   Not that I recall.  I think there were
14   other instances, but I don't recall details.
15        Q.   In terms of the insurance contract that
16   you referred to earlier, do you remember the
17   amount of the alleged overpayment for that
18   insurance?
19        A.   I don't recall the exact amount, but it
20   was approximately 100 million reais or
21   U.S. dollars.  I'm not sure.  But it was in that
22   order of magnitude.
```

CONFIDENTIAL                                       EIG_KEP_00288478

```
                                                     Page 166
 1                    C E R T I F I C A T E
 2              I do hereby certify that the aforesaid
 3     testimony was taken before me, pursuant to
 4     notice, at the time and place indicated; that
 5     said deponent was by me duly sworn to tell the
 6     truth, the whole truth, and nothing but the
 7     truth; that the testimony of said witness was
 8     taken by me in stenotypy and thereafter reduced
 9     to typewriting under my direction; that said
10     statement is a true record of the proceedings;
11     that I am neither counsel for, related to, nor
12     employed by any of the parties to the action in
13     which this statement was taken; and, further,
14     that I am not a relative or employee of any
15     counsel or attorney employed by the parties
16     hereto, nor financially or otherwise interested
17     in the outcome of this action.
18
19
20
21
22             CHRISTINA S. HOTSKO, RPR, CRR
```

CONFIDENTIAL                                        EIG_KEP_00288519